KLEIN LLC
225 W. 14TH STREET
SUITE 100
WILMINGTON, DE 19801
WWW.KLEINLLC.COM

**Julia B. Klein**  (302) 438-0456
Attorney at Law  klein@kleinllc.com

December 29, 2021

**VIA CM/ECF AND BY EMAIL**
The Honorable J. Kate Stickles
United States Bankruptcy Court
District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

  **Re:**   *In re: NLG, LLC,* **Case No. 21-11269 (JKS)**
     *Chris Kosachuk and Olga Solomatina v. Selective Advisors Group LLC and 9197-5904 Quebec, Inc.,* **Adv. No. 21-51264 (JKS)**
     <u>United States Bankruptcy Court for the District of Delaware</u>

Dear Judge Stickles:

  I write on behalf of Selective Advisors Group LLC and 9197-5904 Quebec, Inc., the Defendants in the referenced adversary proceeding, as well as in my capacity as an officer of this Court to (a) advise of certain discoveries and developments since the December 22, 2021, hearing, set forth seriatim below, and (b) request a telephonic conference as a result of those discoveries and developments. As the Court will recall, Mr. Chris Kosachuk appeared at the hearing on behalf of himself as the petitioning creditor that had placed NLG, LLC (the "<u>Company</u>") into an involuntary chapter 7 bankruptcy.

  <u>First</u>, following Mr. Kosachuk's representations to the Court that the Company was an active limited liability company organized under the laws of the State of Delaware, I consulted the records of the Delaware Secretary of State, Division of Corporations, and obtained information regarding the Company's status. As the Court will see on **Exhibit A**, the search results for the word "NLG," there are three Delaware companies by the name of NLG, LLC. **Exhibit B** shows the status of these three entities: two are void for failure to appoint a registered agent and failure to pay franchise taxes; one, formed in 2020, is in good standing. Given that the judgment against the Company (**Exhibit C**) that allegedly precipitated Mr. Kosachuk's actions[1] dates back to

---

[1]   While Mr. Kosachuk's petition alleges he is a creditor of the Company, the petition is bereft of any information concerning his alleged creditor status.

February 16, 2012 (the "Judgment"),[2] the company in good standing cannot be the Company in bankruptcy, nor the entity formed on November 9, 2012.

Second, I reached out to Kevin Dunn, the process server the Court noted served Mr. Kosachuk's involuntary petition on the Company (D.I. 8). Mr. Dunn emailed me a copy of his affidavit of service containing the address where Mr. Kosachuk had asked him to serve the Company. The updated affidavit of service the Court requested is enclosed as **Exhibit D** and shows that address to be 8 The Green, Dover, Delaware 19901. While there is a company that offers virtual office space at that location (**Exhibit E**), as noted above, the Company has no registered agent, either at that address, or at all. Proper service on the Company thus could not have been made at the address where Mr. Kosachuk asked to have it served.[3]

Third, I was contacted by Olga Solomatina in response to my clients' filings in the adversary proceeding, which were served on her at the address indicated in the signature block of the adversary complaint. Ms. Solomatina informed me that she has no knowledge of the bankruptcy matters in this Court, that she does not reside at that address, and that she never authorized the filing of the adversary complaint. See **Exhibit B**.

Fourth, Mr. Kosachuk has initiated garnishment proceedings against my firm on account of the Judgment in the United States District Courts for the Districts of Delaware[4] and the Eastern District of Pennsylvania,[5] even though Mr. Kosachuk put the validity of the Judgment at issue in the adversary complaint, invoking this Court's jurisdiction, and, at paragraph 18, acknowledges that the Judgment was satisfied in 2015. (Today he emailed me asking to take my deposition in connection with the garnishment.)

Fifth, even though the Company presently is in bankruptcy before this Court, Mr. Kosachuk, today, on behalf of the Company, moved to transfer a Florida District Court action (pending since 2018) in which it is the plaintiff without Court authorization and in violation of the automatic stay. The motion is enclosed as **Exhibit G**.

---

[2] This is alleged in the adversary complaint against my clients, by which Mr. Kosachuk seeks to avoid the Judgment.

[3] Even if the Company had been properly served, as Mr. Kosachuk knows, it would have no opportunity/means to respond to the involuntary petition. Mr. Kosachuk, who is the sole director of the Company he put into bankruptcy, represented to the Court that the Company had no funds for a voluntary chapter 7. If the Company has no funds for a chapter 7 case, it has no funds to retain counsel to respond to the involuntary petition (and counsel it would need, because a company cannot proceed *pro se*).

[4] C.A. No. 21-520 (UNA).

[5] C.A. No. 18-212 (CDJ).

In light of the foregoing developments, I respectfully request a status conference with the Court and all interested parties.

                Respectfully submitted,

                */s/ Julia Klein*

                Julia B. Klein (DE 5198)

Enclosures