# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NLG, LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 21-11269-JKS |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SELECTIVE ADVISORS GROUP, LLC, <br><br> Defendant. | Adv. No. 22-50086 (JKS) <br><br> **Hearing Date: May 17, 2022 at 9:00 a.m. ET** <br> **Objections Due: May 6, 2022 at 4:00 p.m. ET** |

## MOTION FOR ORDER HOLDING ADVERSARY PROCEEDING IN ABEYANCE

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC ("NLG" or the "Debtor"), by and through his counsel, Fox Rothschild LLP, hereby respectfully requests the entry of an order holding the above captioned adversary proceeding in abeyance until further order of the Court (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion is Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RECITALS

4. On September 24, 2021 (the "Petition Date"), Christopher Kosachuk ("Kosachuk") filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. Prior to the Petition Date, on April 10, 2018, Kosachuk, on behalf of NLG, commenced an adversary proceeding in the U.S. District Court for the Southern District of Florida (the "Florida District Court") captioned as *NLG, LLC v. Selective Advisors Group, LLC*, Case No. 1:18-cv-21398 (the "Adversary Proceeding").

6. Separately, on November 8, 2021, Kosachuk commenced a second adversary proceeding in the Bankruptcy Court captioned as *Chris Kosachuk, et al., v. 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC* (the "Dismissed Adversary Proceeding").

7. On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor [D.N. 10].

8. On the same day, the United States Trustee appointed the Trustee as the interim Chapter 7 trustee, which appointment remains in effect [D.N. 8].

9. On January 18, 2022, the Florida District Court entered an Order transferring the Adversary Proceeding to the United States District Court for the District of Delaware, who then referred the Adversary Proceeding to the Bankruptcy Court, where it is currently pending.

10. On March 28, 2022, the Bankruptcy Court entered an *Order Approving Stipulation Dismissing Complaint Without Prejudice* [D.N. 55], thereby dismissing the Dismissed Adversary Proceeding, without prejudice, to give the Trustee sufficient time to investigate the merits of the underlying disputes and determine the best course of action to maximize creditor recovery.

11. For similar reasons, the Trustee hereby requests the Bankruptcy Court hold the Adversary Proceeding in abeyance until further order of the Court. Doing so will give the Trustee sufficient time to continue his investigation into the complex disputes between the parties, and then make an informed decision as to strategy moving forward.

## RELIEF REQUESTED

12. By and through this Motion, the Trustee seeks entry of an order holding the Adversary Proceeding in abeyance until further order of the Court.

## BASIS FOR RELIEF

13. The Bankruptcy Court has broad authority to take any action necessary or appropriate to prevent an abuse of process. See Marrama v. Citizen Bank of Mass., 549 U.S. 365, 375 (2007) (citing Section 105 (a) of the Bankruptcy Code).

14. Likewise, the Bankruptcy Court has broad authority to manage the pretrial phase of litigation, particularly in discouraging wasteful pretrial activities, facilitating settlement, and improving the quality of the trial through more thorough preparation. See Bankruptcy Rule 7016 (incorporating Fed. R. Civ. P. 16(a) and the Advisory Committee Notes).

15. As the Bankruptcy Court knows, the Adversary Proceeding involves complicated legal and factual issues, and has a convoluted procedural history that spans over 12 years. The Trustee has made meaningful progress in understanding each of these issues. However, the Trustee's investigation has not yet concluded, as additional documentation and information is

3
133068993.1

necessary to complete his analysis. To this end, the Trustee is in the process of making certain requests for information and documentation, as well as seeking testimony from related parties. To the extent these parties sufficiently satisfy the requests, the Trustee will be in a better position to assess the value, if any, of the Adversary Proceeding to creditor recovery. And if the Trustee ultimately determines that continued prosecution of the Adversary Proceeding is not in the estate's best interest, holding the Adversary Proceeding in abeyance until further order will prevent the unnecessary waste of significant judicial and private resources.

## **NOTICE**

16. Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) Christopher Kosachuk; (c) counsel for Selective Advisors Group LLC and 9197-5904 Quebec, Inc.; and (d) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is sufficient, and that no other or further notice is necessary or required. The Trustee requests that the Court find that such notice is adequate and proper.

*[Remainder of page left intentionally blank]*

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order holding the Adversary Proceeding in abeyance until further order of the Court; and granting such other and further relief as is equitable and just.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: _/s/ Seth A. Niederman_
Seth A. Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated: April 22, 2022

*Counsel for Alfred T. Giuliano,*
*Chapter 7 Trustee for the estate of NLG, LLC*

5