# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NLG, LLC, <br><br>　　　　　　Debtor. | Chapter 7 <br><br> Case No. 21-11269-JKS <br><br> **Hearing Date: TBD** <br> **Objection Deadline: TBD** |

## MOTION FOR EXAMINATION AND PRODUCTION OF DOCUMENTS UNDER FED. R. BANKR. P. 2004

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC ("NLG" or the "Debtor"), by and through his counsel, Fox Rothschild LLP, requests the entry of an order under Fed. R. Bank. P. 2004 compelling (i) the attendance of Liza Hazan ("Hazan") for examination and (ii) the production of documents (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

1.　The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage on a multi-million-dollar property. The Trustee now seeks to examine Hazan—the current owner of the property—to evaluate what claims, if any, the Debtor's estate may hold.

### JURISDICTION

2.　The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3.　Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion is Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## FACTUAL BACKGROUND

5. On September 24, 2021 (the "Petition Date"), Christopher Kosachuk ("Kosachuk") filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

6. On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor. [D.N. 10].

7. On the same day, the United States Trustee appointed the Trustee as the interim Chapter 7 trustee, which appointment remains in effect. [D.N. 12].

8. Before the Petition Date, Kosachuk formed the Debtor to facilitate the sale of real property located at 6913 Valencia Drive, Fisher Island, Florida (the "Property") to Hazan. Upon information and belief, the Property is Hazan's primary residence.

9. To fund her purchase of the Property, Hazan executed a promissory note in favor of NLG in the original principal amount of $1,275,000.00, as well as a purchase money mortgage to secure the debt. Shortly after the transaction, however, Hazan defaulted under the promissory note for failure to make payments.

10. What started as a simple foreclosure action eventually spiraled into extensive, multi-jurisdictional litigation spanning more than a decade. According to NLG's prepetition filings, this spiraling was triggered by Hazan obtaining allegedly fraudulent judgments to set off the amounts owed to NLG while the foreclosure proceedings were pending. In other words, NLG

alleged that Hazan sought to wipe out the mortgage before NLG could foreclose on the Property. Hazan managed to accomplish this goal, according to NLG, which ultimately precipitated the NLG's bankruptcy case.

11. Since his appointment, the Trustee and his professionals have worked hard to understand the nature of the prepetition litigation, including the underlying facts and complex procedural posture. To this end, the Trustee reviewed hundreds of records and filings, and has had several discussions with various interested parties, including counsel for Hazan and the related shell companies. Having completed this initial review, the Trustee believes that wrongdoing may have occurred here, and therefore requires testimony and additional documents to decide whether the Debtor holds any claims that may provide value to creditors.

12. Accordingly, the Trustee sent correspondence to Hazan requesting her cooperation for an examination and turnover of records under Bankruptcy Rule 2004 (the "Hazan 2004 Letter").[1]

13. Counsel for Hazan responded to the Hazan 2004 Letter with a blanket refusal to cooperate in any capacity on grounds that any claim the Trustee may bring has no merit, is barred by prior court orders, and is otherwise equitably moot. Counsel added that the Trustee's failure to withdraw the request would result in a motion for a protective order in Hazan's personal chapter 11 bankruptcy case,[2] which is pending in the United States Bankruptcy Court for the Southern District of Florida under a confirmed chapter 11 plan.

---

[1] A copy of the Hazan 2004 Letter is attached as **Exhibit "A"** an incorporated by reference here.
[2] Hazan's personal bankruptcy case was filed on the eve of a foreclosure sale on the Property.

14. The Trustee therefore files this Motion for entry of an order under Fed. R. Bank. P. 2004 compelling (i) the attendance of Hazan for examination and (ii) the production of documents identified in the Hazan 2004 Letter.

**RELIEF REQUESTED**

15. By and through this Motion, the Trustee seeks entry of an order under Fed. R. Bank. P. 2004 compelling (i) the attendance of Hazan for examination and (ii) the production of documents identified in the Hazan 2004 Letter.

**BASIS FOR RELIEF**

16. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

17. Bankruptcy Rule 2004 also provides that:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(b).

18. The purpose of a Rule 2004 examination is to "discover the nature and extent of the bankruptcy estate" to distribute Debtor's assets to benefit its creditors. In re Washington Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009).

19. "Legitimate goals of Rule 2004 examinations include 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" Id. (quoting In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

20. Potential examinees include "third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy

4

estate." In re E.W. Resort Dev. V, L.P., L.L.L.P., 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014) (citations omitted).

21. "Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute," the scope of Rule 2004 is broad and unfettered and has been likened to a "fishing expedition" and "an inquisition." In re Millenium Lab Holdings II, LLC, 562 B.R. 614, 626 (Bankr. D. Del. 2016).

22. Although the Trustee does not have an absolute right under Bankruptcy Rule 2004, a request for examination and production of records should be denied ***only*** if the competing interests of the examinee outweighs the relevance of, and necessity of, the information sought by examination. Id.

