## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                                    Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                              Chapter 7 Pending Conversion to Chapter 11
Debtor

_____/

CHRIS KOSACHUK

    Plaintiff

v.                                                        Adversary Case No. 22-ap-

9197-5904 QUEBEC, INC.

&

SELECTIVE ADVISORS GROUP, LLC

    Defendants

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Chris Kosachuk, ("Plaintiff" or "Kosachuk"), files this Complaint for Declaratory Judgment to cancel the Judgment by Confession indebtedness of $5,000,225.00 *nunc pro tunc* to date of entry of February 22, 2012 in a case from New York State Court captioned as *9197-5904 Quebec, Inc. v. NLG, LLC,* Index No. 2012-101875. In support thereof, Plaintiff avers as follows:

### INTRODUCTION

1.    This is an action to cancel the Judgment by Confession indebtedness of $5,000.225.00 obtained by 9197-5904 Quebec, Inc. (herein "Quebec") and assigned to Selective Advisors Group, LLC, in a case from New York State Court captioned as *9197-*

*5904 Quebec, Inc. v. NLG, LLC,* Index No. 2012-101875.

2.        Quebec is the predecessor and alter-ego of Selective Advisors Group, LLC ("Selective"). Quebec obtained and recorded a void $5 million Judgment by Confession on February 22, 2012 in New York County, New York, attached hereto as Exhibit 1 (the "Judgment by Confession").

3.        On April 21, 2014, Quebec domesticated the Judgment by Confession in Miami-Dade County, Florida.

4.        On June 17, 2014, in New York, Quebec assigned the Judgment by Confession to Selective for no consideration. Attached hereto as Exhibit 2 is a true and correct copy of the assignment.

5.        On September 4, 2015, Selective voluntarily recorded a satisfaction of the Judgment by Confession. Attached hereto as Exhibit 3 is a true and correct copy of the New York County Clerk's Certificate of Disposition and Satisfaction of the Judgment by Confession recorded by counsel of record for Selective in New York. Selective offered the New York court no explanation for the satisfaction, nor did the New York court make any finding before accepting the satisfaction and dismissing the case.

6.        Plaintiff seeks a declaration that the $5,000,225.00 indebtedness caused by the Judgment by Confession is cancelled *nunc pro tunc* to date of entry of February 22, 2012.

7.        Although the Judgment by Confession has been "satisfied" with the New York court, an actual controversy exists within this Court's jurisdiction as Selective has continued to pursue collection efforts in the State of Florida, even after recording a satisfaction and continues to enforce and defend this void Judgment by Confession to date.

## PARTIES

8.     NLG is a Delaware Limited Liability Company and a Chapter 7 debtor with a pending motion to convert to Chapter 11 in this Court.  [*See In Re NLG, LLC* Case No. 21-11269-JKS D.I. 71].

9.     Kosachuk is the largest creditor of NLG, its primary lender and its owner.

10.     9197-5904 Quebec, Inc. is a Canadian shell company.

11.     Selective is a Delaware Limited Liability Company, a shell company and the alter-ego of Quebec.

## VENUE AND JURISDICTION

12.     Jurisdiction is proper in this Bankruptcy Court under pursuant to 28 U.S.C. §§157, 1334 and 2201 and Bankruptcy Rule 7001 *et seq.* (Adversary Proceedings).

13.     This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (O).

14.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) and 28 U.S.C. §1409.

15.     An actual case or controversy has arisen between the parties and continues to this date.

## FACTUAL BACKGROUND

16.     On January 4, 2012, Quebec, filed and recorded an affidavit of Raymond Houle (drafted by Attorney Darius A. Marzec) in Pennsylvania in order to domesticate a New York judgment against Chris Kosachuk individually and NLG (the "Lorret Judgment"). Attached as Exhibit 4 is a copy of the affidavit and the Lorret Judgment. The Lorret Judgment listed NLG in the caption, but the Lorret Judgment was only against Chris Kosachuk

individually.

