# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | Related to D.I. 84 |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SELECTIVE ADVISORS GROUP, LLC,<br><br>Defendant. | Adv. No. 22-50086 (JKS)<br><br>Related to D.I. 32<br><br>**Hearing Date: October 25, 2022 at 10:30 a.m. ET**<br>**Objections Due: October 14, 2022 at 4:00 p.m. ET** |

**NOTICE OF FILING OF EXHIBIT "E" TO MOTION FOR AN ORDER APPROVING AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND LIZA HAZAN**

PLEASE TAKE NOTICE that Alfred T. Giuliano, Chapter 7 Trustee, hereby files **Exhibit "E"** to the *Motion for an Order Approving Agreement By and Among the Chapter 7 Trustee and Liza Hazan*, filed on September 30, 2022, in Case No. 21-11269 at Docket No. 84, and in Adversary Proceeding No. 22-50086 at Docket No. 32.

*[Signatures on following page]*

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated: September 30, 2022

*Counsel for Alfred T. Giuliano,*
*Chapter 7 Trustee for the estate of NLG, LLC*

138536949.1

# Exhibit "E"

# EXHIBIT 12

19-4169
*Kosachuk v. Selective Advisors Group, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty.

PRESENT:
    RICHARD J. SULLIVAN,
    MICHAEL H. PARK,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

---

Chris Kosachuk,

        *Plaintiff-Appellant,*

NLG, LLC, a Delaware Limited
Liability Company,

        *Intervenor,*

v.                                                            No. 19-4169

Selective Advisors Group, LLC,

        *Defendant-Appellee.*

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | CHRIS KOSACHUK, *pro se*, West Chester, PA. |
| FOR DEFENDANT-APPELLEE: | THOMAS E. BUTLER (Nicole A. Sullivan, *on the brief*), White and Williams LLP, New York, NY. |

Appeal from orders of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **VACATED IN PART** and **AFFIRMED IN PART** and the case is **REMANDED** to the district court with instructions to enter a judgment dismissing the action.

Appellant Chris Kosachuk, proceeding *pro se*,[1] appeals both the district court's order dismissing his complaint on *Rooker-Feldman* and time-bar grounds and its subsequent order denying Kosachuk's motion for reconsideration. Kosachuk is the founder and sole manager of NLG, LLC ("NLG"), a Delaware

---

[1] We give "special solicitude" to *pro se* litigants, meaning that we liberally construe their submissions "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted).

limited liability company originally formed for the purpose of acquiring a house in Florida. In May 2019, Kosachuk brought this action to challenge a 2012 New York state-court judgment in favor of Selective Advisors Group, LLC ("Selective") against NLG, arguing that the judgment was procured by fraud and without notice.[2] In addition to being NLG's manager, Kosachuk is also its largest creditor, and it is in that capacity that he seeks to have the judgment voided.

The district court granted Selective's motion to dismiss the action as barred by the *Rooker-Feldman* doctrine, reasoning that Kosachuk was effectively attempting to appeal the 2012 state-court judgment in federal court. Alternatively, the court noted that, even if it did have jurisdiction over the action, Kosachuk's claim would be time-barred under the applicable six-year statute of limitations. Kosachuk later moved for reconsideration, which the district court denied. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's decision to dismiss a case on *Rooker-Feldman* or time-bar grounds. *See Cho v. City of New York*, 910 F.3d 639, 644

---

[2] The judgment was originally obtained by 9197-5904 Quebec, Inc., which later assigned the judgment to Selective.

3

Case 21-11269-JKS    Doc 85    Filed 09/30/22    Page 7 of 15

(2d Cir. 2018) (*Rooker-Feldman*); *Orminston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (statute of limitations). A district court's denial of reconsideration is reviewed only for abuse of discretion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "Because *Rooker-Feldman* goes to subject-matter jurisdiction," *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005), we are obligated to consider it first, *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (acknowledging that "most limitations periods are non-jurisdictional affirmative defenses").

