UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
2022 NOV -2 AM 10: 53

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                        Case No. 21-11269-JKS

NLG, LLC                                      Chapter 7
    Debtor,

_____/

### DECLARATION OF CREDITOR JUAN RAMIREZ IN SUPPORT OF MOTION TO CONVERT INVOLUNTARY CHAPTER 7 CASE TO VOLUNTARY CHAPTER 11 CASE

Creditor Juan Ramirez, *pro se*, hereby files this declaration in support of the pending motion to convert this involuntary Chapter 7 case to a voluntary Chapter 11 (the "Motion") pursuant to 11 U.S.C. §706(a) and Rule 1017 of the Federal Rules of Bankruptcy Procedure [D.I. 71]. In support, Mr. Ramirez states:

1. That I adopt and incorporate by reference the Motion as if fully re-written.

2. That I am the second largest creditor in the bankruptcy and owed more than $1.4 million. [*See* Proof of Claims #4 and #5].

3. That I have been working with the other proof of claim creditors on a consensual plan.

4. That upon conversion to a Chapter 11 and the filing of the disclosure statement and plan, I will vote in favor of the plan.

5. That the plan provides me with a complete recovery of my creditor claim and not less than 1% which was proposed by the Chapter 7 Trustee in his Rule 9019 Motion. [*See* D.I. 84].

WHEREFORE, for all the foregoing reasons, the Creditor Juan Ramirez seeks entry of an order converting this bankruptcy case to a case under Chapter 11 of the Bankruptcy Code and granting such other and further relief as the Court deems just and proper.

Dated October 31, 2022

## VERIFICATION

Pursuant to 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoing Declaration and that the facts are true, correct and based on my personal knowledge.

Respectfully submitted,

*/s/ Juan Ramirez Jr.*

Juan Ramirez, Jr.
Pro Se Petitioner
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 479-0150
jr@adrmiami.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2022 a true and correct copy of the foregoing was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record.

Respectfully submitted,



Juan Ramirez, Jr.
Pro Se Petitioner
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 479-0150
jr@adrmiami.com

## SERVICE LIST

*Served via CM/ECF/Email*

All parties of record



**ADR Miami LLC**
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 479-1050
jr@adrmiami.com

November 1, 2022

Via Electronic Mail and Fedex

Honorable J. Kate Stickles
United States Bankruptcy Judge
5th Floor, Courtroom 6
824 N. Market St.
Wilmington, DE 19801

Re:   In Re: NLG, LLC Case No. 21-11269-JKS
      NLG, LLC v. Selective Advisors Group, LLC, Case No. 22-50086-JKS

Dear Judge Stickles:

In an abundance of caution, I write in response to the letter of Mssrs. Niederman and Harris dated October 31, 2022, [D.I. 91 and A.D.I 39], despite Local Rule 9013-1(b) which reads "Letters from counsel or parties will not be considered," because they have impugned my integrity.

I was both a trial and appellate judge in Florida for 24 years, and a member in good standing of the Florida Bar for 47 years. While the letter implies that I have abused the judicial system, the Trustee would have this Court ignore the undisputed facts surrounding the void $5 million New York Judgment by Confession, which was obtained by the plaintiff signing an affidavit pretending to be the defendant, thereby never serving a complaint, or obtaining jurisdiction over the Bankruptcy Debtor, NLG.

This Court should note that counsel for the Trustee has adopted an adversarial strategy against all the creditors of NLG, rather than work as a fiduciary for the creditors. It is obvious that these lawyers are only interested in collecting their fees

which, the Trustee testified, were already approximately $150,000 as of the date of the hearing. Nevertheless, counsel is proposing to settle a secured debt of almost $10 million for a promise of $225,000 which is unsecured under Florida law and not payable for a year. A Trustee may sell assets only if the sale will result in a meaningful distribution to creditors, which is not the case, and should sell only for cash not a promissory note, especially one that will never be paid.

The New York Court Order with which the Trustee accused me of concealing was attached to my Objection and served on counsel for the Trustee on October 14, 2022, eleven days before the hearing. That order is subject of a pending appeal before the First Department Appellate Division with oral argument scheduled for November 25, 2022. Attached hereto as Exhibit 1 is the First Department's oral argument calendar for November 25, 2022. There was a prior appeal which was dismissed as non-final and the New York Court of Appeal came to the same conclusion. Attached hereto as Exhibit 2 is the New York Court of Appeals Order.

While counsel for Trustee has accused me of omitting facts, they are the ones guilty of such behavior. While testifying that there have been numerous rulings against NLG, the Trustee did not even know that NLG had been granted a Final Judgment of Foreclosure for almost $5 million back in December, 2015, as well as an Order Granting Foreclosure, which found that the Judgment by Confession was not entitled to full faith and credit because it is a void judgment which was entered without jurisdiction.

