

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

In re:                                          Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                          Chapter 7
Debtor

_____/

## NOTICE OF FILING AND REQUEST FOR JUDICIAL NOTICE OF ATTORNEY DAVID W. LANGLEY'S STATE COURT VERIFIED COMPLAINT TO FORECLOSE MORTGAGE AND FOR DAMAGES FILED ON OCTOBER 20, 2022 AND LIS PENDENS FILED ON OCTOBER 24, 2022 ON DEBTOR ELIZABETH HAZAN'S PROPERTY AT <u>6913 VALENCIA DR. FISHER ISLAND, FL 33109</u>

Please take notice that Chris Kosachuk, *pro* se, hereby files and hereby requests that the Court take judicial notice of the following:

1.     Attorney David W. Langley's Verified Complaint to Foreclose Mortgage and For Damages filed in the state court foreclosure of Debtor Elizabeth Hazan's Property at 6913 Valencia Dr. Fisher Island, FL 33109 dated October 20, 2022 and Lis Pendens recorded on October 24, 2022, copies of which are attached to this Notice, where Attorney Langley **claims to be owed at least $420,314.07.**

2.     Documents required for an enforceable lien against a Florida homestead attached to foreclosure complaint as Exhibit A- Promissory Note and Exhibit B- Recorded Mortgage with documentary taxes paid.

Dated:  November 2, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November 2022 a true and correct copy of the foregoing Notice of Filing of Attorney David W. Langley's Complaint to Foreclose Mortgage and For Damages and Lis Pendens was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record.

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

***Served via CM/ECF***
All parties of record

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

DAVID W. LANGLEY
And DAVID W. LANGLEY, P.A.,                    CASE NO.:

      Plaintiffs,

vs.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

      Defendants.

_____/

## VERIFIED COMPLAINT TO FORECLOSE MORTGAGE AND FOR DAMAGES

Plaintiffs, David W. Langley and David W. Langley, P.A., sue Defendants, Elizabeth
Hazan a/k/a Liza Hazan (Hazan) and Sean Meehan (Meehan), and state:

### General Allegations

1. This is an action to foreclose a mortgage on real property located in Miami-Dade County,
Florida, for breach of contract, for attorney's fees, to impose an attorney's charging lien on
Defendants' real property and for quantum meruit, which exceeds $30,000, exclusive of interest,
costs and attorneys' fees.

2. This matter concerns the following described real property located in the County of
Miami-Dade, State of Florida, to wit:

> Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, According
> to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of
> Miami-Dade County, Florida.  (the Property),

which has the address of 6913 Valencia Drive, Miami Beach, FL 33109 (herein "Property
Address").

3.  Hazan executed and delivered a Promissory Note (the Note) dated May 28, 2018, and Hazan executed and delivered a mortgage (the Mortgage) dated May 28, 2018 securing payment of the Note to the payee, Plaintiff.  The Mortgage was recorded in the official Records Book 33345, Page 4133-4135 of the Public Records of Miami-Dade County, Florida, and mortgaged the Property described in the Mortgage.  Redacted but otherwise true and correct copies of the Note and Mortgage are attached as Exhibits A and B, respectively.

4.  Meehan is the spouse of Hazan but, on information and belief based on statements by Hazan to Plaintiff, disclaimed any legal interest in the Property in a Prenuptial Agreement.

5.  Hazan is the current owner of the Property.

6.  Plaintiff David W. Langley holds the original Note and Mortgage.

7.  Plaintiffs improved the Property and increased the Property's value through legal proceedings that removed a four million dollar second mortgage, but have not been fully compensated by Defendants.

8.  All conditions precedent to the filing of this lawsuit have been performed, satisfied, or waived.

## COUNT I – MORTGAGE FORECLOSURE

Plaintiffs re-allege Paragraphs 1 through 8 as if fully set forth herein, and further allege:

9.  The Mortgage held by Plaintiff, David W. Langley, is a mortgage lien superior in dignity to any interest of Defendants.

