FILED
2022 NOV 14 AM 10: 00
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NLG, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11269 (JKS)<br><br>(Involuntary) |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Selective Advisors Group LLC and 9197-5904 Quebec, Inc.,<br><br>Defendants. | Adv. No. 22-50086 (JKS) |

### SEAN NEIL MEEHAN, AMERICA ASSET MANAGEMENT LLC, SELECTIVE ADVISORS GROUP LLC'S OBJECTION TO THE TRUSTEE'S ALFRED T. GIULIANO'S MOTION FOR AN ORDER APPROVING AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND LIZA HAZAN

Sean Neil party ("Sean Meehan"), as a pro se, America Asset Management LLC, and Selective Advisors Group LLC, of America Asset Management LLC, and Selective Advisors Group LLC, file their objection to the Trustee's Motion for an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan the Settlement Agreement ("the Settlement Agreement") filed on September 30, 2022 in Adv. No. 22-50086 (JKS) [D.I. 84].

### THE AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND LIZA HAZAN IS RESCINDED AND THE COURT SHOULD DENY THE TRUSTEE'S MOTION TO APPROVE THE SETTLEMENT [D.I. 84].

On September 29, 2022, Liza Hazan, entered into a settlement agreement with Alfred Giuliano, the Chapter 7 trustee for the estate of NLG, LLC, drafted and presented by Trustee's

counsel Jesse Harris of the law firm Fox Rothschild LLP without the knowledge and consent of undersigned Sean Neil Meehan, America Asset Management LLC, and Selective Advisors Group LLC and 9197-5904 Quebec Inc.

The NLG's trustee conceded that Debtor NLG has no claim against non party Liza Hazan a/k/a Elizabeth Hazan pursuant to the Final Judgment against NLG and in favor of Liza Hazan and Selective Advisors Group LLC, entered by the Honorable Miami Bankruptcy Judge A. Jay Cristol, on November 1, 2017, that declared that NLG's proof of claim # 17 is disallowed and NLG has no claim against Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order. See Adv. Case 16-01439-AJC Doc 238 in US Bankruptcy Court Southern District of Florida. The Trustee's counsel argued that he should settle the disputes over NLG's claims against other entities defendants Selective or Quebec, rather than litigate them, with non party Liza Hazan. However, Defendants Selective and Quebec in the above referenced adversary case were never made part of the Settlement discussions or agreed to the terms of the Settlement or executed the Settlement Agreement.

### NON PARTY LIZAHAZAN HAS NO LEGAL AUTHORITY TO SETTLE NLG'S CLAIMS AGAINST QUEBEC AND SELECTIVE AND OR DISMISS THE PENDING ADVERSARY CASES AGAINST QUEBEC AND SELECTIVE THE SETTLEMENT IS VOID AS A MATTER OF LAW

Liza Hazan has no legal authority to settle NLG's claims against defendants Selective and Quebec. Quebec and Selective are controlled by different individuals/entities that were never notified by the Trustee or the Trustee's counsels and never consented to the Settlement Agreement. Undersigned was never contacted by the Trustee or his counsel seeking my approval to settle.

On or about August, 2022, the trustee's counsel attorney Jesse Harris made a settlement offer to non party Liza Hazan without ever sharing the settlement agreement with Selective

Advisors Group, LLC ("Selective"), America Asset Management LLC, Raymond Houle, Liza Hazan's ex-husband Sean Neil Meehan or 9197-5904 Quebec, Inc ("Quebec") or any of the releasees attorneys for these parties.

The negotiations between the trustee and Hazan continued without Sean Meehan or any of his corporations America Asset Management LLC, Selective Advisors Group LLC or 9197-5904 Quebec. On September 29, 2022, Hazan signed the agreement with the NLG's Trustee Alfred Giuliano. The settlement involve the primary concerned parties Defendants Selective and Quebec, in the Adversary cases 22-50086-JKS and 21-51264-JKS or 22-50421-JKS but failed to obtain their consent and was never executed by Sean Neil Meehan on behalf the defendants.

Jesse Harris failed to disclose to Hazan or this Court that NLG, LLC, a Delaware limited liability company has been dissolved and revoked and ceased to exist several years ago and could not maintain the adversary cases against Selective and Quebec or any case against defendants.

On October 25, 2022, at the hearing The Court specifically asked the trustee's counsel Jesse Harris if Selective and Quebec would stipulate to Dismissal of the pending adversary cases as the Court couldn't get an answer from the concerned parties Defendants. The answer is no Selective and Quebec would not agree to stipulate to Dismissal. At the hearing the court called that "housekeeping". See attached Transcript of the hearing held on October 25, 2022.

At the hearing held on October 25 2022 Kosachuk also argued that "Sean and Liza Hazan are now divorced and that Sean may not be aware of the settlement at all". This is true that Sean Meehan was never made aware of the Settlement Agreement negotiations and Jesse Harris failed to serve him individually or contact him and obtain his signature on the settlement

agremement. Also, It was Liza Hazan who joined in the zoom call and not Sean Meehan. Sean was not aware at all. No notice was ever given by the Trustee or his counsel to Sean Meehan. See attached Transcript of the hearing held on October 25, 2022.

