FILED
2022 NOV 14 AM 10: 00
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NLG, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11269 (JKS)<br><br>(Involuntary) |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC,<br>Plaintiff,<br><br>v.<br><br>Selective Advisors Group LLC and 9197-5904 Quebec, Inc.,<br><br>Defendants. | Adv. No. 22-50086 (JKS) |

**NON PARTY LIZA HAZAN'S RESCISSION OF SETTLEMENT WITH THE CHAPTER 7 TRUSTEE ALFRED T. GIULIANO AND OBJECTION TO THE TRUSTEE'S MOTION FOR AN ORDER APPROVING AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND LIZA HAZAN**

Non party Liza Hazan ("Liza Hazan"), as a pro se, files her Rescission of the Settlement Agreement with the Trustee Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC (the "Debtor") filed on September 30, 2022 in Adv. No. 22-50086 (JKS) [D.I. 84] and objects to the Trustee's Motion for an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan the Settlement Agreement ("the Settlement Agreement") filed on September 30, 2022 in Adv. No. 22-50086 (JKS) [D.I. 84].

**THE AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND LIZA HAZAN IS RESCINDED AND THE COURT SHOULD DENY THE TRUSTEE'S MOTION TO APPROVE THE SETTLEMENT [D.I. 84].**

On September 29, 2022, Liza Hazan, without having legal representation, entered into a

settlement agreement with Alfred Giuliano, the Chapter 7 trustee for the estate of NLG, LLC, drafted and presented by Trustee's counsel Jesse Harris of the law firm Fox Rothschild LLP.

The trustee has conceded that Debtor NLG has no claim against non party Liza Hazan a/k/a Elizabeth Hazan pursuant to the Final Judgment against NLG and in favor of Liza Hazan and Selective Advisors Group LLC, entered by the Honorable Miami Bankruptcy Judge A. Jay Cristol, on November 1, 2017, that declared that NLG's proof of claim # 17 is disallowed and NLG has no claim against Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order. See Adv. Case 16-01439-AJC Doc 238 in US Bankruptcy Court Southern District of Florida. The Trustee contend that he should settle the disputes over NLG's claims against other entities defendants Selective or Quebec, rather than litigate them, with non party Liza Hazan. However, Defendants Selective and Quebec were never made part of the Settlement discussions or agreed to the terms of the Settlement or executed the Settlement Agreement.

### NON PARTY LIZA HAZAN HAS NO LEGAL AUTHORITY TO SETTLE NLG'S CLAIMS AGAINST QUEBEC AND SELECTIVE AND OR DISMISS THE PENDING ADVERSARY CASES AGAINST QUEBEC AND SELECTIVE THE SETTLEMENT IS VOID AS A MATTER OF LAW

Liza Hazan has no legal authority to settle NLG's claims against defendants Selective and Quebec. Quebec and Selective are controlled by different individuals/entities that were never notified by the Trustee or the Trustee's counsels and never consented to the Settlement Agreement.

On or about August, 2022, the trustee's counsel attorney Jesse Harris made a settlement offer to non party Liza Hazan without ever sharing the settlement agreement with Selective Advisors Group, LLC ("Selective"), America Asset Management LLC, Raymond Houle, Liza Hazan's ex-husband Sean Neil Meehan or 9197-5904 Quebec, Inc ("Quebec") or any of the releasees attorneys for these parties.

The negotiations between the trustee and Hazan continued without counsel representing Hazan or any of the defendants in the adversary cases. The parties exchanged e-mails and phone calls, discussing the settlement, which was drafted primarily by the trustee's lawyers.

Drafts of the settlement agreement were edited by the attorneys for the trustee. A settlement in principal was reached on September 2022. Eventually, on September 29, 2022, Hazan without a counsel, signed the agreement. The settlement does not involve the primary concerned parties Defendants Selective and Quebec, in the Adversary cases 22-50086-JKS and 21-51264-JKS or 22-50421-JKS.

