FILED

**IN THE UNITED STATES BANKRUPTCY** -9 AM 9:16
**COURT FOR THE DISTRICT OF DELAWARE**

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 (Involuntary) Case |
| NLG, LLC, a Delaware LLC | No. 21-11269 (JKS) [D.I. 84]. |
| Debtor. | Related D.I. 84, 86, 97, and 98 and D.I. 101 |
| ALFRED T. GIULIANO, the Chapter 7 | Adversary Proceeding No. 22-50086 (JKS) Case |
| | Adv. Related D.I. 32, 34, 35, 41, 42 and 44 |

### LIZA HAZAN'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO APPEAR AT THE HEARING ON DECEMBER 16, 2022, AT 2:00 PM VIA ZOOM

Interested party Liza Hazan a/k/a Elizabeth Hazan ("Liza Hazan"), as *a pro se*, files her Response to the Court's Order to Show Cause entered on November 18, 2022 [D.I. 101] and files a Motion to Appear at the hearing set on December 16, 2022 at 2:00 PM via Zoom and in support respectfully avers as follows:

### A. THE AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND LIZA HAZAN WAS RESCINDED AND IS NULL AND VOID

On September 29, 2022, Liza Hazan, a/k/a Elizabeth Hazan entered into a settlement agreement with Alfred Giuliano, the Chapter 7 trustee for the estate of NLG, LLC, ("The Settlement Agreement") drafted and presented by Trustee's counsel Jesse Harris of the law firm Fox Rothschild LLP. Mr. Harris has constantly put pressure on Ms. Hazan and tried to extort her by saying that he "would contact the Justice Department if she didn't sign the Agreement". Mr. Harris also stated that "if the Settlement didn't get signed the Trustee would file a malpractice claim against him and the law Firm Fox Rothschild LLP". The trustee and his

counsel were fully aware that NLG had no remaining claims against Selective, Quebec and

Hazan since the beginning of the case.

On March 17, 2022, Ms. Hazan's counsel David Langley wrote an email to Jesse Harris,

attaching all decisions entered by various courts against NLG and Kosachuk, stated as follows:

"Mr. Harris:

I represent Elizabeth Hazan in a confirmed and discharged Chapter 11 proceeding in the Southern District of Florida. I believe we spoke by phone once on a conference call concerning the NLG involuntary case.

I have filed a Motion for Contempt and Sanctions (attached) against Chris Kosachuk for the filing of a lis pendens (the seventh filed by him and his attorneys) against Ms. Hazan's home. His actions are preventing a closing from moving forward as referenced in the Motion and the attached Declaration of title attorney Michael Simon.

As mentioned in the Declaration, the pending adversary proceeding, Case No. 21-51264, is also preventing the issuance of title insurance. I understand that you represent the Trustee and that the Trustee has taken over as Plaintiff of the adversary proceeding. I suggest that a brief review of the allegations in the Adversary Complaint, filed by the owner of NLG, not NLG itself, and seeking to collaterally attack a ten year old judgment, will reveal the frivolous nature of the complaint. It is one of many attempts to attack that judgment that have all failed. A review of the Motion to Dismiss, ECF 12, and the Memorandum of Law, ECF 13, will further show that the claim is barred by res judicata and the case is time barred.

I am writing to request the Trustee's assistance is obtaining an immediate dismissal, with prejudice, of this frivolous action. As noted in the Declaration of the title attorney, the adversary case is preventing a closing on Ms. Hazan's home, which is causing significant financial damage, as more fully described in the Motion for Contempt. Now that the Trustee has taken responsibility for the adversary (as he should), it is also his responsibility to avoid further financial harm caused by its filing. Please discuss this with the Trustee and let me know how he intends to proceed. I see that you have a status conference set for March 29th. My motion is set for hearing the next day. I need to know in advance of that hearing if I need to join the Trustee as Plaintiff in the adversary. Thank you for your prompt attention to this matter."

Then on March 21, 2022, Ms. Hazan's counsel David Langley wrote another email to

Jesse Harris attaching all various decisions entered against NLG and stated as follows:

"Jesse:

Thank you for your call. I was hoping we could get a hearing on the Motion to Dismiss before the adversary was voluntarily dismissed, but I see that I am too late. Alternatively, I would like you to reconsider whether there is any point in re-filing anything in the Delaware Bankruptcy Court.

Attached are a number of pertinent rulings on the issues we discussed. The Second Circuit decision is a key one. That was an appeal from a District Court decision dismissing the identical claim brought in the District Court for the Southern District of New York. Beginning on page 7 the Court determines that the challenge to the Judgment by Confession brought by Kosachuk in May, 2019, was time barred. Note also that the Second Circuit disagreed with the District Court on whether the claim was barred by the Rooker Feldman doctrine because that claim was filed by Kosachuk. A similar claim brought by the Trustee on behalf of NLG, however, would clearly be barred by Rooker Feldman.

You should also read Judge Hagler's comments on page 26 of the transcript of his ruling. The arguments Kosachuk has made to you, and that you repeated to me, have been rejected by every court that has addressed them. Further, the Final Judgment entered in the Adversary Proceeding against NLG by Judge Cristol states, "This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom".

Judge Cristol's Final Judgment has been upheld by the Eleventh Circuit. The Eleventh Circuit also upheld the dismissal of the appeal based on equitable mootness. NLG never sought nor obtained a stay pending appeal. It forfeited its rights, if any, to challenge the Final Judgment and the Confirmation Order. **Nothing that Kosachuk attempted to do in the Delaware adversary would alter that outcome. Nothing that the Trustee could possibly do would alter that outcome. The Trustee has no possible claim against Ms. Hazan's homestead property.** NLG is not even the plaintiff in the Gordo foreclosure case. Selective has been substituted as party plaintiff. That State Court ruling was appealed and the appeal denied. That case is also final and closed.

