IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NLG, LLC,<br><br>          Debtor. | Chapter 7<br><br>Case No. 21-11269-JKS |

### CHAPTER 7 TRUSTEE'S RESPONSE TO ORDER TO SHOW CAUSE

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of NLG, LLC ("NLG" or the "Debtor"), by and through his counsel, Fox Rothschild LLP, files this response (the "Response") to this Court's *Order to Show Cause* [D.I. 101] in connection with the Trustee's *Motion for an Order Approving Settlement by and among the Chapter 7 Trustee and Liza Hazan* (the "Motion") [D.I. 84].[1]

### RESPONSE

1. After careful consideration, the Trustee will be withdrawing the Motion and mark the Debtor's case as a no asset case.

2. The parties to this case, and certain of their respective attorneys, have abused our judicial system with nonsensical filings, blatant misrepresentations, and an outright lack of decency for over 12 years. The filings by Ms. Hazan and Mr. Meehan are just the latest example of this abuse, as they are riddled with countless falsehoods and personal attacks that will not be dignified by the Trustee or his professionals with individual responses.

3. When the Trustee was assigned this matter, he retained undersigned counsel to review and analyze the prepetition litigation, consistent with his fiduciary obligations. During this review, the Trustee's professionals had many conversations with Mr. Kosachuk and counsel for the various parties about the facts and merits of the underlying claims. These conversations

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the 2004 Motion (as defined herein).
140663094.2

included demands by the Trustee's professionals to justify certain acts that—in the Trustee's view—appeared to be illegitimate.

4. Ultimately, counsel for Selective Advisors Group LLC and 9197-5904 Quebec, Inc. made an initial settlement offer to the Trustee to resolve these matters.[2] Given the many attorneys who have appeared in this case and other related cases in various other jurisdictions, undersigned counsel asked for clarification on which party would be handling the negotiations. Counsel for Selective Advisors Group LLC and 9197-5904 Quebec, Inc. directed undersigned counsel to speak with Ms. Hazan's Florida counsel.

5. After several counteroffers between the Trustee's attorneys and Ms. Hazan's attorney, the parties finally reached an agreement in principle, subject to final documentation. Early drafts of the settlement agreement were circulated and revised by counsel for Ms. Hazan. In fact, the first draft of the agreement was prepared by Ms. Hazan's attorney. Meanwhile, other matters were proceeding in this case related to the final settlement agreement that counsel for Selective Advisors Group LLC and 9197-5904 Quebec, Inc. were fully aware of, as this Court knows.

6. At a certain point during the documentation stage of the settlement, undersigned counsel was advised by Ms. Hazan's attorney that Ms. Hazan desired to handle the negotiations herself.[3] And so undersigned counsel proceeded accordingly, while continuing to copy Ms. Hazan's counsel on correspondence. Mr. Harris never misrepresented anything to Ms. Hazan about the language of the settlement agreement and vehemently denies such accusations. Indeed, Mr. Harris went to great lengths to ensure she understood the language, including several full read-

---

[2] Two attorneys entered their appearances on behalf of Selective Advisors Group LLC and 9197-5904 Quebec, Inc. in this case.
[3] Undersigned counsel made the Court aware of this arrangement at an earlier hearing.

2

throughs of the agreement and answering any questions (which there were many) Ms. Hazan had.

7.   The final settlement agreement reflects the culmination of hundreds of hours spent by the Trustee and his professionals to finally resolve this seemingly endless saga. In his business judgment, the Trustee, as advised by his attorneys, believed this was a very good deal and satisfied the standards for approval under the Bankruptcy Code. It would provide a recovery to the Debtor's creditors, particularly since the Trustee's attorneys agree to limit their attorneys' fees to ensure such a recovery. It would also provide Ms. Hazan and other involved parties full releases, as well as an affidavit from the Trustee regarding such releases.[4]

8.   Now, after hearing the weaknesses of the Debtor's case at the hearing on the Motion, Ms. Hazan has an obvious case of buyer's remorse, and attempts to concoct a new series of events that simply did not happen. The same goes for Mr. Meehan.

9.   Beyond the astronomical administrative expenses incurred by the Trustee in having to address the numerous meritless filings in this case and other related cases, the Trustee believes the best path forward for all parties involved is to withdraw the Motion and mark the case as a no asset case.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ Seth A. Niederman
Seth A. Niederman, Esquire (DE No. 4588)
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

---

[4] It is also worth noting that, although Ms. Hazan's personal Chapter 11 Plan included release provisions, other parties, such as Selective Advisors Group LLC and 9197-5904 Quebec, Inc. and their representatives, would not fall under such releases.

                    Michael G. Menkowitz, Esquire
                    Jesse M. Harris, Esquire
                    2000 Market Street, 20th Floor
                    Philadelphia, PA  19103-3222
                    Phone (215) 299-2000/Fax (215) 299-2150
                    mmenkowitz@foxrothschild.com
                    jesseharris@foxrothschild.com

Dated: December 9, 2022          *Counsel for Alfred T. Giuliano,*
                                                        *Chapter 7 Trustee for the estate of NLG, LLC*

140663094.2