UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
2022 DEC 23  PM 12: 26

In re:                                                    Case No. 21-11269-JKS

NLG, LLC                                                  Chapter 7
    Debtor,

_____/

**EXPEDITED MOTION TO ABANDON PURSUANT TO SECTION 554(B)**

Chris Kosachuk ("Movant"), *pro se*, hereby files this Motion to Direct the Trustee to Abandon Claims Pursuant to Section 554(B) (the "Abandonment Motion") and seeks expedited hearing and adjudication of the Abandonment Motion before January 2, 2023, pursuant to the concurrently filed Motion to Shorten Notice. In support, the Movant states:

**Jurisdiction, Venue and Statutory Predicate**

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §554, Rule 9006 and 9013 of the Federal Rules of Bankruptcy Procedure.

**Background**

4. The Debtor is a real estate company organized under the laws of the State of Delaware. The Debtor's operations and primary assets are located in Miami-Dade County, FL. NLG owned real property located at 6913 Valencia Dr. Fisher Island, FL 33109 (the "Fisher Island Property"). On March 7, 2007, NLG sold the Fisher Island Property to Elizabeth Hazan ("Hazan") for $5.1 million. As part of the sale of the Fisher Island Property, Hazan executed a promissory note, secured by a purchase money mortgage duly recorded in Miami-Dade County, FL. Hazan

defaulted on her first payment mortgage obligation to NLG and a Final Judgment of Foreclosure in the amount of $4,876,654.29 was entered against her.

5.  In order to stop NLG's foreclosure, Hazan filed a voluntary chapter 11 bankruptcy in Miami-Dade County, [*see In Re Hazan,* Case No. 16-bk-10389-AJC, SDFL] the night before the Miami-Dade County Clerk was scheduled to auction the Fisher Island Property. NLG's foreclosure has been mired in continuous litigation ever since through vexatious bad faith litigation by Hazan and her army of over 45 different lawyers in multiple state and federal jurisdictions and which has poured over into the Delaware Bankruptcy Court.

6.  On December 5, 2022, Judge Cristol entered an Order Reopening Case and a Final Decree in Ms. Hazan's bankruptcy [*see In Re Hazan,* Case No. 16-bk-10389-AJC, SDFL Docs. 1375 and 1376] even though the confirmed plan is in default for failing to pay the United States Trustee fees, failing to make plan payments to multiple secured and unsecured creditors, including plan payments to the Internal Revenue Service, and failing to file post confirmation operating reports. There are also pending appeals in both the United States District Court and the Eleventh Circuit which have not been adjudicated. Thus, the Hazan bankruptcy has not been fully administered and a final decree should not have been entered.

7.  On December 12, 2022, undersigned contacted the Fox Rothschild attorneys who represent Trustee Giuliano in this bankruptcy, advising them of the above orders and that an appeal needed to be filed within 14 days, to wit: on or before December 19, 2022. Undersigned further offered to have NLG's prepetition attorneys file, pay for and prosecute the appeal.

8.  Mssrs. Harris, Menkowitz and Niederman failed to respond to the email seeking authorization to file the notice of appeal and failed to file the notice of appeal on behalf of the estate of NLG.

9. On December 19, 2022, undersigned did file a timely notice of appeal on behalf of himself. [*See In Re Hazan,* Case No. 16-bk-10389-AJC, SDFL Doc. 1381].

10. Pursuant to Bankruptcy Rule 8002(a)(3), there is another 14 days for another party such as NLG to join this appeal by filing a timely notice of appeal. The deadline for NLG to join this appeal is January 2, 2023.

11. The stakes in the Hazan bankruptcy are high because NLG's Final Judgment of Foreclosure is tied up in the outcome of Hazan's bankruptcy. The dismissal of Ms. Hazan's bankruptcy will result in the restoration of NLG's Final Judgment of Foreclosure pursuant to 11 U.S.C §349. The total amount due as of the date of this Motion pursuant to the Final Judgment of Foreclosure is over $9.5 million.

