UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
2022 DEC 23  PM 12: 26

In re:                                                    Case No. 21-11269-JKS

NLG, LLC                                                  Chapter 7
    Debtor,

_____/

# MOTION TO SHORTEN NOTICE PURSUANT TO LOCAL RULE 9006-1(e) OF THE EXPEDITED MOTION TO ABANDON PURUSANT TO SECTION 554(B)

Chris Kosachuk ("Movant"), *pro se*, hereby files this motion to shorten the notice pursuant to Local Rule 9006-1(e) (the "Shorten Notice Motion") of the Motion to Abandon Pursuant to Section 554(B) (the "Abandonment Motion" and together the "Motions"), filed simultaneously and seeks hearing and adjudication of the Motions before January 2, 2023 . In support, the Movant states:

## Jurisdiction, Venue and Statutory Predicate

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Rule 9006 and 9013 of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-1(e).

## Background

4. The Debtor is a real estate company organized under the laws of the State of Delaware. The Debtor's operations and primary assets are located in Miami-Dade County, FL. NLG owned real property located at 6913 Valencia Dr. Fisher Island, FL 33109 (the "Fisher Island Property"). On or about March 7, 2007, NLG sold the Fisher Island Property to Elizabeth Hazan

("Hazan") for $5.1 million. As part of the sale of the Fisher Island Property, Hazan executed a promissory note, secured by a purchase money mortgage duly recorded in Miami-Dade County, FL. Unfortunately, Hazan defaulted on her first payment mortgage obligation to NLG and a Final Judgment of Foreclosure in the amount of $4,876,654.29 was entered against her.

5. In order to stop NLG's foreclosure, Hazan filed a voluntary chapter 11 bankruptcy in Miami-Dade County, [*see In Re Hazan,* Case No. 16-bk-10389-AJC, SDFL] the night before the Miami-Dade County Clerk was scheduled to auction the Fisher Island Property. NLG's foreclosure has been mired in continuous litigation ever since, through vexatious bad faith litigation by Hazan and her army of over 45 different lawyers in multiple state and federal jurisdictions and is currently pending in other jurisdictions, and which bad faith conduct has poured over into the Delaware Bankruptcy Court.

6. On December 5, 2022, Judge Cristol entered Order Reopening Case and a Final Decree in Ms. Hazan's bankruptcy [*see In Re Hazan,* Case No. 16-bk-10389-AJC, SDFL Docs. 1375 and 1376] even though the confirmed plan is in default for failing to pay the United States Trustee fees, failing to maintain plan payments including plan payments to the Internal Revenue Service, and failing to file post confirmation operating reports. There are also pending appeals in both the United States District Court and the Eleventh Circuit which have not been adjudicated. Needless to say, the bankruptcy has not been fully administered and a final decree should not have been entered.

7. On December 12, 2022, undersigned, contacted the Fox Rothschild attorneys who represent Trustee Giuliano in this bankruptcy, advising them of the above orders and that an appeal needed to be filed within 14 days, to wit on or before December 19, 2022. Undersigned further offered to have NLG's prepetition attorneys file, pay for and prosecute the appeal.

8. Unfortunately, Mssrs. Harris, Menkowitz and Niederman, failed to respond to the email seeking authorization to file the notice of appeal and failed to file the notice of appeal on behalf of the estate of NLG.

9. Fortunately, on December 19, 2022, undersigned did file a timely notice of appeal. [*See In Re Hazan,* Case No. 16-bk-10389-AJC, SDFL Doc. 1381].

10. Pursuant to Bankruptcy Rule 8002(a)(3), there is another 14 days, to wit until January 2, 2023, for another party such as NLG to file a timely notice of appeal.

11. The stakes in the Hazan bankruptcy are high because NLG's Final Judgment of Foreclosure is tied up in the outcome of Hazan's bankruptcy. The dismissal of Ms. Hazan's bankruptcy will result in the restoration of NLG's Final Judgment of Foreclosure pursuant to 11 U.S.C §349. The total amount due as of the date of this Motion pursuant to the Final Judgment of Foreclosure is over $9.5 million.

12. Also on December 19, 2022, Trustee Giuliano filed a Notice of Change from Asset to No Asset in the NLG bankruptcy [D.I. 120].

13. On December 21, 2022, Trustee Giuliano filed a Final Report stating:

Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 15 months. Assets Abandoned(without deducting any secured claims): $ 0.00, Assets Exempt: Not Available, Claims Scheduled: $ 0.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): $ 0.00. Filed by Alfred T. Giuliano. (Giuliano, Alfred)

14. Movant understands that the Trustee does not want to pursue the claims against Ms. Hazan, has valued them at zero dollars and as such abandonment is appropriate so Movant can proceed.

15. There is no harm to the estate of NLG and only benefits.

16. Movant has conferred with counsel for the Trustee who acknowledged receipt of the notice but stated no position as to the Motions.

17. Movant has notified all attorneys of record and interested parties about the Motions as required by Local Rule 9006-1(e).

18. Because of the January 2, 2023 deadline to file the Notice of Appeal, a shortened notice period is appropriate and necessary.

## NOTICE

19. Advance notice of this Motion pursuant to Local Rule 9006-10-(e) was given to: (a) the Office of the United States Trustee (b) Trustee Alfred T. Giuliano, (c) counsel for Trustee Alfred T. Giuliano (Jesse Harris, Michael Menkowitz and Seth Niederman); (d) Elizabeth Hazan; (e) Counsel for Elizabeth Hazan (f) Sean Neil Meehan, ex-husband of Elizabeth Hazan, (g) Counsel to Mr. Meehan (h) the Delaware Secretary of State; and (i) all parties requesting notice in this proceeding under Bankruptcy Rule 2002. Movant submits that such notice is sufficient, and that no other or further notice is necessary or required. Movant requests that the Court find that such notice is adequate and proper.

WHEREFORE, for all the foregoing reasons, the Movant seeks entry of an order granting this Motion to Shorten Notice and the proposed order granting the Motion is attached hereto as Exhibit 1 and granting such other and further relief as the Court deems just and proper.

Dated December 23, 2022


Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2022 a true and correct copy of the foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to parties of record by Movant.

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Served via CM/ECF**

All parties of record

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                                    Case No. 21-11269-JKS

NLG, LLC                                                  Chapter 7

      Debtor,
_____/

**ORDER GRANTING MOTION TO SHORTEN NOTICE PURSUANT TO LOCAL RULE 9006-1(e) OF MOTION TO ABANDON PURUSANT TO SECTION 554(B)**

This matter having been presented to the Court upon the *Motion to Shorten Notice Pursuant to Local Rule 9006-1(e) of Motion to Abandon Pursuant to Section 554(B)*, seeking an Order shortening the notice period for the Motion to Abandon (the "Motion") [D.I. __]; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having considered the Motion and any objection thereto; and for good cause shown,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED.

2. The Motion to Abandon shall be heard on December___, 2022 at _____.

3. Objections or Responses, if any, are due on December___, 2022 at 4:00PM.

Dated:_____
Wilmington, DE

                                                                    J. Kate Stickles
                                                                    United States Bankruptcy Judge