FILED
2023 JAN -3 AM 8:10
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | (Involuntary)<br>Fully Administered |

### NOTICE OF FILING AND REQUEST FOR JUDICIAL NOTICE OF SUPREME COURT OF THE STATE OF NEW YORK APPELLATE DIVISION, FIRST JUDICIAL DEPARTMENT DECISION DISMISSING RAMIREZ'S APPEAL OF SUPREME COURT OF THE STATE OF NEW YORK JUDGE BORROK DECSION

Please take notice that Sean Meehan, *pro se*, hereby files and hereby requests that the Court take judicial notice of the following:

Decision of the Supreme Court of the State of New York, Appellate Division, First Judicial Department, dated December 20, 2022, unanimously dismissing Juan Ramirez, Jr, ("Ramirez"), former counsel of Debtor NLG, LLC, ("NLG")'s appeal of Supreme Court of the State of New York Judge Andrew Borrok's Decision ("NLG") in case 2021-04052 titled Juan Ramirez Jr. v. Selective Advisors Group LLC, holding that: **"This Court has already determined that the proceeding is time-barred.** We recently declined to grant petitioner leave to appeal from the March order because he did not bring this proceeding "within a reasonable time" (*Matter of Ramirez v Selective Advisors Group, LLC*, 202 AD3d 608, 609 [1st Dept 2022], *appeal dismissed* 39 NY3d 931 [2022]). Even accepting petitioner's argument that there is no time limitation to challenging the void judgment by confession, it is uncontested that a motion to vacate a judgment by confession must be made "within a reasonable time" (*see e.g. Matter of 4042 E. Tremont Café Corp. v Sodono*, 177 AD3d 456, 457 [1st Dept 2019]). **This Court's prior ruling that petitioner did not bring the proceeding within a reasonable time is now law of the**

case (*see Glynwill Invs. v Shearson Lehman Hutton*, 216 AD2d 78 [1st Dept 1995]). Further, the court properly characterized petitioner's motion for a "rehearing" or "modification" of the March order as one for reargument, which is a nonappealable order (*see* CPLR 2221[d]; *Grosso Moving & Packing Co. v Damens*, 233 AD2d 128, 128 [1st Dept 1996]).

As petitioner has not advanced any argument with respect to the sanctions ruling, the appeal from that portion of the order is also dismissed as abandoned".

Dated: January 2, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January 2023, a true and correct copy of the foregoing Notice of Filing of the Decision of the Supreme Court of the State of New York, Appellate Division, First Judicial Department, dated December 20, 2022, unanimously dismissing Juan Ramirez, Jr, ("Ramirez'), former counsel of Debtor NLG, LLC, ("NLG')'s appeal of Supreme Court of the State of New York Judge Andrew Borrok's Decision was mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record.

Respectfully submitted,

Sean Neil Meehan
*Pro Se Movant*
Seanneilmeehan11@gmail.com

## SERVICE LIST

**Served via CM/ECF**
All parties of record

FILED: APPELLATE DIVISION - 1ST DEPT 12/20/2022 10:36 AM            2021-04052
NYSCEF DOC. NO. 27                                           RECEIVED NYSCEF: 12/20/2022

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ.

| | | |
|---|---|---|
| 16952 | In the Matter of JUAN RAMIREZ, JR.,<br>Petitioner-Appellant, | Index No. 654670/20<br>Case No. 2021-04052 |

-against-

SELECTIVE ADVISORS GROUP, LLC, etc.,
Respondent-Respondent.

---

Juan Ramirez, Jr., appellant pro se.

Hagan Coury & Associates, Brooklyn (Paul R. Golden of counsel), for respondent.

---

Appeal from order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 15, 2021, which denied petitioner's motion to rehear and/or to modify the court's prior order, entered on or about March 9, 2021, to the extent it sua sponte dismissed the petition, and granted respondent's cross motion for sanctions against petitioner in the form of attorneys' fees, unanimously dismissed, without costs.

This Court has already determined that the proceeding is time-barred. We recently declined to grant petitioner leave to appeal from the March order because he did not bring this proceeding "within a reasonable time" (*Matter of Ramirez v Selective Advisors Group, LLC*, 202 AD3d 608, 609 [1st Dept 2022], *appeal dismissed* 39 NY3d 931 [2022]). Even accepting petitioner's argument that there is no time limitation to challenging the void judgment by confession, it is uncontested that a motion to vacate a judgment by confession must be made "within a reasonable time" (*see e.g. Matter of 4042 E. Tremont Café Corp. v Sodono*, 177 AD3d 456, 457 [1st Dept 2019]). This Court's

prior ruling that petitioner did not bring the proceeding within a reasonable time is now law of the case (see *Glynwill Invs. v Shearson Lehman Hutton*, 216 AD2d 78 [1st Dept 1995]). Further, the court properly characterized petitioner's motion for a "rehearing" or "modification" of the March order as one for reargument, which is a nonappealable order (see CPLR 2221[d]; *Grosso Moving & Packing Co. v Damens*, 233 AD2d 128, 128 [1st Dept 1996]).

As petitioner has not advanced any argument with respect to the sanctions ruling, the appeal from that portion of the order is also dismissed as abandoned.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: December 20, 2022

*Susanna Molina Rojas*
Susanna Molina Rojas
Clerk of the Court