23. The Trustee's request for Hazan's examination and production of documents falls squarely within the confines of Bankruptcy Rule 2004. As the Bankruptcy Court knows, the Trustee has a fiduciary obligation to the Debtor's estate and its creditors to investigate and pursue any causes of action that may provide a return to creditors. Failure to examine Hazan and review the requested documents would be a dereliction of this duty, particularly given the suspicious filings and circumstances of the prepetition litigation.

24. For example, the extinguishment of the Debtor's prepetition mortgage on the Property stems from a confession of judgment entered against the Debtor and in favor of 9197-5904 Quebec, Inc. ("Quebec")[3] in New York state court in the amount of $5,000,225.00 (the "Confession of Judgment").[4] Just a cursory review of the Confession of Judgment would give any

---

[3] Upon information and belief, Quebec is a Canadian entity wholly owned by Raymond Houle, a friend of Hazan and Hazan's husband, Sean Meehan. Upon further information and belief, Quebec does no business and was formed solely to hold and execute upon the Confession of Judgment.

[4] A copy of the Confession of Judgment is attached as **Exhibit "B"** and incorporated by reference here.

competent attorney pause. Aside from the confession amount being just enough to set off the mortgage (including accrued interest), and aside from the basis of the Confession of Judgment being an *alleged* tort, the Confession of Judgment was filed with an Affidavit of Raymond Houle (the "Houle Affidavit"), who claimed he was "the Manager and duly authorized agent of the [Debtor] and is duly authorized to make this Affidavit on behalf of the [Debtor]."

25. The Houle Affidavit was filed under penalty of perjury, and the Confession of Judgment was filed under certification by attorney Darius A. Marzec, Esq.[5] Upon information and belief, Mr. Houle was never the Manager and duly authorized agent of the Debtor.

26. The Houle Affidavit also listed the Debtor's address as 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309. Upon information and belief, the Debtor was not, and has never been, located at that address, which may have been listed in the Confession of Judgment solely to avoid proper service on the Debtor.[6]

27. As for Hazan, the Trustee has reviewed transcripts of Mr. Houle's testimony in a prepetition state court proceeding brought by the Debtor, where he testified that Ms. Hazan promised to pay Mr. Houle $200,000 for his role:

Q: Weren't you promised $200,000 by Ms. Hazan?

A: Yes.

Q: And what was that for?

A: For satisfying some judgment she has with NLG.

See NLG, LLC v. Darius A. Marzec, et al., (Pa. Ct. Comm. Pls. 2012), Transcript of Deposition of Raymond Houle, P. 19.

---

[5] Mr. Marzec also served as the notary public for the Confession of Judgment.
[6] In related state court proceedings, Quebec was admonished by the court for "avoiding giving actual notice" of a filing by including an improper address for the Debtor.

28. As the main beneficiary, Hazan was intimately involved with the events that led to the mortgage satisfaction.

29. Hazan will respond by trying to turn this motion into an argument of the merits of the Trustee's potential claims. They will do so by arguing that several courts have already ruled on these issues, that the statute of limitations has run on any potential claims, and that the Property is outside the reach of the Trustee's powers given Hazan's personal bankruptcy case. The Trustee will dispute these arguments at the appropriate time, but none of it is relevant for purposes of this Motion.

30. Jurisprudence on examination requests under Bankruptcy Rule 2004 is clear and straight forward. The Trustee seeks more information about potential assets of the estate, more information about the transactions underlying the prepetition litigation, and additional information to determine whether wrongdoing has occurred. These are all "legitimate goals" of an examination under Bankruptcy Rule 2004. In re Washington Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Del. 2009). And Hazan will suffer no unique prejudice beyond the burden of examinations generally. This is especially true since the examination can be performed through video conference.

31. Given the many red flags here, it is incumbent upon the Trustee to investigate thoroughly exactly what happened, both in the interests of the Debtor and its creditors, and the interests of ensuring judicial integrity. Hazan must be examined.

**CERTIFICATION OF COUNSEL UNDER LOCAL RULE 2004**

32. Undersigned counsel hereby certifies that the Trustee attempted to confer with Hazan and her counsel, but no conference was held due to Hazan's refusal.

## NOTICE

33. Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) Christopher Kosachuk; (c) counsel for Hazan; and (d) all parties requesting notice in this proceeding under Bankruptcy Rule 2002. The Trustee submits that such notice is sufficient, and that no other or further notice is necessary or required. The Trustee requests that the Court find that such notice is adequate and proper.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order under Fed. R. Bank. P. 2004 compelling (i) the attendance of Hazan for examination and (ii) the production of documents identified in the Hazan 2004 Letter; and (iii) further relief as is equitable and just.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated: May 6, 2022

*Counsel for Alfred T. Giuliano,
Chapter 7 Trustee for the estate of NLG, LLC*