17.    However, Quebec and its Attorney, Darius A. Marzec, misrepresented who the judgment debtors were and misled the Pennsylvania Court into recording the Lorret Judgment against Kosachuk and NLG without notice to either.

18.    Quebec, through Attorney Marzec, then sought a charging order with management rights to NLG without any service or notice to NLG or Kosachuk, even though both Pennsylvania and Delaware law specifically prohibit a judgment creditor from taking over the management of an LLC. [See 15 Pa.C.S. § 8924 and DEL §18-703]. Furthermore, even if valid, the Charging Order should have been limited to collecting the amount due under the Lorret Judgment, which was the relief requested in Quebec's motion for charging order, to wit: $105,375.78, plus costs of $1,050.00, and interest. The Charging Order never authorized the entry of the Judgment by Confession nor did the Motion for Charging Order ever request such relief.

19.    Using those wrongfully and dubiously obtained management rights, on February 22, 2012, Raymond Houle, the President of **plaintiff** Quebec, executed an affidavit (drafted, notarized and recorded by Attorney Marzec) confessing judgment on behalf of **defendant** NLG, pretending to be the manager and authorized representative of NLG.

20.    The affidavit of confession failed to disclose Houle's role as president of Plaintiff Quebec, or that his claimed authority to act for NLG was based on the undisclosed Pennsylvania charging order. [See Exhibit 1].

21.    Indeed, the affidavit of confession does not comply with CPLR 3218, the New York judgment by confession statute, as it contains none of the required information and is based on a tort claim of fraud and abuse of process when the statute only allows entry on

"debts". [*See* New York Civil Practice Law & Rule Article 32 – Accelerated Judgment – CPLR 3218].

22.     Attorney Marzec, who is also the attorney of record in Florida and New York for Elizabeth Hazan, a/k/a Liza Hazan, acted as Houle and Quebec's lawyer in New York and Pennsylvania.

23.     On the Judgment by Confession, Houle and Attorney Marzec provided NLG's address as 6499 North Powerline Road, Suite 304, Fort Lauderdale, FL 33309. However, this address is the address of Quebec's Florida attorney, Arthur R. Rosenberg, thus ensuring that the Judgment by Confession would not be served on NLG even when recorded with the New York County Clerk as the notice from the New York County Clerk would be mailed to this Florida address not NLG's address in Pennsylvania.

24.     NLG immediately moved to vacate the Lorret Judgment wrongfully entered against it in Pennsylvania and the Pennsylvania Charging Order which relief was granted. In a scathing opinion entered an Order on May 1, 2012, the Honorable Edward Griffith of the Pennsylvania Court clearly set out in a long footnote the wrongful entry of the Lorret Judgment against NLG and how Attorney Marzec and Quebec "*misled this court about the nature of the judgment*" and gave notice to the address "*calculated to be least likely to provide actual notice*". Attached hereto as Exhibit 5 is the Pennsylvania Vacatur Order. At this time, neither Plaintiff nor NLG even knew about the Judgment by Confession.

25.     Quebec did nothing to enforce the Judgment by Confession for over two years, until April 21, 2014, when Quebec domesticated the Judgment by Confession in Miami-Dade County under Case Number 14-10475-CA-0. The case was assigned to the Honorable Peter Lopez.

26.     On September 4, 2015, Selective recorded a satisfaction of the Judgment by Confession, stating: "WHEREAS said judgment [the Judgment by Confession] has been paid in full (Plaintiff has accepted a partial payment that is hereby deemed as payment in full satisfaction of the judgment) on September 1, 2015 and the amount of $0.00 remains unpaid… THEREFORE, full satisfaction of the judgment is hereby acknowledged and said Clerk is hereby authorized and directed to make entry of said satisfaction on the docket of said judgment. [*See* Exhibit 2 p. 3].