Under *Rooker-Feldman*, federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). By state-court losers, we mean just that: the losing parties to the original state court proceeding. In *Lance v. Dennis*, the Supreme Court stated emphatically that *Rooker-Feldman* should not be stretched to cover those in privity with state-court losers because to do so would alchemize the doctrine into "preclusion by another name." 546 U.S. 459, 466

4

(2006). Here, the district court appears to have done precisely what the Supreme Court counseled against, having held that Kosachuk, though not a party to the state-court action, was "in privity with [NLG]" for "the purposes of *Rooker-Feldman.*" *Kosachuk v. Selective Advisors Grp., LLC*, No. 19-cv-4844 (DLC), 2019 WL 4805742, at *4 (S.D.N.Y. Sept. 30, 2019).

That is not to say, however, that there are not good arguments for why Kosachuk's complaint could conceivably fall prey to *Rooker-Feldman*. After all, Kosachuk is no run-of-the-mill agent or partner of NLG: he is its founder and sole manager (and apparently its largest creditor). Nor was Kosachuk a simple passive observer during the various state-court proceedings related to this judgment; to the contrary, he was actively engaged in the litigations and filed numerous affidavits on NLG's behalf. And had the district court concluded that Kosachuk is NLG's alter ego – which would entail a finding that Kosachuk and NLG are essentially one and the same – that potentially could have supplied a basis for invoking *Rooker-Feldman*. *See Lance*, 546 U.S. at 466 n.2 (suggesting that an exception to the state-court loser rule could exist for those who seek to stand in the shoes of a state-court loser even though they were not formally a party to the state action, such as "an estate [that] takes a *de facto* appeal in a district court of an

5

earlier state decision involving the decedent"). But the district court made no such finding, and on the record before us, we are hesitant to make it ourselves. *See, e.g., Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Custom Air Sys., Inc.,* 357 F.3d 266, 268 (2d Cir. 2004) (remanding to the district court to decide in the first instance whether two entities were alter egos). Among other things, that would require us to decide whether there was a "mingling of the operations of [NLG] and [Kosachuk]," *NetJets Aviation, Inc. v. LHC Commc'ns, LLC,* 537 F.3d 168, 176 (2d Cir. 2008),[3] a fact-intensive inquiry for which the district court is better suited.

So we are left with only the district court's conclusion that Kosachuk was in privity with NLG. Following *Lance*, that finding is insufficient to render Kosachuk a state-court loser for *Rooker-Feldman* purposes. And since, at the pleading stage, a plaintiff need demonstrate only "by a preponderance of the evidence" that subject matter jurisdiction exists, *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005), we cannot say that the district court lacked subject matter jurisdiction over this action.

---

[3] New York courts look to the law of the state of incorporation when engaging in an alter ego analysis. *See Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir. 1995).

6

Of course, the fact that the district court has jurisdiction does not mean that Kosachuk has raised a valid claim. Here, we agree with the district court's alternative holding that Kosachuk's claims are time barred.

Under New York law, a plaintiff must bring "an action based upon fraud" within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. 213(8); *see also Weinstein v. Pollack*, 617 N.Y.S.2d 344, 346 (2d Dep't 1994) (acknowledging that the statute of limitations applicable to an action to vacate a judgment by confession obtained through fraudulent means is N.Y. C.P.L.R. 213(8)). The judgment that Kosachuk challenges was entered in February 2012. And there is no question that Kosachuk was aware of the judgment by at least March 13, 2013; on that date, he filed a motion in a Pennsylvania state proceeding stating that it "ha[d] just come to [his] attention that [9197-5904 Quebec, Inc.] . . . recorded a judgment by confession against NLG[] . . . in the amount of $5,000,225.00 in New York." Suppl. App'x at 98, 100 (emphasis omitted). Nevertheless, Kosachuk waited until May 2019 (more than six years) to commence this action. Without question, then, Kosachuk's suit is time barred.