Counsel for the Trustee seems to forget my credibility was not the issue at the hearing, as I never testified. It was the Trustee's credibility that is at issue, and whether he is really working for the benefit of the creditors or his own attorneys and himself.

Sincerely,

Juan Ramirez Jr.

CC: Seth Niederman, sniederman@foxrothschild.com, Jesse Harris, jharris@foxrothschild.com, Chris Kosachuk, chriskosachuk@gmail.com
Clerk of Court for electronic filing

1331 Brickell Bay Dr. #708 • Miami, Florida 33131 • www.adrmiami.com
305-479-0150 • jr@adrmiami.com
Page 2 of 5

# 𝕬𝖕𝖕𝖊𝖑𝖑𝖆𝖙𝖊 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓, 𝕱𝖎𝖗𝖘𝖙 𝕯𝖊𝖕𝖆𝖗𝖙𝖒𝖊𝖓𝖙

## Friday, November 25, 2022
### 10:00 AM

| Case #[1] | Lower Court # | Case Name | Argument Time Appellant | Respondent |
|---|---|---|---|---|
| 2019 - 2946 | 380/2018 | People v Eric Jackson | 0 | 0 |
| 2022 - 00130 | N 155167/2012 | Blackstock v AVR Crossroads | 0 | 0 |
| 2021 - 04655 | N 31662/2017 | Gomez v Karyes Realty | 0 | 0 |
| 2022 - 00453 | N 30216/2019 | Gray v City of NY | 0 | 0 |
| 2021 - 03597 | N 657208/2020 | First American v Successful Abstract | 0 | 0 |
| 2021 - 00112 | N 152098/2016 | Cepeda v NYCTA | 0 | 0 |
| 2022 - 00418 | 3687/2005 | People v Wander Duran De La Rosa | 0 | 0 |
| 2021 - 04672 | N 158735/2016 | Iacovacci v Brevet Holdings | 0 | 0 |
| 2022 - 02323 | N 153256/2021 | Kaufman v Relx Inc. | 0 | 0 |
| 2022 - 00644 | N 350025/2019 | Lehrman v Lehrman | 0 | 0 |
| 2017 - 578 | 5516/2015 | People v Chris Castro | 0 | 0 |
| 2022 - 03263 | N 26902/2017 | M. P., an Infant v Jewish Board of Family | 0 | 0 |
| 2022 - 00800 | N 42004/2022 | NYS Division of HR v Ithaca Renting | 0 | 0 |
| 2022 - 00281 | N 162081/2019 | Poplawski v 111 Wall Street | 0 | 0 |
| 2019 - 1196 | 203/2018 | People v Jeremiah Perez | 0 | 0 |
| 2021 - 04052 | N 654670/2020 | Ramirez v Selective Advisors | 0 | 0 |
| 2021 - 01142 | 650435/2020 | Sakthivel v Industrious Staffing | 0 | 0 |
| 2021 - 03548 (1) | N 308976/2009 | Springer v Tishman Speyer | 0 | 0 |

[1] Value in parentheses indicates the number of orders/judgments being appealed under this case number.

Note: 'N' indicates a case is non-enumerated

# State of New York
# Court of Appeals

*Decided and Entered on the twentieth day of October, 2022*

**Present,** Hon. Anthony Cannataro, *Acting Chief Judge, presiding.*

Mo. No. 2022-484
In the Matter of Juan Ramirez, Jr.,
    Appellant,
  v.
Selective Advisors Group, LLC,
    Respondent.

Appellant having appealed and moved for leave to appeal to the Court of Appeals in the above cause;

Upon the papers filed and due deliberation, it is

ORDERED, on Court's own motion, that the appeal, insofar as taken from the May 2022 Appellate Division order is dismissed, without costs, upon the ground that such order does not finally determine the proceeding within the meaning of the Constitution; and it is further

ORDERED, that the appeal, insofar as taken from the February 2022 Appellate Division order, is dismissed, without costs, upon the ground that no appeal lies as of right from the unanimous order of the Appellate Division absent the direct involvement of a substantial constitutional question (*see* CPLR 5601); and it is further

# Exhibit 2

Mo. No. 2022-484 -Page 2-

ORDERED, that the motion, insofar as it seeks leave to appeal from the May 2022 Appellate Division order, is dismissed upon the ground that such order does not finally determine the proceeding within the meaning of the Constitution; and it is further

ORDERED, that the motion for leave to appeal is otherwise denied.

                                            Lisa LeCours
                                            Clerk of the Court