10. There has been a default in the payment of the amounts due under the Note and Mortgage in that payment due on October 30, 2019 and all subsequent payments have not been made.

11. Plaintiff declares the full amount payable under the Note and Mortgage to be due and payable.

12. There is now due and payable the principal sum of $82,500.00 with interest since October 30, 2019, plus costs of suit including but not limited to filing fees, recording fees, title search and examination fees, fees due for service of process and such other costs as may be allowed by the Court.

13. All conditions precedent to the filing of this action have been performed, satisfied, or waived.

14. Plaintiff has retained the undersigned law firm and agreed to pay the firm a reasonable fee for its services.

WHEREFORE, Plaintiff, David W. Langley, demands:

A.      Judgment against Defendant, Hazan, for the amount due Plaintiff, together with costs of suit and interest;

B.      Judgment declaring that Plaintiff has a lien against the Property in the amount set forth above, plus all assessments, interest and costs which accrue prior to judgment;

C.      Enforcement of Plaintiff's lien by judicial sale of the Property and application of the proceeds to Plaintiff's judgment; and

D.      Such other and further relief as this Court deems just and proper, including but not limited to a deficiency judgment and writ of possession, if necessary.

### COUNT II – SUIT ON NOTE - HAZAN

Plaintiff, DAVID W. LANGLEY, re-alleges Paragraphs 1 through 8 as if fully set forth herein, and further alleges:

15. Plaintiff presently holds the subject Note.

16. There has been a default in the payment of the amounts due under the Note in that payment due on October 30, 2019 and all subsequent payments have not been made.

17. Hazan has failed to make payment under the Note despite demand.

18. There is now due and payable the principal sum of $82,500.00 with interest since October 30, 2019 on the Note.

WHEREFORE, Plaintiff, David W. Langley, demands Judgment against Defendant, Hazan, for the amount due Plaintiff, together with costs of suit and interest.

### COUNT III – ATTORNEY'S CHARGING LIEN - HAZAN

Plaintiffs re-allege Paragraphs 1 through 8 as if fully set forth herein, and further allege:

**19.** Plaintiffs have been attorney of record for Hazan in numerous lawsuits and other matters, all pertaining to the Property since September 6, 2016.

**20.** Plaintiffs have handled many significant matters for Hazan in her Chapter 11 bankruptcy case and related cases and was trial counsel for Ms. Hazan in an Adversary Proceeding, Case No. 16-1439-AJC in the Bankruptcy Court for the Southern District of Florida.

**21.** Plaintiffs' Retainer Agreement with Hazan is attached as Exhibit C.

**22.** Plaintiffs have provided billing statements to Hazan throughout the representation during which time all objections raised by Hazan were addressed by Plaintiff. Plaintiffs sent billing statements to Hazan on May 1, 2022, and again on July 8, 2022. Hazan claimed that she had made payments that had not been applied, but has only produced evidence of one such payment. If evidence of missed payments is forthcoming Plaintiffs will reduce the claim accordingly.

**23.** Hazan has been unable to pay all fees as they have been incurred, but has at all times represented that all fees would be paid on the sale of Hazan's Fisher Island property. Plaintiffs have repeatedly requested that Hazan commit in writing to the payment of all earned and billed fees on the closing of the sale of her home. While Hazan has emailed Plaintiffs "I already told you that I would pay you at closing", she has at all times refused to

commit to an amount or to provide the Plaintiff with binding written assurance that Plaintiffs would actually be paid.

**24.** Hazan has also asked Plaintiffs to continue to represent her, including on the sale of her home, but has refused to agree to pay Plaintiffs for future services at counsel's current billing rate. As a result of these conflicts, and other issues, Plaintiffs' representation of Hazan has terminated and Plaintiffs have withdrawn from representation in her bankruptcy case[1].

**25.** All fees and costs requested by Plaintiffs are for services rendered and expenses incurred in various actions and the related proceedings and appeals that allowed Hazan to retain title to and possession of her home (the Proceedings).

**26.** Plaintiffs obtained a Final Judgment in Ms. Hazan's favor in the Bankruptcy Adversary Proceeding, eliminating the second mortgage on her Fisher Island home, a second mortgage in excess of four million dollars. Plaintiffs also negotiated a settlement with the first mortgage holder, JP Morgan Chase Bank, to allow for confirmation of Hazan's Plan without objection from Chase, allowing Hazan to remain in the home for over six years since the bankruptcy action was filed.  Ms. Hazan now has the home listed for sale for $26,000,000.00.

**27.** Hazan presently owes Plaintiffs the sum of no less than $168,125.63[2] for attorney's fees and costs incurred in the Proceedings.  This includes time dating back to 2016.

28. While Plaintiffs have periodically received partial payments from Hazan, Hazan has at all times maintained a past due balance. Further, at times the ability of Hazan to pay her attorneys has been seriously in question.  As a result of these and other factors set forth below, Plaintiffs

---

[1] Plaintiffs, as counsel for Hazan, were able to obtain the confirmation of her Chapter 11 Plan for Hazan and she subsequently received her discharge. The automatic stay provided by 11 U.S.C. 362 has terminated.

[2] This represents the total amount owed Plaintiffs by Hazan without reduction for the Note, as the Plaintiffs' understanding has at all times been that the Note and Mortgage provided security for the outstanding fees.

request a fee multiplier of 2.5. See *In re Miniscribe Corp*, 309 F.3d 1234 (10th Cir.2002), *Bell v. U.S.B. Acquisition Co.*, 734 So. 2d 403, 412 (Fla. 1999) ( A court may consider applying a multiplier as a "useful tool" in determining a reasonable fee if the evidence in the record establishes that: (1) the relevant market requires a contingency multiplier to obtain competent counsel; (2) the attorney was unable to mitigate the risk of nonpayment in any other way; and (3) use of a multiplier is justified based on factors such as the amount of risk involved, the results obtained, and the type of fee arrangement between attorney and client).

**29.** A charging lien is necessary in order to protect Plaintiffs' fees and costs until such time as said fees and costs are paid.

**30.** The lien is claimed against Hazan's Fisher Island Property, as Hazan has retained this Property only as a result of Plaintiffs' (and other counsel's) successful efforts.

**31.** Plaintiffs request the Court approve fees sought by Plaintiffs in the amount of $420,314.07, and further find that an attorney's charging lien exists for that amount against any money, property or assets obtained by or on behalf of Hazan as a result of Plaintiffs' efforts, particularly including the Fisher Island Property.

WHEREFORE, Plaintiffs demand:

A. Judgment against Defendant, Hazan, for the amount due Plaintiffs, together with costs of suit and interest;

B. Judgment declaring that Plaintiffs have a lien against the Property in the amount set forth above, plus all assessments, interest and costs which accrue prior to judgment;

C. Enforcement of Plaintiffs' lien by judicial sale of the Property and application of the proceeds to Plaintiffs' judgment; and

D. Such other and further relief as this Court deems just and proper, including but not limited to a deficiency judgment and writ of possession, if necessary.

## COUNT IV – ATTORNEY'S CHARGING LIEN - MEEHAN

Plaintiffs re-allege Paragraphs 1 through 8 as if fully set forth herein, and further allege:

32. Plaintiffs have been attorney of record for Meehan, representing his company, Selective Advisor Group LLC, also pertaining to the Property, since 2016.

33. All fees and costs requested by Plaintiffs from Meehan are for services rendered and expenses incurred in various actions and the related proceedings that allowed Meehan and Hazan to retain their interests in the Property.

**34.** Meehan presently owes Plaintiffs the sum of no less than $27,585.00 for attorney's fees and costs incurred in the Proceedings.  This includes time dating back to 2016.

**35.** A charging lien is necessary in order to protect Plaintiffs' fees and costs until such time as said fees and costs are paid.

**36.** The lien is claimed against Meehan's interest in the Fisher Island Property, as Meehan has retained his interest in the Property only as a result of Plaintiffs' (and other counsel's) successful efforts.

**37.** Plaintiffs request the Court approve the amount of fees sought by Plaintiffs, and further find that an attorney's charging lien exists for that amount against any money, property or assets obtained by or on behalf of Meehan as a result of Plaintiffs' efforts, particularly including his interest in the Fisher Island Property.

WHEREFORE, Plaintiffs demand:

A.  Judgment against Defendant, Meehan, for the amount due Plaintiffs, together with costs of suit and interest;

B. Judgment declaring that Plaintiffs have a lien against the Property in the amount set forth above, plus all assessments, interest and costs which accrue prior to judgment;

C. Enforcement of Plaintiffs' lien by judicial sale of the Property and application of the proceeds to Plaintiffs' judgment; and

D. Such other and further relief as this Court deems just and proper, including but not limited to a deficiency judgment and writ of possession, if necessary.

## COUNT V – QUANTUM MERUIT-

Plaintiffs re-allege Paragraphs 1 through 8 as if fully set forth herein, and further allege:

38. Plaintiffs furnished services for the benefit of Defendants which allowed Defendants to retain their respective interest in the Property.

39. Plaintiffs' labor and services improved Defendants' interests in the Property, as the Property was set for a foreclosure sale on the second mortgage, which Plaintiffs were able to overcome, allowing Defendants to now place the Property for sale for $26,000,000.00.

40. Defendants accepted and retained the benefits of Plaintiffs' labor and services.

41. It would be inequitable and unjust for Defendants to retain the benefits of Plaintiffs' services without compensation.

WHEREFORE, Plaintiffs demand judgment against Defendants, Elizabeth Hazan and Sean Meehan, for the reasonable value of Plaintiffs' services.

VERIFICATION

I, David W. Langley, individually and on behalf of David W. Langley, P.A., declare under penalty of perjury that the foregoing is true and correct on October 18, 2022.

David W. Langley

Respectfully submitted,

DAVID W. LANGLEY, P.A.
Attorney for Plaintiffs
8551 W. Sunrise Boulevard
Suite 303
Plantation, Florida 33322
Telephone:    954-356-0450
Facsimile:    954-356-0451
E-mail: dave@flalawyer.com


By:    _/s/ David W. Langley_____
        David W. Langley, Esq.
        Florida Bar Number 348279

# EXHIBIT A

## PROMISSORY NOTE

**May 28, 2018**

**$82,500.00**

FOR VALUE RECEIVED the undersigned, ELIZABETH HAZAN A/K/A LIZA HAZAN, promises to pay to the order of DAVID W. LANGLEY, of 8551 W. Sunrise Blvd, Suite 303, Plantation, FL 33322, the principal sum of Eighty Two Thousand Five Hundred, ($82,500.000) Dollars, together with interest thereon from date, at the rate of Zero Percent (0%), per annum until maturity, said interest and principal being payable in full on demand in lawful money of the United Sates or its equivalent, at 8551 W. Sunrise Blvd, Suite 303, Plantation FL 33322, said principal sum to be payable on the dates and in the amounts specified below, to-wit:

Payment of principal and zero percent interest shall become due on October 30, 2019 (the "Maturity Date").

If any of the sums of money due and owing to Mortgagee under the terms of the promissory note and this mortgage, are not paid within 30 days after the same become due and payable, or if each of the stipulation, agreement, conditions and covenants of the promissory note and this mortgages, or either, are not fully performed or complied with, the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This Note is to be construed and enforced according to the laws of the States of Florida; after maturity or default; 30 days after default in the payment of principal and/or interest due on this Note at the Maturity date of October 30, 2019, all sums remaining unpaid shall forthwith become due and payable. After the Maturity date the interest rate will be 3% per year if the Note is not paid in full.

**LIZA HAZAN A/K/A ELIZABETH HAZAN**

# EXHIBIT B

CFN 2022R0656738
OR BK 33345 Pgs 4133-4135 (3Pgs)
RECORDED 08/19/2022 11:42:06
MTG DOC TAX $288.75
INTANG TAX $165.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

**Prepared by and Return to:**
**David W. Langley**
**8551 W. Sunrise Blvd.**
**Suite 303**
**Plantation, FL 33322**
**954-356-0450**

---

# MORTGAGE

**THIS INDENTURE**, made May 28, 2018 by and between Liza Hazan a/k/a Elizabeth Hazan, a married woman, whose address is 6913 Valencia Drive, Fisher Island, FL 33109, hereinafter called the Mortgagor, and David W. Langley, whose address is 8551 W. Sunrise Blvd., Suite 303, Plantation, FL 33322, hereinafter called the Mortgagee:

> The terms "Mortgagor" and "Mortgagee", shall include heirs,
> Successors, legal representatives and assigns, and shall denote the singular and/or the
> plural, and the masculine and/or the feminine and natural and/or artificial persons,
> whenever and wherever the context so admits or requires.

**WITNESSETH**, that the said Mortgagor, for and in consideration of the aggregate sum named in the promissory note, (the "Note") signed by Borrower and dated May 28, 2018, which states that Mortgagor owes Mortgagee Eighty Two Thousand Five Hundred Dollars (U.S. $82,500.00) and that Mortgagor has promised to pay this debt in full not later than October 31, 2019, does hereby mortgage to Mortgagee the following described land, situate, lying and being n Miami-Dade County, Florida, to-wit:

Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, According to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Florida.

which has the address of 6913 Valencia Drive, Miami Beach, FL 33109 (herein "Property Address").
AFTER THE MATURITY DATE, THE INTEREST RATE WILL BE 3% PER YEAR.

As security for the payment of the promissory note attached as Exhibit A (the "note"), and agrees:

**Provided always**, that if said Mortgagor, her successors or assigns, shall pay unto the said Mortgagee, his successors or assigns, that certain promissory note, of which a true and correct copy is attached, and Mortgagor shall perform, comply with and abide by each and every

Initials: EH

1

stipulation, agreement, condition and covenant of said promissory note and of this mortgage.

Mortgagor hereby covenants and agrees:

To pay the principal and zero percent interest payable by virtue of said promissory note and this mortgage, or either promptly on the days respectively the same come due.

If any of the sums of money due and owing to Mortgagee under the terms of the promissory note and this mortgage, are not paid within 30 days after the same become due and payable, or if each of the stipulation, agreement, conditions and covenants of the promissory note and this mortgage , or either, are not fully performed or complied with, the aggregate sum owed on the promissory note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives, or assigns.

This mortgage and the note hereby secured shall be construed and enforced according to the laws of the State of Florida.

Executed at **Miami-Dade County, Florida** on the date written above.
Signed, sealed and delivered in the presence of:

Witness Name: _____

Witness Name: _____

Elizabeth Hazan a/k/a Liza Hazan

STATE OF FLORIDA        )

COUNTY OF MIAMI-DADE )

I HEREBY CERTIFY that on this day, before me,  an officer duly  authorized in the state aforesaid and the county aforesaid to take acknowledgments, personally appeared Elizabeth Hazan a/k/a Liza Hazan, to me known to be the persons described in and who executed the foregoing  Florida Real Estate Mortgage and acknowledged before me that they executed same for the purposes therein expressed.

WITNESS my hand and official seal in the county and state aforesaid this **28** of, **May** , **2018**.

Initials: **EH**

2



BENJAMIN PEREZ
Commission # GG 269684
Expires October 17, 2022
Bonded Thru Budget Notary Services

LAST PAGE

NOTARY PUBLIC, State of Florida

My Commission Expires:  10 / 17 / 2022



BENJAMIN PEREZ
Commission # GG 268684
Expires October 17, 2022
Bonded Thru Budget Notary Services

Initials: $E.H$

3

# EXHIBIT C

David W. Langley

**David W. Langley, P.A.**
Attorney at Law
8551 W. Sunrise Blvd.
Suite 303
Plantation, FL 33324

Telephone (954) 356-0450
Telecopier (954) 356-0451

## CHAPTER 11 RETAINER AGREEMENT

August 31, 2016

Elizabeth Hazan
6913 Valencia Drive
Miami Beach, FL 33109

Dear Ms. Hazan:

This letter is to confirm that you have retained me to represent you in a Chapter 11 bankruptcy proceeding presently pending in the Southern District of Florida, Case No. 16-10389-AJC. AND ALL ASSOCIATED CASES. CASE NUMBER 16-01439-AJC AND ANY POTENTIAL FUTURE ASSOCIATED CASE

As we discussed, attorney's fees will be billed on a periodic basis to be paid by you following approval of the Bankruptcy Court. All such fees shall be guaranteed by Paige Hospitality Group, LLC. Fees for services rendered will be billed at the rate of $300.00 per hour subject to Court approval. Fees will be incurred for preparing and filing all necessary Plans, Disclosure Statements, Schedules, Statement of Financial Affairs, Motions and other professional services including:

(a) To give advice to the debtor with respect to the powers and duties as a debtor-in-possession and the continued management of business operations;

(b) To advise the debtor with respect to responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the court;

(c) To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

(d) To protect the interest of the debtor in all matters pending before the court;

(e) To represent the debtor in negotiation with creditors and in the preparation of a plan.

You will be responsible for any additional costs incurred such as court reporter fees, long distance telephone charges and photocopy charges, if those become necessary.

I will need your cooperation in providing complete and accurate information and in payment of all expenses involved in this action. I may withdraw from you case at any time that, in my opinion, I am not receiving such cooperation. The Bankruptcy Code provides for sanctions against both debtors and their attorneys when a petition is filed in bad faith. By signing below you agree to

indemnify the Law Offices of David W. Langley for any losses incurred as a result of any information you provide.

Finally, I request that you respect my staff and their time. Please try an email first, before calling staff with questions. We will try to respond as quickly as possible.

You cannot pay me or any other professional after filing unless the professional is first approved by the Court and the amount to be paid is approved by separate Motion and Order. You must at all times comply with the Chapter 11 Guidelines issued by the U.S. Trustee.

If you agree with all of the terms set forth in this letter, please sign and return a copy of this agreement as indicated below and return the copy to me in the enclosed, self-addressed, stamped envelope along with your check for the balance of the retainer.

Very truly yours,

DAVID W. LANGLEY

DWL:sms

Agreed:

By: _____
Elizabeth Hazan

Guaranteed By: _____
PAIGE HOSPITALITY GROUP LLC

Date: SEPTEMBER 1 2016

CFN: 20220811747 BOOK 33435 PAGE 2883
DATE:10/24/2022 01:21:24 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CT

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

DAVID W. LANGLEY,                    CASE NO.:

      Plaintiff,

vs.

ELIZABETH HAZAN a/k/a LIZA HAZAN
And SEAN MEEHAN,

      Defendants.
_____/

## NOTICE OF LIS PENDENS

TO DEFENDANTS ELIZABETH HAZAN a/k/a LIZA HAZAN and
SEAN MEEHAN, AND ALL OTHERS WHOM IT MAY CONCERN:

      YOU ARE NOTIFIED of the institution of this action by the Plaintiff against you seeking

to foreclose a lien on the following property in Miami-Dade County, Florida:

      Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10,
According to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public
Records of Miami-Dade County, Florida. (the Property),

which has the address of 6913 Valencia Drive, Miami Beach, FL 33109 (herein "Property
Address").

      DATED on October 19, 2022

                DAVID W. LANGLEY, P.A.
                Attorney for Plaintiff
                8551 W. Sunrise Boulevard
                Suite 303
                Plantation, Florida 33322
                Telephone:   954-356-0450
                E-mail: dave@flalawyer.com

                By: ___/s/ David W. Langley_____
                    David W. Langley, Esq.
                    Florida Bar Number 348279

22-020116-CA-01