Also Liza hazan has no authority to settle and dismiss the NLG and Kosachuk pending adversary cases for Defendants Quebec and Selective as she is not a party in those two Pending adversary cases and Sean Meehan the principal of Selective is not authorizing this settlement with the trustee and will not cause to stipulate to dismissals of the two pending adversary cases with the Trustee.

Chris Kosachuk and Juan Ramirez, Jr objected to the settlement Agreement. America Asset Management LLC never received any notice of the settlement Agreement. Sean Meehan, 9197-5904 Quebec Inc. and Raymond Houle were never notified of the settlement negotiations or copied in the settlement discussions between the Trustee and Hazan and did not execute the settlement.

The Settlement Agreement is between non party party—Hazan and the trustee and needs to Selective, Quebec, Raymond Houle, Sean Neil Meehan and the lawyers that the trustee intends to release. The Settlement provides for dismissal of the two pending adversary cases against Selective and Quebec and releases for certain attorneys.

**<u>This case is anything but ordinary, because now, Hazan sought to rescind the agreement and the Settlement agreement is without any legal authority and is void as a matter of law.</u>**

Defendants in the above referenced adversary case 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and NLG's Judgment Creditor America Asset Management LLC, and principal Sean Neil Meehan content that they were never notified and object to the entry of an Order Approving Settlement Agreement by and among the Chapter 7 Trustee and Liza Hazan

the Settlement Agreement.

Undersigned Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc contend that they are not bound by this agreement with the NLG's trustee. **First, Hazan contends that *either* party to an agreement unilaterally can rescind a settlement with a bankruptcy trustee, up until the time the bankruptcy court approves the agreement.**

Undersigned Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc **can unilaterally rescind the settlement agreement because the bankruptcy court has not yet approved the agreement, as required by Federal Rule of Bankruptcy Procedure 9019.**[1] In Chapter 7 liquidation cases, such as this one, bankruptcy courts frequently review settlement agreements reached by Chapter 7 trustees with interested parties. Notice is given to creditors, and, if there is no objection filed, a hearing often is not needed. Here, however, Kosachuk and NLG's former attorney Juan Ramirez, Jr objected to the settlement and America's Asset Management LLC, and Defendants in the above referenced adversary case 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and principal Sean Neil Meehan object to the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan the Settlement Agreement.

America Asset Management LLC, Defendants in the above referenced adversary case 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and NLG's Judgment creditor America Asset Management LLC, and principal Sean Neil Meehan object to the Trustee's

---

[1] Bankruptcy Rule of Procedure 9019 provides that parties are entitled to appropriate "notice and hearing" prior to approval of a compromise by a bankruptcy court. Rule 9019 provides: (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct. Fed.R.Bankr.P. 9019(a).

Motion for the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan as they never received the Settlement Agreement and were never informed of the contents of the settlement or agreed to it and never executed it.

In Cotton v. Bank South, 992 F.2d 311 (11th Cir. 1993), the Eleventh Circuit Court of Appeals considered whether a debtor to a settlement agreement must comply with the terms of the settlement he reached with his creditor before he could dismiss his Chapter 12 case. In that case, the court allowed the debtor to dismiss the case, without first honoring the terms of the settlement. In the ruling, the Eleventh Circuit Court of Appeals did not discuss the binding nature of settlement agreements, pending court approval, but instead relied on the debtor's absolute right to dismiss a Chapter 12 case. The court held that, absent fraud, a court does not have discretion to interfere with a Chapter 12 debtor's right to dismiss the case pursuant to Section 1208(b) of the Bankruptcy Code and reversed the lower courts that enforced the terms of the settlement agreement as a condition precedent to dismissal. However, one can infer from the decision that the settlement agreement was not binding pending court approval. Certainly, the settlement did not stop the debtor from dismissing his case and avoiding the impact of the debtor's agreement with his creditor.

**Other courts, probably the majority, throughout the country similarly have concluded that settlements in bankruptcy cases are *not* binding on the parties until bankruptcy court approval is obtained**. In re Blehm Land & Cattle Co., 859 F.2d 137 (10th Cir. 1988); In re Glickman, Berkovitz, Levinson & Weiner, 204 B.R. 450 (E.D.Pa. 1997); In re Masters, Inc., 149 B.R. 289 (E.D.N.Y. 1992); Reynolds v. Commission of Internal Revenue, 861 F.2d 469 (6th Cir. 1988); In re Rothwell, 159 B.R. 374 (Bankr. D.Mass. 1993); In re Nationwide Sports Dist., Inc., 227 B.R. 455 (Bankr. E.D.Pa. 1998); In re Bramham, 38

B.R. 459 (Bankr. D.Nev. 1984); In re Cincinnati Microwave, Inc., 210 B.R. 130 (Bankr.S.D.Ohio 1997) (until it has been approved by a bankruptcy court, a settlement is not enforceable).

**Within the Eleventh Circuit and the Middle District of Florida, courts generally have adopted the majority view that settlement agreements are not enforceable between the parties prior to approval by the bankruptcy court.** In re Tarrant, 349 B.R. 870 (Bankr.N.D.Ala.2006) (compromise has no effect until approved by a bankruptcy court); In re Degenaars, 261 B.R. 316 (Bankr.M.D.Fla.2001); *but see* In re Harrell, 351 B.R. 221 (Bankr.M.D.Fla. 2006) (upon signing by both parties, a valid and binding contract was formed, subject only to compliance with a stated condition precedent to a contract).

**Accordingly, the Court should conclude that either party to a settlement agreement with a Chapter 7 trustee can rescind the agreement, until such time as the bankruptcy court approves the settlement.** At that point, and only at that point, the settlement becomes enforceable against both parties. **Here, Hazan sought to rescind the agreement with the Chapter 7 trustee prior to approval by this Court. Therefore, Hazan may rescind her agreement with the trustee.** Undersigned Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc are also seeking **to rescind the agreement with the Chapter 7 trustee prior to approval by this Court. Therefore,** Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc **may rescind her agreement with the trustee.**

Prior the execution of the Settlement Agreement and at the time the settlement was executed, Liza Hazan's ex-husband Sean Meehan was never made aware of the terms of the agreement and never agreed to it and never executed it.

Sean Meehan and his corporations America Asset Management LLC and Selective Advisors Group LLC never received a copy of the proposed Settlement Agreement or participated in the negotiation of the Settlement agreement. NLG's judgment creditor America Asset Management LLC was never served with a copy of the settlement or was afforded an opportunity to comment approve or disapprove a settlement. Same

Sean Meehan contends that the NLG's trustee and his counsels failed to disclose the Settlement agreement to him, Raymond Houle, 9197-5904 Quebec, Inc and America Asset Management LLC that have an interest in. Indeed, the NLG's trustee joined the Adversary Proceeding seeking a declaratory judgment against Quebec and Selective.

However, Selectiv, Quebec, Raymond Houle, America Asset and Sean Meehan were not served by the Trustee with a copy of the settlement or made part of the settlement or executed the Settlemen Agreement.

Sean Meehan, Selective and America Asset Management's interests are not aligned anymore with Elizabeth Hazan's personal interests as Hazan and Meehan are divorced.

Therefore, the Court should conclude that Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc may rescind the Settlement agreement by and among Liza Hazan and NLG's Trustee Alfred Giuliano.

## CONCLUSION

After all of this analysis, NLG, as a dissolved Delaware corporation, has no enforceable claim against 9197-5904 Quebec, Inc. or Selective. Liza Hazan had no legal authority to settle NLG's claims against Defendants 9197-5904 Quebec Inc and Selective on behalf Defendants Advisors Group LLC and 9197-5904 Quebec Inc. The Settlement Agreement is null and void.

As to Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management

LLC and 9197-5904 Quebec Inc's ability to rescind her settlement agreement with the trustee, they can unilaterally rescind the agreement because the Court had not previously approved the Settlement agreement with the Trustee Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC (the "Debtor"). Accordingly, Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc are filing their rescission of the Settlement Agreement, and are respectfully asking the Court to Rescind Settlement Agreement by and among Liza Hazan with the Trustee Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC (the "Debtor") filed on September 30, 2022 in Adv. No. 22-50086 (JKS) [D.I. 84].

Sean Neil Meehan, Selective Advisors Group LLC, America Asset Management LLC and 9197-5904 Quebec Inc are respectfully asking the Court Deny the Trustee's Motion for an Order Approving the Settlement Agreement by and among the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC and Liza Hazan [D.I. 84].

NLG's judgment creditor America Asset Management LLC, Defendants 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and Sean Neil Meehan object to the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan and pray that the Court rescind the Settlement Agreement by and among the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC and Liza Hazan and Deny the Trustee's motion to approve Settlement Agreement by and among the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC and Liza Hazan [D.I. 84].

Respectfully submitted,

Dated: November 14, 2022

Sean Neil Meehan

*/s/ Sean Neil Meehan*

seannmeehan@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2022 NOV 14  AM 10: 00
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

NLG, LLC,

Debtor.

Chapter 7

Case No. 21-11269 (JKS)

(Involuntary)

ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC,

Plaintiff,

v.

Selective Advisors Group LLC and
9197-5904 Quebec, Inc.,

Defendants.

Adv. No. 22-50086 (JKS)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 14, 2022 a true and correct copy of the foregoing was overnighted to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Liza Hazan.

Respectfully submitted,

**SEAN NEIL MEEHAN**
*Pro Se Objector*
*and on behalf of Judgment Creditor America Asset Management LLC
and Selective Advisors Group, LLC*

seannmeehan@gmail.com