Trustee was to turnover the NLG's original promissory Note signed on March 2007 by Hazan. And all the ongoing litigation had to immediately cease against Hazan and the Hazan releasees including Sean Neil Meehan, Selective and Quebec, and Raymond Houle.

The trustee's attorney Jesse Harris later noticed a few minor glitches in the initial settlement agreement regarding the dissolution of NLG and whether the recording the settlement would constitute a lien against Hazan's property. Hazan made it clear that the Settlement Agreement would not allow the Trustee to foreclose on Hazan's Fisher Island homestead residence located at 6913 Valencia Drive Miami Fl 33109 ("the Hazan Fisher Island homestead residence") in the event of a non-payment and that it would not be a lien because of the Florida laws of Homestead protection.

The Trustee removed the language of **"including foreclose"** provided in the previous draft. However, at the hearing on the motion to approve the Settlement, Jesse Harris argued that it would be a lien in Hazan's property.

Jesse Harris also misrepresented to Hazan **the Bar Order**. Hazan understood that the Bar Order would prevent Ramirez and Kosachuk from pursuing non existent claims against

Hazan and Selective and Quebec. However, at the hearing, Jessie Harris clarified that "Kosachuk and Ramirez would be able to pursue claims that are not "derivative claims" but "direct claims". Jesse Harris never mentioned that to Hazan. Harris explained that the litigation would be completely over for good and that Kosachuk and Ramirez would be barred from suing the releasees period.

Jesse Harris failed to disclose to Hazan or this Court that NLG, LLC, a Delaware limited liability company has been dissolved and revoked and ceased to exist several years ago and could not maintain the adversary cases against Selective and Quebec or any case. Dissolution of NLG as part of the settlement was a material misrepresentation by Jesse Harris as NLG has been revoked for many years.

On October 25, 2022, at the hearing The Court specifically asked the trustee's counsel Jesse Harris if selective and Quebec would stipulate to Dismissal of the pending adversary cases as the Court couldn't get an answer from the concerned parties Defendants. The answer is no Selective and Quebec would not agree to stipulate to Dismissal. At the hearing the court called that "housekeeping".

At the hearing held on October 25 2022 Kosachuk also argued that "Sean and Liza Hazan are now divorced and that Sean may not be aware of the settlement at all". This is true that Sean Meehan was never made aware of the Settlement Agreement negotiations and Jesse failed to serve him individually or contact him. It was Liza Hazan who joined in the zoom call and not Sean Meehan. Sean was not aware at all. No notice was ever given by the Trustee or his counsel to Sean Meehan.

Jesse Harris also misrepresented things when he stated that "Hazan's consummation of Hazan's chapter 11 plan depends on her refinancing etc …". That is completely false as Hazan

paid all of her unsecured creditors and other creditors in June 2018 and has consummated her confirmed Chapter 11 plan at the effective Plan and in fact she was just granted her Final Decree and closing case a few days ago by the Honorable Judge A. Jay Cristol.

Also hazan has no authority to settle and dismiss the NLG and Kosachuk pending adversary cases for Defendants Quebec and Selective as she is not a party in those two Pending adversary cases and Sean Meehan the principal of Selective is not authorizing this settlement with the trustee and will not cause to stipulate to dismissals of the two pending adversary cases with the Trustee.

At the hearing, the trustee argued that the settlement between non party Hazan and the Trustee was in the best interest of the bankruptcy estate for two reasons and that it would reduce the uncertainty of future litigation over NLG's claims against Quebec/Selective Judgment that was assigned to Selective in 2014.

As proponent of the proposed settlement, the trustee has the burden of establishing that the settlement is fair and equitable and should be approved by the court. In re Kay, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998) (citing In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom.*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986); In re Gallagher, 283 B.R. 342, 346 (Bankr.M.D.Fla.2002). Courts have significant discretion to approve a settlement, and courts should not simply "rubberstamp" a trustee's settlement. Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994); Rivercity v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 602-603 (5th Cir. 1980); In re Kay, 223 B.R. at 819; In re Bicoastal Corp., 164 B.R. 1009, 1016 (Bankr.M.D.Fla.1993) (citing In re Charter Co., 72 B.R. 70 (Bankr.M.D.Fla. 1987)).

The Trustee argued that In determining whether a settlement is fair and equitable, a court

must consider: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). A court further must balance the settlement terms with the "likely rewards of litigation." Jackson Brewing Co., 624 F.2d at 602.

Given the complexity of the multi-year litigation in several states between the various parties, the trustee's counsel argued that the litigation is difficult and the chances are slim to none. Moreover, the litigation is fact-intensive and raises numerous legal issues.

The trustee explained that overall complexity coupled with the uncertainty of future litigation with the remaining defendants makes settlement between Hazan and the trustee a pragmatic solution. By entering into the settlement, the trustee attempted to avoid the expense, inconvenience, and uncertainty of litigation.

The certainty of a settlement also is in the paramount interests of the creditors. However, Chris Kosachuk and Juan Ramirez, Jr objected to the settlement and America Asset Management LLC never received any notice. Sean Meehan, 9197-5904 Quebec Inc. and Raymond Houle were never notified of the settlement negotiations or copied in the settlement discussions between the Trustee and Hazan and did not execute the settlement.

The Settlement Agreement is between non party party—Hazan and the trustee and should have included Selective, Quebec, Raymond Houle, Sean Neil Meehan and the lawyers that the trustee intends to release. The Settlement provides for dismissal of the two pending adversary cases against Selective and Quebec and releases for certain attorneys.

**This case is anything but ordinary, because now, Hazan seeks to rescind the agreement.**

Defendants in the above referenced adversary case 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and NLG's Judgment Creditor America Asset Management LLC, and principal Sean Neil Meehan content that they were never notified and object to the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan the Settlement Agreement.

Hazan contends she is not bound by this agreement with the trustee making three arguments. **First, Hazan contends that *either* party to an agreement unilaterally can rescind a settlement with a bankruptcy trustee, up until the time the bankruptcy court approves the agreement.** Second, if she cannot unilaterally rescind the agreement, Hazan next contends she was not represented by counsel at the time she signed the agreement, which makes the settlement void and unenforceable. Third, even if Hazan was not represented by counsel when she signed the agreement and she cannot unilaterally rescind the agreement, Hazan argues she signed the agreement with a mistaken understanding, due either to a mutual mistake or to a negligent misrepresentation.

**As to Hazan's first contention, she asserts she can unilaterally rescind the settlement agreement because the bankruptcy court has not yet approved the agreement, as required by Federal Rule of Bankruptcy Procedure 9019.**[1] In Chapter 7 liquidation cases, such as this one, bankruptcy courts frequently review settlement agreements reached by Chapter

---

[1] Bankruptcy Rule of Procedure 9019 provides that parties are entitled to appropriate "notice and hearing" prior to approval of a compromise by a bankruptcy court. Rule 9019 provides: (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct. Fed.R.Bankr.P. 9019(a).

7 trustees with interested parties. Notice is given to creditors, and, if there is no objection filed, a hearing often is not needed. Here, however, Kosachuk and NLG's former attorney Juan Ramirez, Jr objected to the settlement and America's Asset Management LLC, and Defendants in the above referenced adversary case 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and principal Sean Neil Meehan object to the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan the Settlement Agreement.

America Asset Management LLC, Defendants in the above referenced adversary case 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and NLG's Judgment creditor America Asset Management LLC, and principal Sean Neil Meehan object to the Trustee's Motion for the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan as they never received the Settlement Agreement and were never informed of the contents of the settlement or agreed to it.

In Cotton v. Bank South, 992 F.2d 311 (11th Cir. 1993), the Eleventh Circuit Court of Appeals considered whether a debtor to a settlement agreement must comply with the terms of the settlement he reached with his creditor before he could dismiss his Chapter 12 case. In that case, the court allowed the debtor to dismiss the case, without first honoring the terms of the settlement. In the ruling, the Eleventh Circuit Court of Appeals did not discuss the binding nature of settlement agreements, pending court approval, but instead relied on the debtor's absolute right to dismiss a Chapter 12 case. The court held that, absent fraud, a court does not have discretion to interfere with a Chapter 12 debtor's right to dismiss the case pursuant to Section 1208(b) of the Bankruptcy Code and reversed the lower courts that enforced the terms of the settlement agreement as a condition precedent to dismissal. However, one can infer from the decision that the settlement agreement was not binding pending court approval. Certainly,

the settlement did not stop the debtor from dismissing his case and avoiding the impact of the debtor's agreement with his creditor.

**Other courts, probably the majority, throughout the country similarly have concluded that settlements in bankruptcy cases are *not* binding on the parties until bankruptcy court approval is obtained.** In re Blehm Land & Cattle Co., 859 F.2d 137 (10th Cir. 1988); In re Glickman, Berkovitz, Levinson & Weiner, 204 B.R. 450 (E.D.Pa. 1997); In re Masters, Inc., 149 B.R. 289 (E.D.N.Y. 1992); Reynolds v. Commission of Internal Revenue, 861 F.2d 469 (6th Cir. 1988); In re Rothwell, 159 B.R. 374 (Bankr. D.Mass. 1993); In re Nationwide Sports Dist., Inc., 227 B.R. 455 (Bankr. E.D.Pa. 1998); In re Bramham, 38 B.R. 459 (Bankr. D.Nev. 1984); In re Cincinnati Microwave, Inc., 210 B.R. 130 (Bankr.S.D.Ohio 1997) (until it has been approved by a bankruptcy court, a settlement is not enforceable).

**Within the Eleventh Circuit and the Middle District of Florida, courts generally have adopted the majority view that settlement agreements are not enforceable between the parties prior to approval by the bankruptcy court.** In re Tarrant, 349 B.R. 870 (Bankr.N.D.Ala.2006) (compromise has no effect until approved by a bankruptcy court); In re Degenaars, 261 B.R. 316 (Bankr.M.D.Fla.2001); *but see* In re Harrell, 351 B.R. 221 (Bankr.M.D.Fla. 2006) (upon signing by both parties, a valid and binding contract was formed, subject only to compliance with a stated condition precedent to a contract).

On the other hand, those courts that delay enforcing settlement agreements until a court has reviewed and approved the terms of a settlement focus on the bankruptcy process and the need for creditors to stay informed. **A rule requiring court approval first "prevents debtors from entering into secret agreements and safeguards the rights of creditors who otherwise**

might be harmed by providing them with an opportunity to object to the proposed settlement if they find it unsatisfactory." Columbia Gulf Transmission Co. v. Louisiana Natural Gas Pipeline, Inc., No. 93-239, 1994 WL 693361, at *3 (E.D.La. Dec. 9, 1994) (unreported), citing In re Masters, 149 B.R. 289, 291-292 (E.D.N.Y. 1992); In re Rothwell, 159 B.R. 374, 378 (Bankr.Ct. D.Mass.,1993). **Requiring creditor notice and court approval also allows the bankruptcy court to consider whether the agreement maximizes the recovery to the creditors in the estate** or, instead, rewards just one creditor or the debtor at the expense of all others.

A clear, bright line rule making settlement agreements effective only upon court approval lessens the risk that one party will start to perform and then the other party reap the benefits but rescind the agreement. A bright line rule also will encourage parties to obtain approval for the settlement agreement, so that both sides will get the benefit of their bargain, assuming the agreement is fair and equitable and in the best interest of the bankruptcy estate.

**Accordingly, the Court should conclude that either party to a settlement agreement with a Chapter 7 trustee can rescind the agreement, until such time as the bankruptcy court approves the settlement.** At that point, and only at that point, the settlement becomes enforceable against both parties. **Here, Hazan is seeking to rescind the agreement with the Chapter 7 trustee prior to approval by this Court. Therefore, Hazan may rescind her agreement with the trustee.**

For purposes of completeness, however, Hazan addresses two other arguments relating to the enforceability of the settlement agreement. Hazan asserts that she was not represented by counsel when she executed the settlement agreement with the trustee on September 29, 2022. There is no issue that Hazan was not represented when she executed the Settlement Agreement.

Hazan called several times Jesse Harris explaining to him that she didn't understand the terms of the settlement, Jesse Harris's response was "let me help you Ms. Hazan ... this is in your best interest Ms. Hazan ..".

**<u>If they had any contemporaneous belief that Hazan could not understand the terms of the settlement, a counsel of this caliber should not have allowed Hazan to sign the agreement.</u>**

Prior the execution of the Settlement Agreement and at the time the settlement was executed, Hazan's ex-husband Sean Meehan was never made aware of the terms of the agreement and never agreed to it. Sean Meehan and his corporations America Asset Management LLC and Selective Advisors Group LLC never received a copy of the proposed Settlement Agreement or participated in the negotiation of the Settlement agreement. NLG's judgment creditor America Asset Management LLC was never served with a copy of the settlement or was afforded an opportunity to comment approve or disapprove a settlement. Same applies to 9197-5904 Quebec inc.

Lastly, Hazan argues that she can rescind the settlement agreement because she signed it with a mistaken idea, either due to a mutual mistake she shared with the trustee's counsel Jesse Harris or due to a negligent misrepresentation made by the trustee's counsel. **<u>Certainly, settlements are subject to rescission when the parties entered into the agreements under some material mistaken assumptions. That is also the case here.</u>**

Courts follow normal contract interpretation rules when they interpret settlement agreements. <u>Robbie v. City of Miami</u>, 469 So.2d 1384, 1385 (Fla. 1985); <u>In re Sure-Snap Corp.</u>, 91 B.R. 178 (Bankr.S.D.Fla.1988). Following these rules, rescission of a contract is an adequate remedy where the parties to the contract labor under a mutual mistake, which is material to the

transaction. <u>Mar-Char Enter., Inc. v. Charlie's The Lakes Restaurant, Inc.</u>, 451 So.2d 930 (Fla. 3rd Dist.Ct.App.), *review denied*, 461 So.2d 113 (Fla. 1984). A mistake is mutual when the parties agree to one thing and then, due to either a scrivener's error or inadvertence, express something different in the written instrument. <u>Circle Mortgage Corp. v. Kline</u>, 645 So.2d 75, 78 (Fla. 4th Dist.Ct.App. 1994). Mutual mistakes must be proven by clear and convincing evidence. <u>Resort of Indian Spring, Inc. v. Indian Spring Country Club, Inc.</u>, 747 So.2d 974, 976-77 (Fla. 4th Dist.Ct.App. 1999).

    Similarly, a settlement agreement is subject to rescission when one party negligently misrepresents a material fact and the other party, relying on the misrepresentation, is damaged. A party seeking rescission of an agreement for negligent misrepresentation must prove these elements: (i) the misrepresentation of material fact; (ii) the party making the statement must know of the misrepresentation, make the representation without knowledge as to its truth or falsity, or make the representation under the circumstances in which he *ought* to have known of its falsity; (iii) the party making the statement must intend that the representation induce another to act on it; and (iv) injury must result to the party in justifiable reliance on the misrepresentation. <u>Baggett v. Electricians Local 915 Credit Union</u>, 620 So.2d 784, 785 (Fla. 2d Dist.Ct.App. 1993); <u>see also</u> <u>Wallerstein v. Hospital Corp. of America</u>, 573 So.2d 9, 9 (Fla. 4th Dist.Ct.App. 1990); <u>Fote v. Reitano</u>, 46 So.2d 891 (Fla. 1950).

    Hazan relies on two basic aspects of this case to argue that her settlement agreement with the trustee should be rescinded due to some mistake or misstatement of fact. Specifically, Hazan contends that the trustee misrepresented that they will cause the dissolution of NLG when in reality NLG has been dissolved several years ago.

Second, Hazan contends that the trustee can not foreclose on Hazan's property as the Fisher

Island residence is Hazan's homestead and Trustee's counsel removed the language "allowed to foreclose" from the settlement agreement but argued otherwise at the hearing held on October 25, 2022 on the Trustee's Motion to Approve Settlement. The trustee's counsel failed to disclose the Settlement agreement to NLG's Judgment Creditor America Asset Management LLC and Defendants, Selective, Quebec, Houle and Sean Neil Meehan may have in the settlement.

Hazan justifiably relied upon this sole representation made by the trustee's counsel Jesse Harris who put a lot of pressure on her to induce her to sign the Settlement agreement knowing she didn't understand the terms of the agreement. Certainly, there was mistake and negligent misrepresentation by the trustee's counsel.

Sean Meehan contends that the trustee failed to disclose the settlement to him, Raymond Houle, and 9197-5904 Quebec, Inc and America Asset Management LLC who have an interest in. Indeed, the trustee joined the Adversary Proceeding seeking a declaratory judgment against Quebec and Selective.

However, Selective and Quebec, Raymond Houle, America Asset and Sean Meehan were not served by the Trustee with a copy of the settlement or made part of the settlement or executed the settlement.

Sean Meehan and Selective and America Asset Management's interests are not aligned anymore with Elizabeth Hazan's personal interests as Hazan and Meehan are divorced.

Hazan was acting under mutual mistake when the settlement agreement was signed. Hazan contends that she was not aware that NLG was dissolved and revoked. Moreover, Hazan contends that the trustee's counsel made some material misrepresentation to Ms. Hazan to induce her into signing the settlement without any legal authority to settle NLG's claims against Defendants 9197-5904 Quebec Inc and Selective on behalf of Selective Advisors Group LLC

and 9197-5904 Quebec Inc.

Therefore, the Court should conclude that Hazan signed the settlement agreement under some mutual mistake, and to a negligent misrepresentation by the trustee's counsel. Indeed, the Court specifically should conclude that the trustee's counsel Jesse Harris made misrepresentation to Ms. Hazan.

## CONCLUSION

After all of this analysis, NLG, as a dissolved Delaware corporation, has no enforceable claim against 9197-5904 Quebec, Inc. or Selective. Liza Hazan has no legal authority to settle NLG's claims against Defendants 9197-5904 Quebec Inc and Selective on behalf Defendants Advisors Group LLC and 9197-5904 Quebec Inc. The Settlement Agreement is null and void.

As to Hazan's ability to rescind her settlement agreement with the trustee, she can unilaterally rescind the agreement because the Court had not previously approved the Settlement agreement with the Trustee Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC (the "Debtor"). Accordingly, Interested party Liza Hazan is filing her rescission of the Settlement Agreement, respectfully asking the Court to Rescind Settlement Agreement with the Trustee Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC (the "Debtor") filed on September 30, 2022 in Adv. No. 22-50086 (JKS) [D.I. 84] and Deny the Trustee's Motion for an Order Approving the Settlement Agreement by and among the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC and Liza Hazan [D.I. 84].

NLG's judgment creditor America Asset Management LLC, Defendants 9197-5904 Quebec Inc, and Selective Advisors Group LLC, and Sean Neil Meehan object to the entry of an Order Approving Agreement by and among the Chapter 7 Trustee and Liza Hazan and pray

that the Court rescind the Settlement Agreement by and among the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC and Liza Hazan and deny the Trustee's motion to approve Settlement Agreement by and among the Trustee Alfred T. Giuliano, the Chapter 7 trustee for the estate of NLG, LLC and Liza Hazan.

Respectfully submitted,

Dated: November 14, 2022

*[signature]*

6913 Valencia Drive
Miami FL 33109
(212) 920 6605
Lizahazan77@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | (Involuntary) |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC, | |
| Plaintiff, | Adv. No. 22-50086 (JKS) |
| v. | |
| Selective Advisors Group LLC and 9197-5904 Quebec, Inc., | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 14, 2022 a true and correct copy of the foregoing was overnighted to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Liza Hazan.

Respectfully submitted,

**LIZA HAZAN**
*Pro Se*

6913 Valencia Drive
Miami Fl 33109
(212) 920 6605
Lizahazan77@gmail.com