However, your stipulation to dismiss the adversary without prejudice while you consider the Trustee's position has prevented the issuance of a title policy on Ms. Hazan's property, causing her substantial damage. While you consider the Trustee's alternatives, I request you give immediate attention to whether the re-filing of a frivolous adversary in the Delaware Bankruptcy Court should be one of them. If not, then we would like to know. As we discussed, the Motion for Sanctions against Kosachuk is set for hearing on March 30th before Judge Cristol. I would greatly appreciate it if you could let us know before that hearing whether the Trustee will be refiling the adversary. If not, then I would ask that you make an appearance at the hearing on behalf of the Trustee, as possible successor to Kosachuk on the adversary claim. As I advised by phone, Ms. Hazan's is at risk of losing her home to a HOA foreclosure if no action is taken by the Trustee. Please let me hear from you." Both David Langley's emails are attached as **Ex. A.**

On or about August, 2022, attorney Jesse Harris coerced Liza Hazan to settle with the Trustee without ever sharing the settlement agreement with Selective Advisors Group, LLC ("Selective"), America Asset Management LLC ("AAM"), Raymond Houle ("Houle"), Hazan's ex-husband Sean Neil Meehan ("Meehan") or 9197-5904 Quebec, Inc ("Quebec") or any of the releasees attorneys for these parties or obtaining their consent.

The Settlement Agreement provided with a Bar Order.

The Order approving this Settlement Agreement shall include language substantially similar to the following:

"All creditors of NLG holding claims as of the Petition Date are hereby enjoined from commencing, continuing, or employing any derivative action, process, or act to collect, recover, or offset any debts as personal liability of the Hazan Releasees, or from property of the Hazan Releasees."

On the same day of the filing of trustee's Motion to Approve the settlement agreement, by Mr. Harris, on September 30, 2022, Chris Kosachuk filed a new case against selective and Quebec, in Supreme Court of the State of New York before the Honorable Judge Lucy Billings, seeking once again to vacate the 2012 New York judgment against NLG, notwithstanding the fact that all the various courts have ruled against him and NLG and Ramirez, and that the trustee and his lawyers have already conceded that the 2012 New York cannot be vacated as Mr. Harris stated in the trustee's Motion to approve settlement at page 11 of 15 D.I. 84 "Putting the many other procedural issues aside, Kosachuk continues to make the argument that no statute of limitations applies to NLG's claims. What he fails to recognize, however, is that there is a time limitation under which claims must be brought, regardless of whether a specific statute of limitations exists. Under § 5015 of the New York Civil Practice Law and Rules—the predicate for the Adversary Proceeding's requested relief—claims still must be brought "within a reasonable time." See Sieger v. Sieger, 859 N.Y.S.2d 240, 243 (2d Dep't 2008). And here, the Second Circuit, reviewing Judge

Cote's decision, specifically found that "Kosachuk's more than six-year delay was plainly unreasonable." Chris Kosachuk and NLG, LLC v. Selective Advisors Grp., LLC, Case No. 1:19-cv-04169, P.8 (2d. Cir. 2020) (the "Second Circuit Decision"). "But at this point, the Adversary Proceeding involves a cluster of decisions from various courts that, in and of themselves, prove the litigation would not be simple. Issues including, but not limited to, res judicata, collateral estoppel, Rooker-Feldman Doctrine, timeliness, personal jurisdiction, subject matter jurisdiction, and equitable mootness would first need to be resolved without even addressing the transactions themselves. As a pro-se litigant, Kosachuk cannot be faulted for failing to understand these issues, but they exist whether he recognizes them or not." Attached Kosachuk's new complaint as **EX. B.**

On October 25, 2022, at the hearing on the Trustee's Motion to approve the Settlement, the trustee and his counsels also argued and conceded that NLG's Mortgage and Judgment on the Note ("The Scola Judgment") and all of NLG's rights, claims and benefits against Elizabeth Hazan were assigned to Selective pursuant to the Miami-Dade Judge Peter Lopez's Final Order dated August 20, 2014 and the NLG's Mortgage Foreclosure entered by Miami Dade Judge Monica Gordo was also assigned to Selective and redeemed by Elizabeth Hazan and deemed paid and satisfied by the Honorable Judge A Jay Cristol after a multi-day trial in Bankruptcy Court ("the Cristol Final Judgment"). The Cristol Final Judgment was upheld on appeal by Miami District Judge Rodney Smith and by the Eleventh Circuit Court of Appeals.

Chris Kosachuk and Juan Ramirez, Jr objected to the settlement. America Asset Management LLC, Selective Advisors Group, LLC, Sean Neil Meehan, Raymond Houle and Quebec filed an objection of the Trustee's motion to approve the settlement, as they were never notified or copied in the settlement discussions between the Trustee and Hazan, never informed of the contents of the settlement and agreed to the settlement and did not execute the settlement.

## B) THE SETTLEMENT MOTION SHOULD BE DISMISSED AS MOOT

The Settlement Agreement is between only two parties—Hazan and the trustee and should have included Selective, Quebec, Raymond Houle, Sean Neil Meehan and the lawyers that the trustee intends to release. The Settlement provided for dismissal of the pending adversary cases against Selective and Quebec and releases for certain attorneys.

On November 14, 2022 Hazan filed a rescission of the Settlement and an objection to the Trustee's Motion to approve the Settlement. Meehan, AAM and Selective also filed an objection to the settlement by and among the Trustee and Hazan.

Courts have concluded that settlements in bankruptcy cases are *not* binding on the parties until bankruptcy court approval is obtained. In re Blehm Land & Cattle Co., 859 F.2d 137 (10th Cir. 1988); In re Glickman, Berkovitz, Levinson & Weiner, 204 B.R. 450 (E.D.Pa. 1997); In re Masters, Inc., 149 B.R. 289 (E.D.N.Y. 1992); Reynolds v. Commission of Internal Revenue, 861 F.2d 469 (6th Cir. 1988); In re Rothwell, 159 B.R. 374 (Bankr. D.Mass. 1993); In re Nationwide Sports Dist., Inc., 227 B.R. 455 (Bankr. E.D.Pa. 1998); In re Bramham, 38 B.R. 459 (Bankr. D.Nev. 1984); In re Cincinnati Microwave, Inc., 210 B.R. 130 (Bankr.S.D.Ohio 1997) (until it has been approved by a bankruptcy court, a settlement is not enforceable).

Within the Eleventh Circuit and the Middle District of Florida, courts generally have adopted the majority view that settlement agreements are not enforceable between the parties prior to approval by the bankruptcy court. In re Tarrant, 349 B.R. 870 (Bankr.N.D.Ala.2006) (compromise has no effect until approved by a bankruptcy court); In re Degenaars, 261 B.R. 316 (Bankr.M.D.Fla.2001); *but see* In re Harrell, 351 B.R. 221 (Bankr.M.D.Fla. 2006) (upon signing by both parties, a valid and binding contract was formed, subject only to compliance

with a stated condition precedent to a contract).

Accordingly, the Court should conclude that either party to a settlement agreement with a Chapter 7 trustee can rescind the agreement, until such time as the bankruptcy court approves the settlement. At that point, and only at that point, the settlement becomes enforceable against both parties. Here, Hazan filed a rescission of Settlement Agreement with the Chapter 7 trustee prior to approval by this Court. Therefore, the Court should conclude that the trustee's Motion to approve the Settlement is dismissed as moot.

### C) BANKRUPTCY COURT MIAMI DIVISION ORDER GRANTING LIZA HAZAN'S FINAL DECREE CLOSING CASE

On November 17, 2022, the Bankruptcy Court granted Reorganized and Discharged Liza Hazan's Motion for entry of Final Decree Closing Case 16-10389-AJC Doc 1361 ruling as follows:

"On September 9, 2019, the Honorable United States Court Southern District of Florida Judge Rodney Smith granted Ms. Hazan's Motion to Dismiss NLG, LLC's Appeal of this Court's Final Judgment that concluded that NLG, LLC is not a creditor in this case, NLG, LLC's Proof of Claim is disallowed and NLG, LLC has no claim against Hazan under the Note, Mortgage or any Court Order. See Final Judgment Adversary case 16-01439-AJC entered on November 1, 2017 ( ECF No. 238). See Adversary case 16-01439-AJC (ECF No. 386). The United States Court Southern District of Florida Judge Smith found that "[t]he Plan called for all pre-petition property of the estate to re-vest in the Reorganized Debtor and that has happened. Second, Hazan has assumed all obligations and management of all property dealt with by the Plan. Third, Hazan has commenced distributions under the Plan, has made payments under the Plan, and has substantially completed distributions to unsecured creditors under the Plan. Hazan has made more that $500,000 in distributions. After the filing of the instant motion to dismiss, Hazan was granted a discharge in her bankruptcy." Judge Smith concluded that NLG, LLC's Appeal of this Court's Final Judgment was equitably moot and that the *Rooker-Feldman* doctrine was not applicable. See Adversary case 16-01439-AJC (ECF No. 386).
On September 1, 2021 the United States Court of Appeals for the Eleventh Circuit unanimously affirmed the District's Court Order of the Honorable Judge Smith dismissing NLG, LLC's Appeal of this Court's Final Judgment that concluded that NLG, LLC is not a creditor in this case, NLG, LLC's Proof of Claim is disallowed and NLG, LLC has no claim against Hazan under the Note, Mortgage or any court order. See Final Judgment Adversary case 16-01439-AJC entered on November 1, 2017 (ECF No. 238). (ECF No. 1047). The United States Court of Appeals for the Eleventh Circuit also concluded that Ms. Hazan has substantially consummated the plan (ECF No. 1047). All adversary cases have been concluded and are closed.

All appeals have been ruled in favor of Ms. Hazan. On April 20, 2022, the Honorable Judge Darrin P. Gayles dismissed NLG, LLC's Appeal of the Confirmation Order holding that "[t]he Plan has been substantially consummated ... as that term is defined in the Bankruptcy Code[1], . . . " and stated that "[I]n the related case, the Eleventh Circuit found that "[t]he Plan has been substantially consummated" because all pre-petition property of the estate re-vested in Hazan, Hazan assumed management of all the property, and Hazan commenced distribution under the Plan. *In re Hazan*, 10 F.4th at 1253. Because the Plan has been substantially consummated, a finding that the instant appeal is equitably moot is warranted." (ECF No. 1089)." Orders are attached as **Ex. C.**

### D) LIZA HAZAN SHOULD BE ALLOWED TO APPEAR AT THE DECEMBER 16 HEARING AT 2:00PM VIA ZOOM

Ms. Hazan is respectfully requesting that she be allowed to appear at the hearing set on December 16, 2022 at 2:00 PM via Zoom as she is scared of Chris Kosachuk and that he may physically harm her or even kill her as he did in the past he physically attacked her while she is seating in her car, stood for hours outside her building in New York, trespassed her house on Fisher island, also broke into her home, impersonated her New York lawyer Darius Marzec in order to get access to her New York apartment while he was talking to the doorman, he physically pushed Darius Marzec and told him "this is what you get to be a faggot", he called Hazan a "Fuckn jew", that he would "bury her alive", he also said in an email "Enjoy the Fifth Avenue apartment and the Bentley your days are numbered .." See attached police reports and New York Supreme Court's Order granting sanctions in favor of Hazan and against Chris Kosachuk. Police Reports are attached as **EX. D.** The Court should grant Ms. Hazan's Motion to Appear at the hearing set on December 16, 2022, at 2:00 PM via Zoom.

### CONCLUSION

After all of this analysis, NLG, as a dissolved Delaware corporation, has no enforceable claim against 9197-5904 Quebec, Inc., Selective or Hazan. As to Hazan's ability to rescind her settlement agreement with the trustee, she can unilaterally rescind the agreement because the Court had not previously approved the Settlement agreement with the Trustee Alfred T.

Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC (the "Debtor").

Accordingly, interested party Liza Hazan is respectfully asking the Court to order as follows:

(1) the Settlement Motion is dismissed as moot as the Settlement Agreement by and among

Liza Hazan with the Trustee Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for

the estate of NLG, LLC (the "Debtor") filed on September 30, 2022 in Adv. No. 22-50086

(JKS) [D.I. 84] was rescinded by Liza Hazan prior of approval by the Court;

(2) the Debtor's estate has no assets that the Trustee must administer as he testified at the

hearing on October 25, 2022, as follows:

> A. I'm serving as the Chapter 7 bankruptcy trustee. At this point
> in time, I'm liquidating what little assets there are, and then we'll
> examine claims and file a final report.
>
> Q. Okay. And are there any other possible assets other than
> these potential claims?
>
> A. Not meaningful assets, no.

(3) the Chapter 7 bankruptcy case should not be dismissed with prejudice;

(4) the adversary actions associated with the main case,7 should be dismissed with prejudice

because of the opinions, orders, and decisions listed in the Order for Rule to Show cause

D.I. 44.

Grant such and further relief as the court may deem just and equitable.

Respectfully submitted,
Dated: December 8, 22

Liza Hazan

Liza Hazan a/k/a Elizabeth Hazan
6913 Valencia Drive
Miami, Fl 33109
Tel: (212) 9206605
 Email: elizabethhazan07@gmail.com
*Pro Se Interested Party*

# Exhibit A

# EXHIBIT A

 Gmail

elizabeth hazan <elizabethhazan07@gmail.com>

## RE: In re NLG, LLC Case No. 21-11269-JKS; Adversary Case No. 21-51264-JKS

**David W. Langley** <dave@flalawyer.com>                                            Mon, Mar 21, 2022 at 1:12 PM
To: jesseharris@foxrothschild.com

Jesse:

Thank you for your call.  I was hoping we could get a hearing on the Motion to Dismiss before the adversary was voluntarily dismissed, but I see that I am too late.  Alternatively, I would like you to reconsider whether there is any point in re-filing anything in the Delaware Bankruptcy Court.

Attached are a number of pertinent rulings on the issues we discussed. The Second Circuit decision is a key one. That was an appeal from a District Court decision dismissing the identical claim brought in the District Court for the Southern District of New York.  Beginning on page 7 the Court determines that the challenge to the Judgment by Confession brought by Kosachuk in May, 2019, was time barred.  Note also that the Second Circuit disagreed with the District Court on whether the claim was barred by the Rooker Feldman doctrine because that claim was filed by Kosachuk. A similar claim brought by the Trustee on behalf of NLG, however, would clearly be barred by Rooker Feldman.

You should also read Judge Hagler's comments on page 26 of the transcript of his ruling. The arguments Kosachuk has made to you, and that you repeated to me, have been rejected by every court that has addressed them.  Further, the Final Judgment entered in the Adversary Proceeding against NLG by Judge Cristol states,  "This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom".

Judge Cristol's Final Judgment has been upheld by the Eleventh Circuit. The Eleventh Circuit also upheld the dismissal of the appeal based on equitable mootness.  NLG never sought nor obtained a stay pending appeal.  It forfeited its rights, if any, to challenge the Final Judgment and the Confirmation Order.  Nothing that Kosachuk attempted to do in the Delaware adversary would alter that outcome.  Nothing that the Trustee could possibly do would alter that outcome.  The Trustee has no possible claim against Ms. Hazan's homestead property.  NLG is not even the plaintiff in the Gordo foreclosure case.  Selective has been substituted as party plaintiff.  That State Court ruling was appealed and the appeal denied.  That case is also final and closed.

However, your stipulation to dismiss the adversary without prejudice while you consider the Trustee's position has prevented the issuance of a title policy on Ms. Hazan's property, causing her substantial damage.  While you consider the Trustee's alternatives, I request you give immediate attention to whether the re-filing of a frivolous adversary in the Delaware Bankruptcy Court should be one of them.  If not, then we would like to know.  As we discussed, the Motion for Sanctions against Kosachuk is set for hearing on March 30th before Judge Cristol.  I would greatly appreciate it if

you could let us know before that hearing whether the Trustee will be refiling the adversary.  If not, then I would ask that you make an appearance at the hearing on behalf of the Trustee, as possible successor to Kosachuk on the adversary claim.   As I advised by phone, Ms. Hazan's is at risk of losing her home to a HOA foreclosure if no action is taken by the Trustee.  Please let me hear from you.


*David W. Langley, Attorney at Law*

*Pine Island Commons*

*8551 W. Sunrise Boulevard, Suite 303*

*Plantation, Florida 33322*

*Tel: 954-356-0450*

*Fax: 954-356-0451*


This communication is attorney privileged and confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone at 954-356-0450 and return the original message to us at the e-mail address of dave@flalawyer.com.  Thank you.


**From:** David W. Langley <dave@flalawyer.com>
**Sent:** Thursday, March 17, 2022 8:50 PM
**To:** 'jesseharris@foxrothschild.com' <jesseharris@foxrothschild.com>
**Subject:** In re NLG, LLC Case No. 21-11269-JKS; Adversary Case No. 21-51264-JKS


Mr. Harris:


I represent Elizabeth Hazan in a confirmed and discharged Chapter 11 proceeding in the Southern District of Florida. I believe we spoke by phone once on a conference call concerning the NLG involuntary case.


I have filed a Motion for Contempt and Sanctions (attached) against Chris Kosachuk for the filing of a lis pendens (the seventh filed by him and his attorneys) against Ms. Hazan's home.  His actions are preventing a closing from moving forward as referenced in the Motion and the attached Declaration of title attorney Michael Simon.


As mentioned in the Declaration, the pending adversary proceeding, Case No. 21-51264, is also preventing the issuance of title insurance. I understand that you represent the Trustee and that the Trustee has taken over as Plaintiff of the adversary proceeding.  I suggest that a brief review of the allegations in the Adversary Complaint, filed by the owner of NLG, not NLG itself, and seeking to collaterally attack a ten year old judgment, will reveal the frivolous nature of the complaint. It is one of many attempts to attack that judgment that have all failed.  A review of the Motion to

Dismiss, ECF 12, and the Memorandum of Law, ECF 13, will further show that the claim is barred by res judicata and the case is time barred.

I am writing to request the Trustee's assistance is obtaining an immediate dismissal, with prejudice, of this frivolous action. As noted in the Declaration of the title attorney, the adversary case is preventing a closing on Ms. Hazan's home, which is causing significant financial damage, as more fully described in the Motion for Contempt. Now that the Trustee has taken responsibility for the adversary (as he should), it is also his responsibility to avoid further financial harm caused by its filing. Please discuss this with the Trustee and let me know how he intends to proceed. I see that you have a status conference set for March 29th. My motion is set for hearing the next day. I need to know in advance of that hearing if I need to join the Trustee as Plaintiff in the adversary. Thank you for your prompt attention to this matter.

*David W. Langley, Attorney at Law*

*Pine Island Commons*

*8551 W. Sunrise Boulevard, Suite 303*

*Plantation, Florida 33322*

*Tel: 954-356-0450*

*Fax: 954-356-0451*

This communication is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 954-356-0450 and return the original message to us at the e-mail address of dave@flalawyer.com. Thank you.

**From:** elizabeth hazan <elizabethhazan07@gmail.com>
**Sent:** Thursday, March 17, 2022 12:27 PM
**To:** Dave Langley Office <dave@flalawyer.com>
**Subject:** Fwd: Lis pendens

Sent from my iPhone

Begin forwarded message:

> **From:** elizabeth hazan <elizabethhazan07@gmail.com>
> **Date:** March 7, 2022 at 1:36:26 PM EST
> **To:** jesseharris@foxrothschild.com

12/5/22, 9:26 AM

**Subject: Fwd: Lis pendens**


Sent from my iPhone

Begin forwarded message:

> **From:** elizabeth hazan <elizabethhazan07@gmail.com>
> **Date:** March 7, 2022 at 1:32:35 PM EST
> **To:** jesseharris@foxrothschild.com
> **Subject: Lis pendens**

---

**10 attachments**

📄 **Cote Decision Denying Reconsideration.pdf**
150K

📄 **10.14.2020 Judge Cote Order after remand case 19-cv-04844-DLC DOC 103.pdf**
125K

📄 **Kosachuk MTD Order Cote decision 9-30-19 Doc 94 .pdf**
188K

📄 **Second Circuit Decision .pdf**
271K

📄 **HAGLER DECISION CASE 101875-2012   1-7-2020.pdf**
1300K

📄 **2020_02664_Chris_Kosachuk_v_9197_5904_Quebec_Inc_et_al_ORDER_23. 3-4-2021 ORDER DISMISSING APPEAL .pdf**
81K

📄 **2020_02664_Chris_Kosachuk_v_9197_5904_Quebec_Inc_et_al_ORDER_26.  4-6-2021 .pdf**
81K

📄 **APPEAL 2020_02664_Chris_Kosachuk_v_9197_5904_Quebec_Inc_et_al_ORDER_30. JUNE 1-2021 .pdf**
87K

📄 **HAGLER DECISION CASE 101875-2012   1-7-2020.pdf**
1300K

📄 **DE 238 Final Judgment.pdf**
120K

# Exhibit B

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 09/30/2022

**EXHIBIT B**

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

---------------------------------------------------------- )

In the Matter of

CHRIS KOSACHUK

               Petitioner,

-against-

9197-5904 QUEBEC, INC. &

SELECTIVE ADVISOR GROUP, LLC, F/K/A
SELECTIVE ADVISORS GROUP, LLC,
a Delaware Limited Liability Company

               Respondents.

---------------------------------------------------------- )

INDEX NO._____

**VERIFIED PETITION**

## TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK:

     Petitioner Chris Kosachuk hereby petitions this Court and states the

following:

### NATURE OF THIS SPECIAL PROCEEDING

     1.    Petitioner brings this special proceeding, pursuant to the applicable

portions of the CPLR, including but not limited to CPLR §§§3001, 3218 and 5015,

to declare void, vacate, set aside and/or strike a void judgment by confession *nunc*

*pro tunc* to date of entry recorded on February 22, 2012 by the New York County

Clerk in a case captioned as 9197-5904 Quebec, Inc. v. NLG, LLC under index

number 2012-101875.

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 158379/2022

RECEIVED NYSCEF: 09/30/2022

2.    In February, 2012, the president of **plaintiff**, 9197-5904 Quebec, Inc. (herein "Quebec"), filed two affidavits on behalf of the **defendant**, NLG, LLC (herein "NLG"), which resulted in the entry of a $5,000,225.00 Judgment by Confession on February 22, 2012, attached hereto as Exhibit 1 (the "Judgment by Confession").

3.    On April 21, 2014, Quebec filed a domestication action in Florida seeking to enforce the Judgment by Confession.

4.    On June 17, 2014, Quebec assigned the Judgment by Confession to Selective Advisors Group, LLC ("Selective"), attached hereto as Exhibit 2.

5.    On September 4, 2015, Selective voluntarily filed a satisfaction of the Judgment by Confession. Attached hereto as Exhibit 3 is a true and correct copy of the New York County Clerk's Certificate of Disposition. However, Selective has continued to assert its right to enforce, to collect and to litigate on this Judgment by Confession post satisfaction.

6.    Petitioner seeks to strike the Judgment by Confession from the public record *nunc pro tunc* to date of entry because it is void *ab initio* as it was obtained without jurisdiction over NLG; it violated New York law (CPLR 3218); and it was collusively obtained; thus, it should have never been recorded.

## PARTIES

7.    Petitioner Chris Kosachuk is the owner, primary lender and a creditor

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/30/2022

of NLG, LLC, the alleged Judgment by Confession debtor.

8.    Respondent Quebec is the original holder of the Judgment by Confession.

9.    Respondent Selective is the purported judgment creditor assignee of Quebec.

## FACTUAL BACKGROUND

10.    On January 4, 2012, Quebec, recorded a non-existent judgment against NLG in Pennsylvania (the "Lorret Judgment"). Attached as Exhibit 4 is a copy of the Lorret Judgment. The Lorret Judgment was against Chris Kosachuk only, not NLG. The Lorret Judgment against Mr. Kosachuk was for $48,293.54. It was domesticated in Pennsylvania and wrongfully used against NLG.

11.    Quebec then sought and obtained a charging order with management rights to NLG without any service or notice to NLG.

12.    Instead of using the charging order to collect the $48,293.54 Lorret Judgment, on February 16, 2012, Raymond Houle, the president of the **plaintiff**, Quebec, executed an affidavit of confession pretending to be the Manager and duly authorized agent of the **defendant** NLG, and confessed to "a debt justly due to the plaintiff arising from the following facts: Fraud and Abuse of Process."

13.    Houle subsequently executed a second affidavit on February 21, 2012, expanding on what "facts" comprised the "debt," which affidavit concluded that

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM   INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 09/30/2022

those "facts" had "giv[en] Plaintiff a cause of action." [*See* Exhibit 1 p.5].

14.     Based on Houle's affidavits, the Clerk of the Court for New York County signed the Judgment by Confession at issue under case number 2012-101875, captioned as 9197-5904 Quebec, Inc. v. NLG, LLC.

15.     The entire documentation leading up to the $5,000,225.00 Judgment by Confession consists of six pages [*See* Exhibit 1]. The six pages consist of: (1) the Judgment by Confession signed by the Clerk of the Court, Norman Goodman [2 pages]; (2) the February 16, 2012 Affidavit of Confession of Judgment; (3) the February 21, 2012 Affidavit of Raymond Houle regarding facts supporting judgment [2 pages]; and (4) Certification.

16.     The affidavit confessed to the $5 million judgment for the torts of fraud and abuse of process. The New York Judgment by Confession Statute, CPLR §3218, is strictly limited to debts. The torts alleged were entirely fictitious as Quebec and NLG had never engaged in any litigation and never engaged in any business.

17.     Even if the Pennsylvania charging order had not been a sham and promptly vacated, the Judgment by Confession was blatantly collusive and has served to deprive legitimate creditors of NLG, such as Petitioner, of their right to collect on their debts against NLG.

18.     Because the Judgment by Confession Statute was improperly invoked, the New York courts never obtained jurisdiction over NLG, as Quebec provided no

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 09/30/2022

service of process, no notice and no opportunity for NLG to be heard prior to the entry of the Judgment by Confession.

19.    Quebec also made sure that NLG would not be notified of the Judgment by Confession after its entry by the clerk because it provided an address for NLG guaranteed not to provide actual notice to any officer or manager of NLG, because the address provided, 6499 North Powerline Rd, Suite 304, Fort Lauderdale, FL 33309 was and is the address of Arthur R. Rosenberg, a lawyer who was representing Quebec in Florida.

20.    On May 1, 2012, the Pennsylvania Court vacated the Lorret Judgment and charging order which served as the alleged authority for Quebec to confess judgment against NLG.  Attached hereto as Exhibit 5 is the Pennsylvania Vacating Order, clearly stating that "Houle knew or should have known that the [Lorret] Judgment had been entered in New York against Kosachuk only." [*See* p. 2].

21.    After obtaining the Judgment by Confession, Quebec did nothing to collect on it until April 21, 2014, when it domesticated the Judgment by Confession in the circuit court for Miami-Dade County, Florida, under case number 14-10475 CA 10 also captioned as 9197-5904 Quebec, Inc. v. NLG, LLC.

22.    On June 17, 2014 in New York, Quebec assigned the Judgment by Confession to Defendant Selective for no consideration.  [*See* Exhibit 2].  The manager of Selective, Sean Meehan, has testified that it was a "gift." Selective took

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM   INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 09/30/2022

over as plaintiff in the Florida domestication action.

23.    On June 25, 2014, NLG filed in the New York Supreme Court for New York County, a motion to vacate the judgment by confession, which Selective has successfully delayed and, over eight years later, has still not been adjudicated on the merits.

24.    Selective opposed NLG's motion to vacate arguing that it had to file a plenary action, instead of a motion to vacate.

25.    When the presiding justice set a firm hearing date of May 18, 2015, Selective filed its first Chapter 11 bankruptcy petition that morning. The motion to vacate was taken off calendar.

26.    The bankruptcy petition was dismissed with prejudice on August 31, 2015 and NLG's motion to vacate was again scheduled for hearing on September 5, 2015.

27.    On September 4, 2015, Selective voluntarily filed a satisfaction of the Judgment by Confession. [*See* Exhibit 3]. NLG paid no consideration for the satisfaction. The satisfaction of the Judgment by Confession should have ceased all collection action and all litigation based upon it, but it has not.

28.    The Florida domestication action was dismissed on October 1, 2015 because of the satisfaction. Attached hereto as Exhibit 6 is the order dismissing the Florida domestication action.

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 158379/2022
RECEIVED NYSCEF: 09/30/2022

29.     On December 1, 2015, a Florida state court judge entered an Order Granting Foreclosure, rejecting Selective's arguments that it was the rightful owner of the mortgage by virtue of the New York Judgment by Confession and that it had satisfied the mortgage against Elizabeth Hazan, the wife of Mr. Meehan, who is Selective's sole owner and sole manager.

30.     On December 4, 2015, the Florida court entered a Final Judgment of Foreclosure in the amount of $4,876,654 against Hazan. Attached as Exhibit 7 are the Order Granting Foreclosure and the Final Judgment of Foreclosure.

31.     These two orders specifically refused to enforce the Judgment by Confession because the judgment had been satisfied and because "[a] judgment rendered in violation of due process is void in the rendering State [New York] and is not entitled to full faith and credit elsewhere." *See* p. 10-13 of the Order Granting Foreclosure.

32.     The day before the foreclosure sale, Hazan filed a Chapter 11 bankruptcy petition in the Southern District of Florida.

33.     Even after having declared the Judgment by Confession satisfied in full, having its Florida domestication action dismissed and having all its claims rejected in the Order Granting Foreclosure, on January 2, 2017, Selective sued Kosachuk and NLG in an Adversary Proceeding in Hazan's bankruptcy proceeding. Attached hereto as Exhibit 8 is a true and correct copy of the Third Amended

INDEX NO. 158379/2022

Complaint. This Complaint, filed more than a year after Selective declared the Judgment by Confession satisfied in full, sought to enforce the full amount of the original $5 million Judgment by Confession.

34.    On November 1, 2017, the Florida Bankruptcy Court refused to consider the lack of validity of the Judgment by Confession, gave it full faith and credit, and entered a final judgment (the "Cristol Judgment") wherein it offset NLG's Final Judgment of Foreclosure against Hazan with the full original amount of the satisfied and void Judgment by Confession, and even finding that the sum of $123,570.71 was still due and owing.  Attached hereto as Exhibit 9 is a true and correct copy of the Cristol Judgment.

35.    To avoid another hearing on the motion to vacate pending in New York, on January 2, 2019, Selective filed a Notice of Removal to the U.S. District Court for the Southern District of New York. NLG's motion to vacate was taken off the calendar.

36.    On March 29, 2019, the District Court remanded the case back to the Supreme Court of New York, County of New York, but NLG did not move to reinstate its motion to vacate.

37.    On April 9, 2019, Selective filed a second bankruptcy proceeding, now in the Southern District of Florida. In its bankruptcy schedule dated May 6, 2019, Selective claimed that $123,570.71 is due and owing on the Judgment by

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/30/2022

Confession. Attached hereto as Exhibit 10 is a true and correct copy of Selective's bankruptcy schedule.

38.    As of May 10, 2019, Selective has an outstanding judgment lien certificate on file in the State of Florida showing \$3,387,569.20 due and owing. Attached hereto as Exhibit 11 is a true and correct copy of the Florida Judgment Lien Certificate filed by Selective.

39.    On May 15, 2019, Selective's second bankruptcy was dismissed with prejudice and Selective and its lawyer were sanctioned by the bankruptcy judge.

40.    The above-mentioned mortgage and Final Judgment of Foreclosure against Hazan constitute the only asset of NLG.

41.    Selective's continued use of the Judgment by Confession in the Florida Courts and refusal to honor its own satisfaction, have forced the Petitioner to seek to have the entire Judgment by Confession declared void *ab initio* and stricken from the public record *nunc pro tunc* to date of entry because:

a)    It was not authorized by New York Judgment by Confession Statute (NY CPLR §3218), because it was entered upon a tort claim for fraud and abuse of process, when the statute is strictly limited to debts;

b)    It was obtained without service of process, without notice or opportunity to be heard and was obtained in violation of NLG's constitutional rights to due process;

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 09/30/2022

c)      It was entered without personal jurisdiction over NLG;

d)      It was entered collusively upon an affidavit executed by the President of Plaintiff Quebec pretending to be Defendant NLG;

e)      It was used to mislead the United States Bankruptcy Court and the United States District Court for the Southern District of Florida and the 11th Circuit Court of Appeals.  In fact, it successfully misled the United States Bankruptcy Court, the United States District Court for the Southern District of Florida and the 11th Circuit Court of Appeals.

f)      It is preventing NLG from paying its bills and creditors, including but not limited to Petitioner.

42.     Selective continues to litigate and enforce this satisfied and void Judgment by Confession thereby necessitating this Petition.

### FIRST CAUSE OF ACTION
### (DECLARING VOID AB INITIO, VACATING, SETTING ASIDE AND STRIKING THE $5 MILLION JUDGMENT BY CONFESSION NUNC PRO TUNC TO DATE OF ENTRY)

43.     To the extent applicable, Petitioner incorporates by reference the allegations contained in the previous paragraphs of this Verified Petition as if fully rewritten herein.

44.     Petitioner demands a declaratory judgment against Respondent Quebec and Assignee/Respondent Selective Advisors Group, LLC that the

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM    INDEX NO. 158379/2022

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 09/30/2022

Judgment by Confession is void *ab initio* and vacated, set aside and stricken with prejudice *nunc pro tunc* to date of entry.

45.    Based on the foregoing, the Judgment by Confession should be vacated, set aside and stricken with prejudice *nunc pro tunc* to date of entry.

**WHEREFORE**, Petitioner respectfully requests a Final Judgment against Respondents, 9197-5904 QUEBEC, INC. and SELECTIVE ADVISOR GROUP, LLC, F/K/A SELECTIVE ADVISORS GROUP, a Delaware Limited Liability Company, and enter judgment as follows:

1.)    The $5,000,225.00 Judgment by Confession, under index no. 2012-101875, captioned as 9197-5904 Quebec, Inc. v. NLG, LLC and assigned to Selective Advisors Group, LLC on June 17, 2014 is void *ab initio* and hereby vacated, set aside and stricken from the public record nunc pro tunc to date of entry as it was entered without jurisdiction, without service of process, without any due process, and collusive as the affidavit confessing the judgment was signed by the President of the Plaintiff corporation;

2.)    Enter a judgment awarding Petitioner all court costs, disbursements and such other such relief as this Honorable Court finds appropriate.

Respectfully submitted,

Chris Kosachuk

FILED: NEW YORK COUNTY CLERK 09/30/2022 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 158379/2022
RECEIVED NYSCEF: 09/30/2022

*Pro Se Petitioner*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

# Exhibit C

CGFD30 (10/01/16)



**ORDERED in the Southern District of Florida on December 5, 2022**

**A. Jay Cristol**
United States Bankruptcy Judge

# United States Bankruptcy Court
### Southern District of Florida
www.flsb.uscourts.gov

Case Number: 16–10389–AJC

Chapter: 11

**In re:** *Debtor(s) name(s) and address(es) (for names include married, maiden and trade used by the debtor(s) in the last 8 years)*

Liza Hazan
aka Elizabeth Hazan
6913 Valencia Drive
Miami Beach, FL 33109

SSN: xxx–xx–7473

## FINAL DECREE

A Final Report and Motion for Entry of Final Decree having been filed on behalf of the debtor, this chapter 11 case is closed. If applicable, all future payments under the plan of reorganization shall be disbursed in accordance with the plan.

### # # #

The clerk shall serve a copy of this Final Decree on the Debtor, Attorney for Debtor, and the U.S. Trustee



**ORDERED in the Southern District of Florida on November 15, 2022.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                             Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                   Chapter 11

                              Debtor,
_____/

### ORDER GRANTING REORGANIZED DISCHARGED LIZA HAZAN'S
### MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE

**THIS MATTER** came before the Court for hearing on November 8, 2022 at 3:00 PM

upon *Reorganized and Discharged Liza Hazan, a/k/a Elizabeth Hazan* ("Ms. Hazan") *Motion for*

*Entry of Final Decree Closing this Chapter 11 Bankruptcy Case (ECF No. 1345), pursuant to*

*Section 350(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 3022, and Local Rule 3022-1 that was previously granted* filed by Liza Hazan on October 24, 2022.

On December 13, 2017, the Court approved Ms. Hazan's Disclosure Statement and Setting Hearing on Confirmation of Plan (ECF No. 580).

On June 12, 2018, the Court entered The Order Confirming Plan of Reorganization ("the Order of Confirmation") (ECF No. 691).

On June 12, 2018, the Court entered an Order Granting Reorganized Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After Confirmation (ECF No. 692).

On June 13, 2018 the Court entered an Order Closing Case (ECF No. 693).

The Effective Date of the Confirmed Plan (ECF No. 563) was July 2, 2018. The Plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2).

On July 5, 2018, the Reorganized Debtor Ms. Hazan filed her verified Final Report of Estate and Accounting of Payment of Claims and Substantial Consummation and Motion to Reopen and Motion for Entry of Final Decree and to Reclose case (ECF No. 703).

On July 10, 2018, the Reorganized Debtor Ms. Hazan filed her Corrected Motion to Reopen case and Final Report of Estate and Motion for Discharge and Motion of Final Decree and to Reclose case (ECF No. 713).

On December 7, 2018 the Court entered The Order Granting Ms. Hazan's Motion To Reopen Case to Approve Final Report, and Enter Discharge to Reorganized Debtor (ECF No. 713) (the "Order of Discharge") (ECF No. 766).

On December 7, 2018 The Court approved the Final Report and concluded that "[M]s. Hazan is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order;" and ordered "[t]he Reorganized Debtor

is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d)". (ECF No. 766) page 12 paragraph 4. However, the Court ordered that "[T]he case shall remain open pending the final disposition of all motions herein and the outstanding appeals, after which the Court will direct the Clerk of Court to enter a Final Decree closing case". (ECF No. 766) page 12 paragraph 7.

Rule 3022 allows entry of the Final Decree in Ms. Hazan's Chapter 11 Reorganization Case. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. The court previously approved the Final Report on December 7, 2018 (ECF No. 766).

On September 9, 2019, the Honorable United States Court Southern District of Florida Judge Rodney Smith granted Ms. Hazan's Motion to Dismiss NLG, LLC's Appeal of this Court's Final Judgment that concluded that NLG, LLC is not a creditor in this case, NLG, LLC's Proof of Claim is disallowed and NLG, LLC has no claim against Hazan under the Note, Mortgage or any Court Order. See Final Judgment Adversary case 16-01439-AJC entered on November 1, 2017 ( ECF No. 238). See Adversary case 16-01439-AJC (ECF No. 386).

The United States Court Southern District of Florida Judge Smith found that "[t]he

Plan called for all pre-petition property of the estate to re-vest in the Reorganized Debtor and that has happened. Second, Hazan has assumed all obligations and management of all property dealt with by the Plan. Third, Hazan has commenced distributions under the Plan, has made payments under the Plan, and has substantially completed distributions to unsecured creditors under the Plan. Hazan has made more that $500,000 in distributions. After the filing of the instant motion to dismiss, Hazan was granted a discharge in her bankruptcy." Judge Smith concluded that NLG, LLC's Appeal of this Court's Final Judgment was equitably moot and that the *Rooker-Feldman* doctrine was not applicable. See Adversary case 16-01439-AJC (ECF No. 386).

On September 1, 2021 the United States Court of Appeals for the Eleventh Circuit unanimously affirmed the District's Court Order of the Honorable Judge Smith dismissing NLG, LLC's Appeal of this Court's Final Judgment that concluded that NLG, LLC is not a creditor in this case, NLG, LLC's Proof of Claim is disallowed and NLG, LLC has no claim against Hazan under the Note, Mortgage or any court order. See Final Judgment Adversary case 16-01439-AJC entered on November 1, 2017 (ECF No. 238). (ECF No. 1047).

The United States Court of Appeals for the Eleventh Circuit also concluded that Ms. Hazan has substantially consummated the plan (ECF No. 1047).

All adversary cases have been concluded and are closed. All appeals have been ruled in favor of Ms. Hazan.

On April 20, 2022, the Honorable Judge Darrin P. Gayles dismissed NLG, LLC's Appeal of the Confirmation Order holding that "[t]he Plan has been substantially consummated … as that term is defined in the Bankruptcy Code[1], … " and stated that "[I]n the related case,

---

[1] Under the Bankruptcy Code, "substantial consummation" is defined as:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

the Eleventh Circuit found that "[t]he Plan has been substantially consummated" because all

pre-petition property of the estate re-vested in Hazan, Hazan assumed management of all the

property, and Hazan commenced distribution under the Plan. *In re Hazan*, 10 F.4th at 1253.

Because the Plan has been substantially consummated, a finding that the instant appeal is

equitably moot is warranted." (ECF No. 1089).

ORDERED and ADJUDGED that Reorganized and Discharged Liza Hazan a/k/a

Elizabeth Hazan's Motion for Entry of a Final Decree Closing this Chapter 11 Bankruptcy Case

(ECF No. 1345) is **GRANTED.** The Clerk is directed to enter a Final Decree, Closing this case.

### 

Submitted by:
Joel M. Aresty, Esq.

Attorney Joel M. Aresty shall serve a copy of the signed order on all interested parties and file
with the court a certificate of service conforming with Local Rule 2002-1(F).

**Copies to:** Clerk, U.S. Bankruptcy Court, Office of the U.S. Trustee, all parties of interest.

---

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or
of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

NLG, LLC,

        Debtor.

ALFRED T. GIULIANO, the Chapter 7 Trustee for
the estate of NLG, LLC,

        Plaintiff,

v.

Selective Advisors Group LLC and
9197-5904 Quebec, Inc.,

        Defendants.

Chapter 7

Case No. 21-11269 (JKS)

(Involuntary)

Adv. No. 22-50086 (JKS)

RECEIVED
DEC 9 – 2022
By

RECEIVED
DEC 9 – 2022
By

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December 2022 a true and correct copy of the foregoing was mailed to the Clerk of Court for electronic filing of Liza Hazan's Response to the Court's Order To Show Cause and Motion to Appear at Hearing on December 16, 2022 at 2:00 PM via Zoom attaching Exhibits, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record by Liza Hazan.

Respectfully submitted,

**LIZA HAZAN**

Liza Hazan a/k/a Elizabeth Hazan
6913 Valencia Drive
Miami, Fl 33109
Tel: (212) 9206605
Email: elizabethhazan07@gmail.com

*Pro Se Party in interest*