12. Also on December 19, 2022, Trustee Giuliano filed a Notice of Change from Asset to No Asset in the NLG bankruptcy [D.I. 120].

13. On December 21, 2022, Trustee Giuliano filed a Final Report stating:

> Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 15 months. Assets Abandoned(without deducting any secured claims): $ 0.00, Assets Exempt: Not Available, Claims Scheduled: $ 0.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): $ 0.00. Filed by Alfred T. Giuliano. (Giuliano, Alfred)

14. Movant understands that the Trustee and his lawyers do not want to pursue the claims against Ms. Hazan, has valued them at zero dollars and as such abandonment is appropriate

to the extent that it is necessary or required. This would allow NLG to proceed by joining Movant's appeal.

15. There would be no harm to the estate of NLG to allow the prosecution of the appeal, only benefits.

16. Movant has conferred with counsel for the Trustee who failed to provide their position on this Motion but acknowledged receipt thereof.

17. Movant has already notified all attorneys of record and interested parties about the Motions as required by Local Rule 9006-1(e).

18. Because of the January 2, 2023 deadline to file the Notice of Appeal, a shortened notice period is appropriate and necessary.

19. Included among the debtor's assets in bankruptcy are the above-mentioned Final Judgment of Foreclosure against Elizabeth Hazan and the mountain of ancillary litigation related to it and the void New York Judgment by Confession (the "Hazan Claims").

20. The Hazan Claims are personal and direct to Mr. Kosachuk because he lent the original $1.275 million to NLG who in turn lent it to Ms. Hazan. When Ms. Hazan defaulted on her purchase money mortgage and note to NLG, creditor Kosachuk "suffer[ed] a direct, particularized injury that can be "di-rectly traced" to the defendant's [Ms. Hazan's] conduct is the claim personal to that creditor and not property of the estate. *Tronox*, 855 F.3d at 100 (quoting *Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 740 F.3d 81, 89 (2d Cir. 2014)); see id. at 100–02 (collecting cases).

21. The Hazan Claims include the Final Judgment of Foreclosure and all pending litigation in all jurisdictions involving Elizabeth Hazan a/k/a Liza Hazan, Sean Neil Meehan, Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC ("Selective") and 9197-5904

Quebec, Inc ("Quebec"). The Hazan Claims also include unfiled claims and causes of action against Elizabeth Hazan a/k/a Liza Hazan, Sean Neil Meehan, Selective and Quebec and any related parties or attorneys or law firms who have represented formally or informally any of the aforementioned parties both pre-petition and post-petition.

22. Trustee, Alfred T. Giuliano, correctly stated and explained the Hazan Claims in his Motion for Examination [D.I. 51]: "The Trustee suspects that wrongdoing may have occurred in this case. Indeed, a thorough review of the relevant documents and prepetition proceedings suggests that certain parties appear to have submitted false filings to several courts, resulting in ill-gotten judgments that extinguished the Debtor's mortgage [and Final Judgment of Foreclosure] on a multi-million-dollar [Fisher Island, FL] property."

23. More specifically, the void New York Judgment by Confession in the amount of $5,000,225.00 was used to wipe out NLG's legitimate Final Judgment of Foreclosure in the amount of $4,876,654.29. The Florida Bankruptcy Court even found that NLG still owes $123,570.71 to Selective, pursuant to this void Judgment by Confession. [*See Amended Complaint* A.D.I. 166 pp. 154-168].

24. Trustee Alfred T. Giuliano previously described correctly how this wipe out occurred in a filing before the Florida Southern District Bankruptcy Court [*In Re Hazan* Case No. 16-10389-ACJ - D.I. 1155 – June 6, 2022]:

- To fund the purchase of the Property, Hazan executed a promissory note in favor of NLG in the original principal amount of $1,275,000, as well as a purchase money mortgage to secure the debt.

- Shortly after the purchase, Hazan defaulted under the note (as well as a subsequent settlement agreement) for failure to make payment, which resulted in NLG's commencement of enforcement proceedings.

- NLG prevailed in those enforcement proceedings and obtained a judgment for the amounts owed, about $1,600,000 (the "Scolla [*sic*]Judgment").

- About one month later, Hazan formed a shell company in Canada, which would be "managed" by Hazan's friend, Richard [Raymond] Houle, in exchange for Hazan's promise to pay Houle $200,000 for his role. The shell company, Quebec, does no business.

- NLG and Hazan then entered into a second settlement agreement to bring her mortgage arrears current, which Hazan again defaulted under. NLG commenced a foreclosure action.

- Faced with limited options, Hazan's shell company, Quebec, bought a $40,000 judgment against Kosachuk personally, which was held by Kosachuk's exgirlfriend [sic] (the "Lorret Judgment").

- While the foreclosure action was pending, Quebec quietly domesticated the Lorret Judgment in Pennsylvania. Once domesticated, Quebec sought a charging order against both Kosachuk and NLG, **which was granted by default. This is the moment when Hazan's scheme came to fruition**.

- The charging order, drafted by Hazan's counsel, was uniquely wide-sweeping and granted Quebec both economic and management rights in NLG. With this purported authority, Quebec, acting on behalf of itself and NLG, filed the Confession of Judgment -not in the amount of the Lorret Judgment (i.e., $40,000), but in the amount of 5,000,225 for an alleged tort. So, in effect, a $40,000 judgment somehow turned into a judgment of more than $5,000,000. Quebec then used the confession of judgment to set off the Scolla [sic] Judgment, instead of the Lorret Judgment, and satisfied NLG's mortgage.

- The problem (among many others), however, is that the charging order was quickly **vacated for Quebec's intentional failure to provide notice to NLG**.[1] So any authority to act under the charging order was also vacated.[2]

- Despite the charging order being vacated for a violation of due process, Quebec continued to make representations to various courts that the confession of judgment, including its attachments and sworn affidavits, was truthful and accurate.

- *So here is the rub: Hazan, through her shell companies, bought a $40,000 judgment against Kosachuk, used that $40,000 judgment to obtain a default charging order in knowing violation of due process (as the New York state court ultimately held), took that default charging order and used it to turn a $40,000 judgment against Kosachuk personally into a $5,000,225 judgment against NLG, and then continued to parade the $5,000,225 judgment around various courts even though the underlying authority (i.e., the charging order) was vacated. Hazan is now living in a multimillion-dollar mansion, in the County's most exclusive zip code, without having paid even a fraction of the NLG mortgage.*

---

[1] The Order vacating the charging order is attached as **Exhibit "A"** to the Motion for Leave [A.D.I. 13] and incorporated by reference herein. In the Order, the court admonishes Quebec [and Mr. Marzec], stating, "Quebec chose not to give notice to NLG despite having had a judgment entered against NLG."

[2] See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("A judgment rendered in violation of due process is void . . . .").

25. Trustee Giuliano attempted to negotiate a settlement of the Hazan Claims but failed after months of negotiating even when the Trustee and his attorneys were warned multiple times over multiple months that Hazan would never honor any settlement agreement. [*See* Order to Show Cause D.I. 104]. During this time, they failed to prosecute the pending adversary. They also failed to contact or notice the owner and manager of Selective, Hazan's former husband, who was the assignee of the void $5 million Judgment by Confession and a necessary party to any settlement agreement affecting its rights.

26. NLG and Mr. Kosachuk have already incurred over $2 million in legal fees trying to enforce the Final Judgment of Foreclosure and are uniquely positioned to continue this effort. Indeed, NLG and Mr. Kosachuk are one of the only parties to ever obtain a judgment against Ms. Hazan.

27. The Trustee has incurred substantial legal fees trying to negotiate with Ms. Hazan who unfortunately had no real interest in settling and was only interested in running up the Trustee's fees.

28. In light of the costs already incurred and substantial additional costs to be incurred and the additional time and inconvenience to the Estate's professionals and the difficulty and risks to the Estate associated with further pursuit of the Hazan Claims, the Trustee has concluded that it is not worth pursuing NLG's claims.

29. Abandonment of the Hazan Claims would result in reversion, to the extent needed, of the Hazan Claims to Movant and/or NLG who are already pursuing the Hazan Claims and challenging the void Judgment by Confession.

30. Movant has already expressed an interest in pursuing the Hazan Claims and will aggressively pursue those claims once the Trustee's Abandonment is effective.

31. After abandonment, Movant will absorb all future costs of pursing the Hazan Claims.

32. This Motion to Abandon is not intended to be and should not be construed or considered as, a statement or commentary on underlying merits or likelihood of success of the Hazan Claims. Rather, the Trustee made his decision to value the claims at zero based on his evaluation of possible net benefits to the Estate after taking into account (among other things) likely future out-of-pocket costs and fees of his special counsel; likely future expenditures of time by the Trustee and his professionals (and the costs of that time) inherent delays and risks of litigation (whether in connection with motion practice, trial, appeals or otherwise); and the Trustee's desire to lessen duplicative costs and efforts of the Estate, litigants and the Court.

33. Because the Trustee values the Hazan Claims at zero, there is no benefit to the estate to retain the claims and as such abandonment is appropriate to the extent that Mr. Kosachuk does not already own the Hazan Claims.

WHEREFORE, the Movant prays for an Order for the Trustee to abandon the Estate's Hazan Claims.

**RELIEF REQUESTED**

Movant seeks entry of an Order under section 554(b) of the Bankruptcy Code abandoning the Hazan Claims to Movant so that he may pursue them. Movant is better positioned and more familiar than the Trustee (and his lawyers).

**BASIS FOR RELIEF**

Section 554 of the Bankruptcy Code governs the abandonment and provides, in pertinent part, as follows:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the

estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(b)

## NOTICE

Advance notice of this Motion pursuant to Local Rule 9006-1-(e) was given to: (a) the Office of the United States Trustee (b) Trustee Alfred T. Giuliano, (c) counsel for Trustee Alfred T. Giuliano (Jesse Harris, Michael Menkowitz and Seth Niederman); (d) Elizabeth Hazan; (e) Counsel for Elizabeth Hazan (f) Sean Neil Meehan, ex-husband of Elizabeth Hazan, (g) Counsel to Mr. Meehan (h) the Delaware Secretary of State; and (i) all parties requesting notice in this proceeding under Bankruptcy Rule 2002. Movant submits that such notice is sufficient, and that no other or further notice is necessary or required. Movant requests that the Court find that such notice is adequate and proper.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Movant seeks entry of an order, proposed order granting the Motion attached hereto as Exhibit 1, ordering the Trustee to abandon the Hazan Claims to Mr. Kosachuk and granting such other and further relief as the Court deems just and proper.

Dated December 23, 2022

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

Page **9** of **11**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2022, a true and correct copy of the foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to parties of record by Movant.

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

*Served via CM/ECF*

All parties of record

EXHIBIT 1
UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                                    Case No. 21-11269-JKS

NLG, LLC                                                  Chapter 7

  Debtor,
_____/

**ORDER GRANTING**
**EXPEDITED MOTION TO ABANDON PURUSANT TO SECTION 554(B)**

This matter having been presented to the Court upon the *Expedited Motion to Abandon Pursuant to Section 554(B)*, (the "Motion") [D.I. __]; proper notice thereof having been given to the U.S. Trustee, all creditors and parties in interest, and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having considered the Motion and any objection thereto; and for good cause shown,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED and Trustee Alfred T. Giuliano is ordered to abandon all the Hazan Claims to Mr. Chris Kosachuk.

2. The abandonment of the Hazan Claims to Mr. Kosachuk shall be effective immediately upon entry of this Order.

3. Upon entry of this Order, if needed, Mr. Kosachuk will step into the shoes of NLG, LLC with respect to all of the Hazan Claims and in the event that is not possible then the matter may proceed in the name of NLG, LLC by Mr. Kosachuk.

Dated:_____                    _____
Wilmington, DE                             J. Kate Stickles
                                           United States Bankruptcy Judge