27.     This satisfaction has never been rescinded or vacated by the New York Court or any other court.

28.     Pursuant to the satisfaction of Judgment by Confession, NLG successfully moved to dismiss the Florida domestication pending before Judge Lopez. The Order of Dismissal is attached as Exhibit 6.

29.     Although the Judgment by Confession has been "satisfied" with the New York court and dismissed by the Florida state court, an actual controversy exists within this Court's jurisdiction as Selective has continued to pursue collection efforts in the State of Florida by first attempting to intervene in NLG's foreclosure action against Hazan, the now ex-wife of Selective's sole owner. This foreclosure was based on a mortgage executed by Hazan in favor of NLG, which the Third District Court of Appeal had ordered enforced by a mandate issued on November 25, 2014. The mandate and opinion of the Third District are attached as Exhibits 7.

30.     On December 1, 2015, Circuit Court Judge Monica Gordo relied on the satisfaction of the Judgment by Confession to enter an Order Granting Foreclosure in which she denied Selective's motion to intervene and substitute in place of Plaintiff NLG. The Order

Granting Foreclosure is attached as Exhibit 8. The Order Granting Foreclosure also ruled that even if the Judgment by Confession were still outstanding, it was void as it was obtained in violation of NLG's rights to due process. [*See* Order Granting Foreclosure, p. 13].

31.      Judge Gordo's Order Granting Foreclosure was followed by a Final Judgment of Foreclosure [*See* Exhibit 8], which was appealed by Hazan to the Third District Court of Appeal, but was subsequently dismissed, resulting in the sanctions award discussed below in paragraphs 36 and 37.

32.      In order to stay the foreclosure auction scheduled for January 12, 2016, Hazan filed bankruptcy the night before on January 11, 2016. [*See In Re Hazan,* Case No. 16-10389-AJC – SDFL Bankruptcy Court].

33.      On January 3, 2017, Selective and Hazan filed a Third Amended Complaint, attached hereto as Exhibit 9, in the adversary proceeding (the "Cristol Adversary") in the Southern District of Florida, again asserting rights pursuant to the Judgment by Confession.

34.      On November 1, 2017, the Florida Bankruptcy Court entered a Final Judgment (the "Cristol Judgment" and attached hereto as Exhibit 10) which voided NLG's lien by offsetting NLG's legitimate $4,876,654.29 Final Judgment of Foreclosure against the void $5,000,225.00 Judgment by Confession, even finding that NLG still owed Selective the difference of $123,570.71.

35.      Despite the satisfaction, Selective later claimed the balance due on the Judgment by Confession of $123,570.71 pursuant to the Cristol Judgment on May 24, 2019 in Selective's own bankruptcy filing, which is attached hereto as Exhibit 11.

36.      Despite the satisfaction, on May 31, 2019, Selective filed a renewed motion to intervene in Hazan's foreclosure case to claim entitlement to fees previously awarded to NLG

as sanctions against Hazan and her appellate lawyer for filing a frivolous appeal of the foreclosure judgment. The renewed motion also sought to substitute Selective as plaintiff in the foreclosure action. This renewed motion to intervene is attached as Exhibit 12.

37.    The Order granting this renewed motion to intervene is attached hereto as Exhibit 13 and allowed Selective to convert NLG's sanctions award based on the Judgment by Confession for its own benefit and Ms. Hazan's.

38.    No court has ever ruled that the Judgment by Confession was properly entered and is a valid judgment. Indeed, in the Order Granting Foreclosure, Judge Gordo found it to be a void judgment.

## COUNT ONE – CANCELLATION OF THE INDEBTEDNESS CAUSED BY THE JUDGMENT BY CONFESSION NUNC PRO TUNC TO DATE OF ENTRY OF FEBRUARY 22, 2012

39.    To the extent applicable, Plaintiff incorporates by reference the allegations contained in paragraphs 1 to 38 of this Complaint as if fully rewritten herein.

40.    18 U.S.C. 157 reads: "A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so (2)  files a document in a proceeding under title 11 or (3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both."

41.    Quebec, Selective and their Attorney Julia Klein have filed the void Judgment by Confession in a related adversary proceeding and have attempted to mislead this court that it is a valid judgment when it is a void judgment.  In A.D.I. 6 from case number 22-ap-50086-

JKS, Selective's Cross Motion to Dismiss, in paragraph 1, reads:

> On February 22, 2012, more than 10 years ago, a Judgment was entered by the New York Supreme Court (the "Judgment") in the amount of $5,000,225 in favor of 9197-5904 Quebec, Inc. ("Quebec") and against Debtor NLG. Quebec then assigned the Judgment to Selective in 2014 (the "Quebec Judgment"). The Quebec Judgment is attached as **Exhibit 1.**

42.     Trying to pass the void Judgment by Confession off as legitimate is a violation of 18 U.S.C. 157 and as such, pursuant to 11 U.S.C 105(a), this Bankruptcy Court has the authority to cancel the indebtedness caused by this Judgment by Confession *nunc pro tunc* to date of entry of February 22, 2012.

**WHEREFORE**, Plaintiff respectfully requests a Final Judgment against Defendants, 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC, A Delaware Limited Liability Company, and enter judgment as follows:

1.     Cancelling the $5,000,225.00 indebtedness caused by the Judgment by Confession *nunc pro tunc,* to date of entry of February 22, 2012 in the New York State Court case captioned as *9197-5904 Quebec, Inc. v. NLG, LLC*, Index No. 2012-101875.

2.     Enter a judgment awarding Plaintiff all attorney's fees, court costs, disbursements and other such relief this Honorable Court finds appropriate.

Dated:   September 26, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

| B 104 | **ADVERSARY PROCEEDING COVER SHEET** | ADVERSARY PROCEEDING NUMBER |
| (Rev. 5/00) | (Instructions on Reverse) | (Court Use Only) |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Chris Kosachuk | 9197-5904 Quebec, Inc. & Selective Advisors Group, LLC |

2022 SEP 26   PM 2: 56   FILED
US BANKRUPTCY COURT
DISTRICT OF DELAWARE
CLERK

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Chris Kosachuk, Pro Se, 854 Pheasant Run Rd. West Chester, PA 19382-8144 chriskosachuk@gmail.com   (305) 490-5700 | |

**PARTY** (Check one box only)    __ 1 U.S. PLAINTIFF    __ 2 U.S. DEFENDANT    X 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Declaratory Judgment to cancel the Judgment by Confession indebtedness of $5,000,225.00 nunc pro tunc to date of entry of February 22, 2012 in a case from New York State Court captioned as 9197-5904 Quebec, Inc. v. NLG, LLC, Index No. 2012-101875

**NATURE OF SUIT**
(Check the one most appropriate)

| | | |
|---|---|---|
| __ 454 To Recover Money or Property | __ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | X 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| __ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | __ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | __ 459 To determine a claim or cause of action removed to a bankruptcy court |
| __ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | __ 434 To obtain an injunction or other equitable relief | __ 498 Other (specify) |
| __ 424 To object or to revoke a discharge 11 U.S.C. § 727 | __ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| **ORIGIN OF PROCEEDINGS** (Check One Box Only) | X 1 Original Proceeding | __ 2 Removed Proceeding | __ 4 Reinstated or Reopened | __ 5 Transferred from Another Bankruptcy Court | __ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND** | NEAREST THOUSAND XXX.XX | OTHER RELIEF SOUGHT | JURY DEMAND No |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| NLG, LLC | 21-11269-JKS |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Delaware | | Stickles |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| NLG, LLC | Selective Advisors Group, LLC | 22-ap-50086-JKS |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Delaware | | Stickles |

| FILING FEE (Check one box only.) | X FEE ATTACHED | __ FEE NOT REQUIRED | __ FEE IS DEFERRED |
|---|---|---|---|

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| 9/26/22 | Chris Kosachuk | |

**Local Form 109**