7

Kosachuk attempts to escape that outcome by recasting this action as something other than one for fraud. But that argument is inconsistent with his complaint – which expressly sought to void the New York judgment "on the basis of fraud," App'x at 21 – and, in any event, is irrelevant. While Kosachuk insists that his claim has no specific limitations period, he overlooks the fact that New York has a catchall limitations period that covers any "action[s] for which no limitation is specifically prescribed by law," which is also six years. N.Y. C.P.L.R. 213(1). And while C.P.L.R. 5015(a)(3) provides an alternative means of vacating a fraudulently obtained judgment that is not subject to any statutory limitations period, *see Mark v. Lenfest*, 914 N.Y.S.2d 141, 142 (1st Dep't 2011); *Aames Cap. Corp. v. Davidsohn*, 808 N.Y.S.2d 229, 230 (2d Dep't 2005), that provision clearly requires that the motion be made to "[t]he court [that] rendered [the] judgment or order," N.Y. C.P.L.R. 5015(a); *see Brenner v. Arterial Plaza, Inc.*, 287 N.Y.S.2d 308, 309 (3d Dep't 1968). Moreover, even though there is no defined limitations period for C.P.L.R. 5015, such claims still must be brought "within a reasonable time," and Kosachuk's more than six-year delay was plainly unreasonable. *See Sieger v. Sieger*, 859 N.Y.S.2d 240, 243 (2d Dep't 2008) (finding seven-year delay unreasonable); *Mark*, 914 N.Y.S.2d at 142 (finding four-year delay unreasonable).

8

During oral argument, Kosachuk asserted, for the first time, that this case is timely because Selective used the state-court judgment to assert a claim against NLG in 2017, despite the fact that Selective had previously declared the judgment to have been satisfied in full. According to Kosachuk, this makes 2017 the trigger date for any applicable limitations period. But Kosachuk waived (or certainly forfeited) this argument by failing to raise it in his briefs. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005); *see also Purcell v. N.Y. Inst. of Tech. – Coll. of Osteopathic Med.*, 931 F.3d 59, 62 n.9 (2d Cir. 2019). In addition, Kosachuk's pronouncement during oral argument is contradicted by the assertion in his reply brief that the supposed satisfaction of the judgment is "irrelevant in a statute of limitations analysis" and is useful only to "show[] bad faith" on the part of Selective. Kosachuk Reply at 16. Lastly, it bears noting that the relief requested by Kosachuk in his complaint is a declaration that the judgment was "void[] *ab initio*," Kosachuk Br. at 10, not a declaration that the judgment was valid but satisfied in full.

We have considered all of Kosachuk's remaining arguments and find them to be without merit. Accordingly, we **VACATE IN PART** and **AFFIRM IN**

9

Case 21-11269-JKS    Doc 85    Filed 09/30/22    Page 13 of 15

PART the orders of the district court and the case is REMANDED to the district court with instructions to enter a judgment dismissing the action.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*Catherine O'Hagan Wolfe*

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

| | |
|---|---|
| **DEBRA ANN LIVINGSTON**<br>**CHIEF JUDGE**<br>Date: September 15, 2020<br>Docket #: 19-4169cv<br>Short Title: Kosachuk v. Selective Advisors Group, LLC | **CATHERINE O'HAGAN WOLFE**<br>**CLERK OF COURT**<br>DC Docket #: 19-cv-4844<br>DC Court: SDNY (NEW YORK CITY)<br>DC Judge: Cote |

### BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
* be filed within 14 days after the entry of judgment;
* be verified;
* be served on all adversaries;
* not include charges for postage, delivery, service, overtime and the filers edits;
* identify the number of copies which comprise the printer's unit;
* include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
* state only the number of necessary copies inserted in enclosed form;
* state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
* be filed via CM/ECF or if counsel is exempted with the original and two copies.

# United States Court of Appeals for the Second Circuit
### Thurgood Marshall U.S. Courthouse
### 40 Foley Square
### New York, NY 10007

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

Date: September 15, 2020
Docket #: 19-4169cv
Short Title: Kosachuk v. Selective Advisors Group, LLC

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 19-cv-4844
DC Court: SDNY (NEW YORK CITY)
DC Judge: Cote

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for _____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the

_____

and in favor of

_____

for insertion in the mandate.

Docketing Fee           _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ ) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature