FILED

2023 JAN 20 PM 2: 18

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

In re:                                          Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                  Chapter 7
Debtor

_____/

### LIZA HAZAN'S RESPONSE IN OPPOSITION TO CHRIS KOSACHUK EXPEDITED MOTION TO ABANDON

Interested party, Liza Hazan, a/k/a Elizabeth Hazan, ("Hazan"), *Pro Se*, hereby files her response in opposition to former manager of NLG, LLC ("NLG"), non-party Chris Kosachuk ("Kosachuk"),'s Expedited Motion to Abandon (the "Motion to Abandon") [D.I. 124]. In support of her response in opposition to Kosachuk Motion to Abandon, Liza Hazan respectfully state as follows:

1.      On September 24, 2021, (the "Petition Date"), Chris Kosachuk ("Kosachuk") filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor [D.I. 10].

3.      On the same day, the United States Trustee appointed the Trustee Mr. Alfred T. Giuliano as the interim Chapter 7 trustee, which appointment remains in effect [D.I. 8].

4.      Once Kosachuk began these proceedings, the Trustee Mr. Alfred T. Giuliano became the individual with exclusive control to dispose of assets as he—in his reasonable

business judgment—sees fit.

5.        On September 30, 2022, the Trustee filed a Motion for an Order Approving

Settlement Agreement with Non-Party Liza Hazan of the NLG v. Selective Adversary (the "9019

Motion") [D.I. 82, 83, 84, 85 and A.D.I. 32].

6.        On October 25, 2022, the Court heard the 9019 Motion and Trustee Mr. Alfred T.

Giuliano testified. [*See Transcript* D.I. 100].

7.        On November 14, 2022, Mr. Meehan and Ms. Hazan filed post-hearing

objections and Ms. Hazan filed a recission of her settlement agreement with the Trustee. [A.D.I.

41 and 42].

8.        On November 18, 2022, the Court entered an Order to Show Cause as to the

following:

(i)        Why the Settlement Motion should not be dismissed as moot;

(ii)       What assets of the Debtor's estate the Trustee must administer,

(iii)      Why the Chapter 7 bankruptcy case should not be dismissed: and

(iv)       Why the adversary actions associated with the main case, should not be dismissed
           because of the opinions, orders, and decisions listed above?"

[A.D.I. 44].

The Court also reviewed the prior decisions:

**This Court has already concluded that various courts have considered and rejected NLG and
Kosachuk's multiple efforts to vacate the judgment entered in 2012 against NLG and have
concluded that it is a good and valid judgment and NLG's claims have been concluded in favor
of Selective and Hazan.**

(i)  *Kosachuk v. Selective Advisors Grp., LLC,* No. 19CV4844 (DLC), 2019 WL

5965217, at* 1 (S.D.N.Y. Nov. 13, 2019) (denying reconsideration of an order dismissing a

complaint reasoning that Mr. Kosachuk was effectively attempting to appeal the 2012 state-

court judgment in federal court), *aff'd in part, vacated in part, remanded,* 827 F. App'x 58 (2d

Cir. 2020) (finding, among other things, that Mr. Kosachuk was time-barred from attacking the Quebec Judgment), **the Judge Cote decision** where NLG was also a plaintiff;

(ii) *NLG, LLC v. Hazan,* No. 18-24272-CIV, 2019 WL 4541700 (S.D. Fla. Sept. 19, 2019) (dismissing NLG's appeal related to the Quebec Judgment as equitably moot), *aff'd sub nom. NLG, LLC v. Horizon Hosp. Grp., LLC (In re Hazan),* IO F. 4th 1244, 1247 (11th Cir. 2021) (affirming the dismissal of NLG's claims related to the mortgage and Quebec Judgment on the basis of equitable mootness); **the Eleventh Circuit Court decision upholding Judge Cristol Final Judgment against NLG in favor of Selective and Elizabeth Hazan**, that forever Quieted title to Elizabeth Hazan to the Fisher Island property to Hazan as to all NLG's claims among other things and upheld the judgment entered in 2012 against NLG in Supreme Court of New York in favor of Quebec and assigned to Selective;

(iii) *Kosachuk v. Selective Advisors Grp., LLC,* Case No. 19cv4844, 2020 U.S. Dist. LEXIS 190452 (S.D.N.Y. Oct. 14, 2020) (finding, among other things, that Mr. Kosachuk was time-barred from attacking the Quebec Judgment); **the Second Circuit Decision**.

(iv) *NLG, LLC v. Selective Advisors Grp., LLC,* No. 18-24272-CIV, 2019 WL 2255033, (S.D. Fla. Mar. 22, 2019) (finding that Ms. Hazan's plan was substantially consummated and, as a result, NLG's arguments related to the Quebec Judgment and the foreclosure on the property were equitably moot); **the Florida District Court of Appeal the Judge Smith's decision dismissing NLG's appeal of the Judge Cristol Final Judgment against NLG in favor of Selective and Elizabeth Hazan**, that forever Quieted title to Elizabeth Hazan to the Fisher Island property to Hazan as to all NLG's claims among other things and upheld

the judgment entered in 2012 against NLG in Supreme Court of New York in favor of Quebec and assigned to Selective;

(v) *Hazan v. NLG, LLC (In re Hazan)*, Adv. Pro. No. 6-1439 (Bankr. S.D. Fla. 2016) (adversary docket in Ms. Hazan's chapter 11 bankruptcy case); the adversary case number is 16-1439-AJC filed by Selective Advisors Group, LLC and joined by Liza Hazan after a trial which resulted to the Cristol Final Judgment against NLG and in favor of Liza Hazan and Selective; **the Selective and Hazan v. NLG adversary case 16-1439-AJC;**

(vi)     *NLG, LLC v. Selective Advisors Grp., LLC,* No. 17-CV-24127, 2018 WL 638349 (S.D. Fla. Jan. 31, 2018) (finding that NLG had no legal right to appeal and, thus, lacked standing; **The Florida District Court Judge Gayles decision**;

(vii)     *Kosachuk v. Hazan,* No. 22-22071-CIV, 2022 WL 4552024 (S.D. Fla. Sept. 29, 2022) (**finding Mr. Kosachuk's appeal is nothing more than a collateral attack on the Quebec Judgment in the adversary proceeding**); The District Judge Scola Order dismissing Kosachuk's appeal of Judge Cristol Order striking lis pendens and to impose sanctions;

(viii)     final judgment upon a promissory note, entered on April 28, 2008, in Miami-Dade Circuit Court at Case No. 2007-19532 CA (11) in favor of NLG against Ms. Hazan in the amount of$1,618.071.29, and recorded in Official Records at Book 26357, at Pages 3948-3949, CFN2008R0361591, and which judgment also has been rerecorded in Official Records at Book 26406, Page 3259-3260, CFN2008R0446831 of the Public Records of Miami-Dade County, Florida in the Public Records of Miami-Dade County, Florida, and recorded and domesticated in other foreign jurisdictions (the **"Scola Judgment"); the**

**Scola Judgment deemed paid an satisfied pursuant to the Cristol Final Judgment;**

(ix)     Final judgment entered on December 4, 2015, in Miami-Dade Circuit Court at Case No. 11-42770 CA (01), in favor of NLG and against Ms. Hazan, in the amount of $4,876,654.29 (and setting foreclosure sale that was later stayed by Ms. Hazan's chapter 11 proceeding) recorded at Book 29902 Pages 3737-3742 CFN20150812181 **(the "Gordo Judgment"); the Gordo Judgment deemed paid and satisfied pursuant to the Cristol Final Judgment;** and

(x) Final Order entered on August 20, 2014, in supplementary proceedings in Miami Dade Circuit Court brought by Quebec's assignee, Selective, at Case No.14-10475 CA (10), judicially assigning to Selective the Scola Judgment in favor of NLG and against Ms. Hazan, and all of NLG's related rights, claims and benefits against Ms. Hazan; **the Miami-Dade Judge Lopez Order of Assignment the Scola Judgment in favor of NLG and against Ms. Hazan, and all of NLG's related rights, claims and benefits against Ms. Hazan;** See [A.D.I. 44].

9.     On December 9, 2022, Selective, America Asset Management LLC, 9197-5904 Quebec, Inc., Liza Hazan, and Sean Meehan filed a response.

10.     On December 9, 2022, the Trustee filed a response whereby he agreed to withdraw the 9019 Motion and mark the bankruptcy as a no asset case. [A.D.I.47].

11.     On December 14, 2022, the Trustee withdrew his 9019 Motion. [A.D.I. 51].

12.     On December 16, 2022, the Court conducted a hearing on the Order to Show Cause. The Court ordered the Trustee and Selective to dismiss the Adversary Proceeding 22-50086 (JKS), and the Trustee agreed to file the Final Report concluding the chapter 7 case.

**The Trustee has correctly concluded that this is a no asset case and no distribution to creditors and the case is now fully administered therefore there is nothing to "abandon".**

13.    On December 19, 2022, **the Trustee marked the NLG bankruptcy as a no asset**

Case [D.I. 120] and filed a Final Report concluding the chapter 7 case stating as follows:

> Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. **Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered.** I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 15 months. Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: Not Available, Claims Scheduled: $ 0.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 0.00.

[D.I. 122].

14.    On March 9, 2021, the Supreme Court of New York Judge Borrok dismissed Ramirez's

petition to vacate the judgment entered in 2012 against NLG and concluded as follows:

> "upon vacatur, the petition must be dismissed. Mr. Ramirez has no standing to proceed as a "third-party creditor" to vacate the subject judgment. He is not a creditor but has an attorney-client relationship with the judgment debtor. Moreover, **the petition is also an improper attempt to relitigate issues resolved in prior legal proceedings (*Syncora Guarantee Inc. v J.P. Morgan Securities LLC*, 110 AD3d 87 (1st Dept 2013).**

See D.I. 91.

15.    Judge Borrok denied Ramirez's motion for rehearing stating:

> "In his motion for a "rehearing," Mr. Ramirez fails to allege any matters of fact or law that the court purportedly overlooked or misapprehended in its Prior Decision. Nor does Mr. Ramirez identify any new facts or any change in the law that would alter the court's prior determination that Mr. Ramirez lacks standing to proceed as a "third-party creditor" to vacate the subject judgment. As the court previously explained, Mr. Ramirez is not a creditor but has an attorney-client relationship with the judgment debtor. The petition – and this motion – are both wholly improper attempts to relitigate issues already decided, both in prior legal actions between Mr. Ramirez's client and Selective, and in this special proceeding."

See D.I. 91.

16.    On February 22, 2022, the First Department affirmed Judge brook's decision and concluded "Hence, the portion of the order that dismissed the petition was sua sponte, and not appealable as of right (*see e.g.Mazzocchi v Gilbert,* 185 AD3d 438 [1st Dept 2020], *lv denied* 37 NY3d 908 [2021]; *Hladun-Goldmann v Rentsch Assoc.,* 8 AD3d 73 [1st Dept 2004]). The proper procedure should have been for petitioner to move to vacate the dismissal order and appeal as of right if that motion was denied (CPLR 5701 [a][3] ). We decline to grant leave to appeal (CPLR 5701[c]) since petitioner did not move to vacate the February 2012 judgment by confession within a reasonable time (*see Mark v Lenfest,* 80 AD3d 426 [1st Dept 2011]; *see also Mazzocchi,* 185 AD3d at 438 [dismissing appeal where claims appeared to be time-barred]).

See D.I. 91.

17.    On December 20, 2022, the Court of Appeals of the State of New York, First Judicial

Department affirmed Judge Borrok's Order denying Ramirez's motion for rehearing of his previous

order dismissing Ramirez's petition to vacate the 2012 Judgment against NLG ruling as follows:

> "Appeal from order, Supreme Court, New York County (Andrew Borrok, J.),entered on or about October 15, 2021, which denied petitioner's motion to rehear and/or to modify the court's prior order, entered on or about March 9, 2021, to the extent it sua sponte dismissed the petition, and granted respondent's cross motion for sanctions against petitioner in the form of attorneys' fees, unanimously dismissed, without costs.This Court has already determined that the proceeding is time-barred. We recently declined to grant petitioner leave to appeal from the March order because he did not bring this proceeding "within a reasonable time" (*Matter of Ramirez v Selective Advisors Group, LLC,* 202 AD3d 608, 609 [1st Dept 2022], *appeal dismissed* 39 NY3d 931 [2022]). Even accepting petitioner's argument that there is no time limitation to challenging the void judgment by confession, it is uncontested that a motion to vacate a judgment by confession must be made "within a reasonable time" (*see e.g. Matter of 4042 E. Tremont Café Corp. v Sodono,* 177 AD3d 456, 457 [1st Dept 2019]). This Court's prior ruling that petitioner did not bring the proceeding within a reasonable time is now law of the case (*see Glynwill Invs. v Shearson Lehman Hutton,* 216 AD3d 78 [1st Dept1995]). Further, the court properly characterized petitioner's motion for a "rehearing" or "modification" of the March order as one for reargument, which is a nonappealable order (*see* CPLR 2221[d]; *Grosso Moving & Packing Co. v Damens,* 233 AD3d 128, 128[1st Dept1996])."
>
> Index No. 654670/20
> Case No. 2021-04052
>
> See D.I. 127

18.    On January 2, 2023, Astried Gabbe, on behalf of NLG, without obtaining this court or the

Trustee's approval, filed a Notice of appeal of the Final Decree entered in Liza Hazan's Chapter 11 case. After filing an authorized motion to dismiss Liza Hazan's successful and reorganized Chapter 11 case in Florida, Judge Cristol denied NLG's motion to dismiss and suspended Florida attorney Astrid Gabbe's filing privileges. The Trustee also filed a motion to strike NLG's unauthorized motion to dismiss Liza Hazan's Chapter 11 case filed by Astrid Gabbe. See attached notice of appeal NLG's of the Order granting Liza Hazan's Final Decree, and Trustee's motion to strike and Order Striking NLG's motion to dismiss, are attached as **"Exhibit A, B, C".**

19.	On January 11, 2023, Supreme Court of New York Honorable Judge Lucy Billings ruled against Kosachuk and in favor of Quebec and Selective. Judge Billings granted Selective and Quebec's motion to dismiss with prejudice Kosachuk's most recent action against Selective and Quebec, seeking to vacate the Judgment entered in 2012 against NLG in favor of Quebec and assigned to Selective ruling as follows:

Transcript Page 2 lines 14-19

14. THE COURT:  **All right.  So, I am going to decide**

**15. the motion to dismiss first, and I'm going to grant the**

**16.motion to dismiss.**

**17.And really, the only question in my mind is the**

**18.extent to which I should order sanctions against**

**19.Mr. Kosachuk.**

 See attached **Exhibit "D".**

20.  The Florida bankruptcy Court granted Liza Hazan a permanent injunction against Kosachuk, his assigns, attorneys and agents, and NLG, its agents, and attorneys, its representatives, and forever quieted Ms. Hazan's title as to Kosachuk's claims to her title of her property

located at 6913 Valencia Drive, Miami, Florida 33109. See attached **Exhibit "E".**

21.    The Trustee has correctly concluded that **this is a no asset case and no distribution to creditors and the case is now fully administered** therefore **there is nothing to "abandon".**

22.  Judge Cote correctly ruled that NLG and Kosachuk's complaint was time barred and the doctrine of *Rooker-Feldman* barred their complaint to vacate the judgment entered in 2012 against NLG and the Court lacked subject matter jurisdiction. On December 21, 2015, Judge Hagler denied NLG's motion to vacate the judgment entered in 2012 against NLG. On January 7, 2020, Judge Hagler denied Kosachuk's motion to restore his motion vacate the judgment. Kosachuk's appeal of Judge Hagler's decision was dismissed. On March 9, 2021, Judge Borrok dismissed Ramirez's action to vacate the 2012 judgment ruling that "Mr Ramirez has no standing to proceed as a "third-party creditor" to vacate the subject judgment. He is not a creditor but has an attorney-client relationship with the judgment debtor.  Moreover, the petition is also an improper attempt to relitigate issues resolved in prior legal proceedings (*Syncora Guarantee Inc. v J.P. Morgan Securities LLC*, 110 AD3d 87 (1st Dept 2013). On October 15, 2021, Judge Borrok found that "Mr. Ramirez appears to have attempted to perpetrate a fraud on the court in the filing of this special proceeding.  His filing of this motion is equally outrageous.  Selective is entitled to recover its reasonable legal fees and costs in having to defend against this patently frivolous motion." The First Department, Court of Appeals for the State of New York dismissed both Ramirez's appeals of Judge Borrok's decisions holding that "Ramirez's petition is also an improper attempt to relitigate issues resolved in prior legal proceedings" and his order denying Ramirez's appeal of his motion for rehearing. See Letter *the Hon. J. Kate Stickles Regarding Trustees Motion for an Order Approving Agreement By and Among the Chapter 7 Trustee and Liza Hazan. See D.I. 91.*

23. On July 20, 2016, the Southern District Court in New York Judge Colleen McMahon ruled against NLG and in favor of Selective and Quebec.

" Stating On February 2012, the defendant confessed judgment in this action, brought by the plaintiff in the New York State Supreme Court, New York County.

On May 14, 2014, over two years later, defendant sought to vacate the confession of judgment.

On June 6, 2014, the Supreme Court denied the application for vacatur and marked the order "final disposition."

On June 17, 2014, plaintiff assigned its judgment to an entity known as Selective Advisors Group.

On September 4, 2015, Selective filed a satisfaction of judgment with the New York County Clerk.

On or about November 16, 2015, defendant-having paid the judgment- sought once again to have it vacated.

On December 21, 2015, the Supreme Court entered an order denying this application.

No appeal was taken from this order.

On January 29, 2016, defendant filed a notice of removal to have the action transferred to this court.

Exhibits documenting the foregoing statements of fact will be found at Docket #1 and Docket #11 of the official docket of this action.

The Notice of Removal is a nullity. There was no live action to remove. The New York State Supreme Court entered judgment in this matter some years ago. That judgment has been satisfied. The case is over. A closed case cannot be removed.

According to defendant's counsel, who appeared at a conference before this court, defendant believes that the judgment was procured by fraud, and so made application to re-open the satisfied judgment. Its motion was denied. Instead of filing an appeal, defendant sent the case here. But this court does not sit as a Court of Appeals over the New York State Supreme Court.

The clerk of court is directed to return the file in this matter to the County Clerk, New York County and to close out the case on the court's docket.

Defendant's counsel has 14 days to show cause why he should not be personally sanctioned for wasting the court's time with this utterly frivolous matter.

See attached decision **Exhibit "F"**.

On September 15, 2020, The United States Court of Appeals for the Second Circuit upheld Judge Cote's Decision.

"Here, we agree with the district court's alternative holding that Kosachuk's claims are time barred. Under New York law, a plaintiff must bring "an action based upon fraud" within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it."

N.Y. C.P.L.R. 213(8); *see also Weinstein v. Pollack*, 617 N.Y.S.2d 344, 346 (2d Dep't 1994) (acknowledging that the statute of limitations applicable to an action to vacate a judgment by confession obtained through fraudulent means is N.Y.

C.P.L.R. 213(8)). The judgment that Kosachuk challenges was entered in February 2012. And there is no question that Kosachuk was aware of the judgment by at least March 13, 2013; on that date, he filed a motion in a Pennsylvania state proceeding stating that it "ha[d] just come to [his] attention that[9197-5904 Quebec, Inc.] . . . recorded a judgment by confession against NLG[] . . .in the amount of $5,000,225.00 in New York." Suppl. App'x at 98, 100 (emphasis omitted). Nevertheless, Kosachuk waited until May 2019 (more than six years) to commence this action. Without question, then, Kosachuk's suit is time barred."

"Kosachuk attempts to escape that outcome by recasting this action as something other than one for fraud. But that argument is inconsistent with his complaint – which expressly sought to void the New York judgment "on the basis of fraud," App'x at 21 – and, in any event, is irrelevant. While Kosachuk insists that his claim has no specific limitations period, he overlooks the fact that New York has a catchall limitations period that covers any "action[s] for which no limitation is specifically prescribed by law," which is also six years. N.Y. C.P.L.R. 213(1). And while C.P.L.R. 5015(a)(3) provides an alternative means of vacating a fraudulently obtained judgment that is not subject to any statutory limitations period, *see Mark v. Lenfest*, 914 N.Y.S.2d 141, 142 (1st Dep't 2011); *AamesCap. Corp. v. Davidsohn*, 808 N.Y.S.2d 229, 230 (2d Dep't 2005), that provision clearlyrequires that the motion be made to "[t]he court [that] rendered [the] judgment ororder," N.Y. C.P.L.R. 5015(a); *see Brenner v. Arterial Plaza, Inc.*, 287 N.Y.S.2d 308, 309 (3d Dep't 1968). Moreover, even though there is no defined limitations period for C.P.L.R. 5015, such claims still must be brought "within a reasonable time," and Kosachuk's more than six-year delay was plainly unreasonable. *See Sieger v. Sieger*, 859 N.Y.S.2d 240, 243 (2d Dep't 2008) (finding seven-year delay unreasonable); *Mark*, 914 N.Y.S.2d at 142 (finding four-year delay unreasonable)."

Adv. D.I. 13-29 and see D.I. 84

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Liza Hazan, A/K/A Elizabeth Hazan,

respectfully request this Court deny Koachuk's frivolous Expedited Motion to Abandon Claims

Pursuant to Section 554(8), and grant such and further relief as the Court may deem just and

respectfully request this Court deny Koachuk's frivolous Expedited Motion to Abandon Claims Pursuant to Section 554(8), and grant such and further relief as the Court may deem just and proper.

Dated:  January 20, 2023,
Wilmington, Delaware

Respectfully submitted,

Liza Hazan

6913 Valencia Drive
Miami, Florida
33109
(212) 920-6605

# EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

In re:                                           Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,                Chapter 11

      Debtor,

_____/

### NOTICE OF APPEAL

NLG, LLC, ("NLG") through undersigned counsel, appeals under 28 U.S.C. § 158(a) and

Federal Rule of Bankruptcy Procedure 8002(a)(3) to the United States District Court for the

Southern District of Florida from the Order [ECF 1375] and Final Decree [ECF 1376], filed on

December 5, 2022, by U.S. Bankruptcy Judge A. Jay Cristol and entered on the docket on

December 5, 2022 in this case (the "Orders") and appealed to the District Court on December 19,

2022 by Chris Kosachuk and which appeal is pending before the District Court under case number

22-cv-24116-JEM captioned as *Chris Kosachuk v. Liza Hazan.*

This Notice of Appeal is related to a pending appeal before the Honorable Jose Martinez,

captioned as, *Chris Kosachuk, v. Liza Hazan* under case number 22-cv-22781-JEM which is an

appeal of the Order Denying Motion to Recuse in this same bankruptcy.

This Notice of Appeal is related to a pending appeal before the Honorable Beth Bloom,

captioned as, *Chris Kosachuk, v. Liza Hazan* under case number 22-cv-23840-BB which is an

appeal of a Final Judgment entered in this same bankruptcy.

In appealing from these Orders, NLG appeals from all orders and decisions antecedent and

ancillary thereto, including all interlocutory judgments, decrees, rulings, reports, recommendations

and opinions that merged into and became part of the Orders, that shaped the Orders, that are

related to the Orders and upon which the Orders are based.

The names of all parties to the judgment, order or decree appealed from and the names,

addresses, and telephone numbers of their respective attorneys are as follows:

**Part 1. Identify the appellant:**

1. Name of Appellant:  NLG, LLC

2. Position of Appellant: Creditor/Interested Party

| **Appellant: NLG, LLC** | **Attorneys for NLG, LLC** |
|---|---|
| NLG, LLC<br>854 Pheasant Run Road<br>West Chester, PA 19382 | Astrid E. Gabbe<br>The Law Office of Astrid E. Gabbe, P.A.<br>Florida Bar No. 635383<br>P.O. Box 4216<br>Hollywood, FL 33083<br>Tel. (954) 303-9882<br>Fax. (954) 983-1427<br>astridgabbe@gmail.com |

**PART 2. Identify the subject of this appeal:**

1. Describe the judgment, order or decree appealed from:

   Order [ECF 1375] and Final Decree [ECF 1376], filed on December 5, 2022, and entered

   on the docket on December 5, 2022  (the "Orders").

2. State the date on which the Orders were entered on the docket: December 5, 2022

**PART 3: Identify the other parties to the appeal**

| Party: Debtor/Appellee | Attorney |
|---|---|
| | **Attorney** |
| | JOEL M. ARESTY, P.A. |
| Liza Hazan a/k/a Elizabeth Hazan | 309 1st Ave S |
| 6913 Valencia Drive | Tierra Verde FL 33715 |
| Fisher Island, FL 33109 | Tel 305--904--1903 |
| | Fax 800--559--1870 |
| | E-mail Aresty@Mac.com |

January 2, 2023

Respectfully submitted,

**Attorneys for NLG, LLC**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 2nd day of  January 2023 a true and correct copy of foregoing was electronically filed with the CM/ECF System which will electronically serve a copy of the foregoing document on all parties of record.

Respectfully submitted,

**Attorneys for NLG, LLC**
*/s/ Astrid E. Gabbe*
Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

<u>**SERVICE LIST**</u>

<u>***Served via CM/ECF or Email***</u>

All parties of record

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-22564-GAYLES

*In re*                                              Bankruptcy Case No.: 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,

      Debtor.

_____/

NLG, LLC,

      Appellant,

v.

LIZA HAZAN,
also known as Elizabeth Hazan,

      Appellee.

_____/

### <u>ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE'S MOTION TO STRIKE NLG, LLC'S MOTION TO DISMISS CASE WITH PREJUDICE AS UNAUTHORIZED</u>

      Alfred T. Giuliano (the "<u>Trustee</u>"), the Chapter 7 trustee for the bankruptcy estate of NLG, LLC ("<u>NLG</u>"), by and through his counsel, files this *Motion to Strike NLG, LLC's Motion to Dismiss Case with Prejudice as Unauthorized*, and states as follows:

      1.      On September 24, 2021 (the "<u>NLG Petition Date</u>"), Christopher Kosachuk ("<u>Kosachuk</u>") filed an involuntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code against NLG in the United States Bankruptcy Court for the District of Delaware (the "<u>Delaware Bankruptcy Court</u>").

137248889.2

2.      On January 7, 2022, the Court entered an *Order for Relief in an Involuntary Case*, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against NLG.

3.      On the same day, the United States Trustee appointed the Trustee as the interim Chapter 7 trustee, which appointment remains in effect [D.N. 8].

4.      Since the Trustee's appointment, Kosachuk has repeatedly demanded that the Trustee move to dismiss Ms. Hazan's bankruptcy case. More recently, these demands have also come from Kosachuk's purported counsel, Astrid E. Gabbe. Remarkably, both Kosachuk and Ms. Gabbe continue to make these demands despite Kosachuk facing the real likelihood of being incarcerated for repeated contempt violations, including the filing of frivolous pleadings.

5.      For obvious reasons—not the least of which is the ongoing negotiations between the Trustee and Ms. Hazan—the Trustee has declined to do so at this time and has expressly stated to both Kosachuk and Ms. Gabbe that "[y]ou do not have the authority to file anything on behalf of [NLG], nor do you have the authority to make any such representations to any court."

6.      Despite this clear lack of authorization, on August 24, 2022, Kosachuk, through Ms. Gabbe, filed *NLG, LLC's Motion to Dismiss Case with Prejudice* (the "Motion to Dismiss") [ECF No. 1299]. Even worse than the filing itself, the Motion to Dismiss includes language that provides "[t]he Trustee adopts and incorporates by reference as if fully re-written herein, its Response [Doc. 1155] filed on June 6, 2022."

137248889.2

7.      The Trustee has never authorized the filing of the Motion to Dismiss and

has expressly stated to both Kosachuk and Ms. Gabbe that they are not authorized to file

the Motion to Dismiss. Likewise, the Trustee has never consented to language that suggests

the Trustee "adopts" any part of the Motion to Dismiss. As this Court knows, the Trustee

has exclusive control of NLG's estate as of the Petition Date. Any filings made on behalf

of NLG must therefore be authorized by the Trustee and filed by a professional who has

been properly retained and approved by the Delaware Bankruptcy Court, neither of which

exists here. The Motion to Dismiss is completely improper.

WHEREFORE, the Trustee requests that the Court strike the Motion to Dismiss

and grant any other relief the Court deems equitable and just.

DATED: August 25, 2022

Respectfully submitted,

FOX ROTHSCHILD LLP
Counsel for Plaintiff
777 S. Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Tel: (561) 835-9600
Fax: (561) 835-9602

By: *Heather L. Ries*
Heather L. Ries
Florida Bar No.: 581933
hries@foxrothschild.com

137248889.2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August, 2022, I electronically filed

this document with the Clerk of Court using CM/ECF. I also certify that the document is

being served this day on all counsel of record or pro se parties via transmission of Notices

of Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Filing.


By: *Heather L. Ries*
Heather L. Ries
Florida Bar No.: 581933
hries@foxrothschild.com


## **SERVICE LIST**

Notice will be electronically mailed to:

Astrid Gabbe on behalf of Defendant/Counter-Claimant NLG, LLC;
astridgabbe@gmail.com;

Juan Ramirez, Jr., Esquire on behalf of NLG, LLC; jr@adrmiami.com;

Joel M. Aresty, Esquire on behalf of Elizabeth Hazan; aresty@mac.com;

Daniel Bushell, Esquire on behalf of Elizabeth Hazan; dan@bushellappellatelaw.com;
Geoffrey Stuart Aaronson on behalf of Elizabeth Hazan; gaaronson@aspalaw.com,
lbenavides@aspalaw.com, tmckeown@aspalaw.com;

Joey Grant, Esq. email: jgrant@loriumlaw.com on behalf of Elizabeth Hazan.

4

137248889.2

EXHIBIT C



**ORDERED in the Southern District of Florida on September 12, 2022.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:

LIZA HAZAN,                                    CASE NO. 16-10389-BKC-AJC

        Debtor.

_____/

<u>ORDER GRANTING MOTION TO STRIKE AND STRIKING MOTIONS TO DISMISS</u>

THIS CAUSE is before the Court upon *Alfred T. Giuliano, Chapter 7 Trustee's Motion To Strike NLG, LLC's Motion To Dismiss Case With Prejudice As Unauthorized* (ECF 1305). Alfred T. Giuliano is the Chapter 7 trustee ("Trustee") for the bankruptcy estate of NLG, LLC ("NLG") in NLG's bankruptcy case in Delaware.

Attorney Astrid Gabbe represents Chris Kosachuk (*see* ECF 1313, Notice of Appeal filed on behalf of Chris Kosachuk), but she has also filed a Motion to Dismiss and an Amended Motion to Dismiss this case on behalf of NLG LLC. However, NLG is a debtor in a Chapter 7 bankruptcy in Delaware. In fact, Chris Kosachuk was the one who filed a petition for NLG in the Delaware bankruptcy court. As a result of the filing of the bankruptcy case, Alfred T. Giuliano was appointed

as the Chapter 7 trustee for the bankruptcy estate of NLG and, through his counsel, he has filed the *Motion to Strike NLG, LLC's Motion to Dismiss Case with Prejudice as Unauthorized.*

In his Motion, the Trustee states that since his appointment, Kosachuk has repeatedly demanded that he move to dismiss Ms. Hazan's bankruptcy case. The Trustee further states that more recently the demands have also come from Kosachuk's purported counsel, Astrid E. Gabbe.

The Trustee has refused these demands due to ongoing negotiations between the Trustee and Ms. Hazan. More importantly, the Trustee stated he expressly told both Kosachuk and Attorney Gabbe that "[y]ou do not have the authority to file anything on behalf of [NLG], nor do you have the authority to make any such representations to any court." Yet despite this clear admonition, on August 24, 2022, Attorney Gabbe filed *NLG, LLC's Motion to Dismiss Case with Prejudice* (ECF 1299) and thereafter, an amended motion to dismiss case (ECF 1306). Notably, the motions to dismiss include language that provides the Trustee and NLG "adopts and incorporates by reference as if fully re-written herein, its Response [Doc. 1155] filed on June 6, 2022."

Because the Trustee has exclusive control of NLG's estate as of the Petition Date in NLG's Delaware bankruptcy case, any filings made on behalf of NLG must be authorized by the Trustee and filed by a professional who has been properly retained and approved by the Delaware Bankruptcy Court, neither of which exists here. Attorney Gabbe, who represents Chris Kosachuk, improperly filed the Motion to Dismiss and Amended Motion to Dismiss purportedly on behalf of NLG when she was specifically told she had no authorization to do so, and she was never authorized by the Delaware bankruptcy court to do so. On her own, or perhaps at the insistence of her client Chris Kosachuk, Attorney Gabbe took it upon herself to defy the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure and the Local Rules of this Court and filed the motions to dismiss knowing full well she had no authority to file anything on behalf of NLG.

The motions to dismiss are completely improper and the Court will grant the Trustee's motion to strike forthwith. Moreover, for such egregious conduct in filing the unauthorized pleadings without authority and after expressly being told no authority was being given, the Court will suspend the CM/ECF filing privileges of Attorney Gabbe until she can demonstrate to the Court that she is competent to practice in bankruptcy court and is familiar with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. It is

ORDERED AND ADJUDGED as follows:

1. The *Motion to Strike NLG, LLC's Motion to Dismiss Case with Prejudice as Unauthorized* is GRANTED forthwith and the Motion to Dismiss (ECF 1299) and Amended Motion to Dismiss this case (ECF 1306) filed by Attorney Astrid Gabbe on behalf of NLG LLC are STRICKEN as improper and unauthorized. Any hearing(s) scheduled on the foregoing motions is/are CANCELLED.

2. The Clerk of Court is directed to immediately SUSPEND Attorney Astrid Gabbe's CM/ECF filing privileges in this Court. At such time as Attorney Gabbe can demonstrate she can competently practice before this Court and abide by the Federal Rules of Court by completing 40 hours of bankruptcy-related continuing legal education courses, she may petition the Court for reinstatement of her CM/ECF filing privileges and personally appear before the Court at a hearing.

###

Copies furnished to:
Heather Ries, Esq.

Attorney Ries Esq. is directed to immediately serve a conformed copy of this order on all interested parties and shall file a certificate of service with the Court.

**EXHIBIT D**

```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK : CIVIL TERM : PART 41
 2   ----------------------------------------X
     CHRIS KOSACHUK,
 3                                     Index No.
                                       158379/22
 4                   Petitioner,
                                       PROCEEDINGS
 5           -against-

 6
     SELECTIVE ADVISORS GROUP, LLC, AND
 7   9197-5904 QUEBEC, INC.,

 8                   Respondents.
     ----------------------------------------X
 9                         Supreme Court
                           71 Thomas Street
10                         New York, New York 10013
                           January 11, 2023
11   B E F O R E:

12                     HONORABLE LUCY BILLINGS
                         Supreme Court Justice
13

14   A P P E A R A N C E S:

15

16       CHRIS KOSACHUK, Petitioner

17

18       LAW OFFICES OF HAGAN, COURY & ASSOCIATES
           Attorneys for Respondents
19             908 Fourth Avenue
               Brooklyn, New York 11232
20       By:  PAUL R. GOLDEN, ESQ.

21

22

23
                             NANCY McENROE, RPR, NYACR, CSR
24                           Official Court Reporter

25
```

Proceedings

1              THE CLERK:  On the record.

2              THE COURT:  So, did you give your appearances to

3      the court reporter?

4              MR. KOSACHUK:  Chris Kosachuk on behalf of myself.

5      K-O-S-A-C-H-U-K.

6              THE COURT:  Mr. Kosachuk, are you an attorney?

7              MR. KOSACHUK:  No, I am not.

8              MR. GOLDEN:  My name is Paul Golden of the firm

9      Hagan, Coury, and Associates.  I'm representing the

10     respondents in this action, Your Honor.

11             THE COURT:  Okay.  You need to keep your voice up,

12     Mr. Golden.

13             MR. GOLDEN:  I will do that.

14             THE COURT:  All right.  So, I am going to decide

15     the motion to dismiss first, and I'm going to grant the

16     motion to dismiss.

17             And really, the only question in my mind is the

18     extent to which I should order sanctions against

19     Mr. Kosachuk.  Let me just ask a few questions.

20             Have there been two bankruptcy proceedings?  One in

21     Delaware is going on now?

22             MR. GOLDEN:  I believe that's accurate, Your Honor.

23             THE COURT:  And there was one previously in

24     Florida?

25             MR. GOLDEN:  Yes, yes.

Proceedings

1          THE COURT:  Okay.  But is it the bankruptcy of the

2     same entity?

3          MR. GOLDEN:  I don't believe that's accurate.  No,

4     I don't believe it's the same entity precisely.

5          THE COURT:  So in Florida there is a proceeding

6     concerning what entity?

7          MR. KOSACHUK:  There is a bankruptcy proceeding in

8     Florida pending currently of Elizabeth Hazan -- in re

9     Hazan -- case No. 1610389 AJC.

10          THE COURT:  Is that the one where there was --

11     there's already been a decision?

12          MR. KOSACHUK:  There has been a decision there

13     in -- there's a lot of litigation between the parties.

14          THE COURT:  Right.

15          MR. KOSACHUK:  So I will try to be as specific as I

16     can.

17          To answer Your Honor's question, there are several

18     bankruptcies.  So the first one is this one that we have for

19     Ms. Hazan.

20          The second one that we have is NLG, the alleged

21     judgment debtor, is in a bankruptcy in Delaware.

22          THE COURT:  Okay.

23          MR. KOSACHUK:  And that's currently pending in

24     front of Judge Stickles under Case No. 2111269.

25          Now, as for the other questions, selective

4

Proceedings

1     advisors --

2              THE COURT:  -- my questions.

3              MR. KOSACHUK:  Okay.  But there's two more

4     bankruptcies with selective advisors and another one

5     involving the 9197-5904 Quebec, Inc.

6              THE COURT:  That's the second respondent.

7              MR. KOSACHUK:  So --

8              THE COURT:  Did you file a claim as a creditor in

9     either of those bankruptcies?

10             MR. KOSACHUK:  Yes.

11             THE COURT:  Okay.  In both of them or --

12             MR. KOSACHUK:  Yes.

13             THE COURT:  You have plenty of grants for me to

14    grant dismissal, but I'm not sure judicial estoppel applies

15    here.

16             MR. GOLDEN:  I understand, Your Honor.  My primary

17    focus, of course, is collateral.  That's really -- that was

18    sort of a --

19             THE COURT:  There wasn't really -- I mean, it

20    appears to me that -- NLG, does that stand for anything?

21             MR. KOSACHUK:  No.

22             THE COURT:  And Mr. Kosachuk, do you take the

23    position that judgment by confession was final, but it was,

24    the selective entity -- selective advisors -- that took the

25    position that the judgment was satisfied, right?

Proceedings

1          MR. GOLDEN:  Yes.

2          THE COURT:  Right.  So I'm not sure what the

3    judicial estoppel --

4          MR. GOLDEN:  I understand that.  The primary

5    arguments were collateral estoppel and res judicata.

6          THE COURT:  Yes.  Collateral estoppel, but I'm not

7    sure --

8          Now, if I were to -- if I don't grant any

9    sanctions, Mr. Kosachuk, there will be fair warning to you

10   that the next time there will be significant sanctions in

11   the form of fines and injunctions.

12          But if I were to grant any sanctions now, what

13   would be the most effective?

14          MR. GOLDEN:  Well, the sanctions we're seeking,

15   Your Honor, one would be attorneys' fees.  My client had to

16   pay a great deal of attorneys' fees.

17          THE COURT:  I didn't see you actually -- maybe in

18   your notice of motion you specified attorneys' fees?

19          MR. GOLDEN:  I believe it's an OSC.

20          THE COURT:  But in your memorandum in support you

21   really weren't -- you were more focused on both the standard

22   for granting sanctions and the injunction of relief.

23          MR. GOLDEN:  First of all, I do believe it's -- I

24   do believe it's in the OSC in any event.

25          THE COURT:  Okay.

6

Proceedings

1          MR. GOLDEN:  And --

2          THE COURT:  Is there any showing of what your

3    attorneys' fees were?

4          MR. GOLDEN:  No.  I mean, I'm still in the process

5    of litigating, obviously; and Your Honor, I had -- at that

6    time I did my original papers I hadn't done reply papers,

7    and, of course, I'm here now.  So, no, I haven't put

8    together all papers concerning how much attorneys' fees my

9    client has had to pay for.

10         THE COURT:  All right.  You have any objection to

11   my just awarding a ballpark figure?  Rather than --

12         MR. GOLDEN:  No, I don't.  I don't.

13         THE COURT:  Rather than there being further

14   litigation over the amount of attorneys' fees and expenses?

15         MR. GOLDEN:  I will leave it to your discretion.  I

16   believe it's somewhere in the nature of somewhere between 15

17   and 20 because I had to do a lot of --

18         THE COURT:  I'm sorry.  What?

19         MR. GOLDEN:  Between 15 and $20,000.  I'm not

20   positive because I haven't calculated them up yet, but it's

21   probably upwards, but I know it's below 25, but I will leave

22   it to your discretion as to what's a fair sum for attorneys'

23   fees, Your Honor.

24         THE COURT:  Okay.  And if I were to enjoin further

25   litigation, so -- that's the monetary component of the

Proceedings

1    sanctions that you are seeking; is that right?

2           MR. GOLDEN:  Yes.

3           THE COURT:  Is that something that would be

4    effective here?

5           MR. GOLDEN:  Well --

6           THE COURT:  I don't know how deep Mr. Kosachuk's

7    pocket is.

8           MR. GOLDEN:  Fair enough.  I leave it -- I'm going

9    to leave this up to your discretion as well, but I am

10   certain I would want one thing, the monetary sanctions, but

11   I'm also asking -- I believe you already said this -- is an

12   order indicating that he can file no further actions against

13   my two --

14          THE COURT:  Who exactly would the entities be?

15   Would it be just limited to the two respondents here?

16          MR. GOLDEN:  And the principals as well.

17          THE COURT:  How would I know who they are?

18          MR. GOLDEN:  Sean Meehan and Elizabeth Hazan.

19          THE COURT:  Is there anything in the record that

20   demonstrates who the principals are?

21          MR. GOLDEN:  Sean Meehan wrote up the affidavit.

22          THE COURT:  That's right.  Okay.  And he states

23   what his capacity is?

24          MR. GOLDEN:  Yes.

25          THE COURT:  How do you spell his name?

Proceedings

1          MR. GOLDEN:  S-E-A-N.

2          THE COURT:  Hold on one moment.

3          MR. GOLDEN:  Sure.

4          THE COURT:  Okay.

5          MR. GOLDEN:  M-E-E-H-A-N.

6          THE COURT:  Any other -- and the other person is

7    Liza, right?

8          MR. GOLDEN:  Elizabeth.  Her last name is Hazan,

9    H-A-Z-A-N.

10          THE COURT:  I know it's in the papers.  H-A-D?

11          MR. GOLDEN:  Z as in "zebra."

12          MR. KOSACHUK:  Your Honor, there's a mountain of

13    litigation that's currently pending.

14          THE COURT:  H-A-Z-A-N?

15          I'm sorry.  Go ahead, Mr. Kosachuk.

16          MR. KOSACHUK:  I said there is pending litigation

17    amongst these parties, including me, in the bankruptcy

18    courts in both bankruptcies.

19          THE COURT:  That's part of your problem.

20          MR. KOSACHUK:  Your Honor, we have to get back to

21    the root of this.  I understand Your Honor is inclined to

22    dismiss this petition, and I think what Your Honor -- if we

23    could just stop for a second and go back and actually look

24    at this underlying judgment by confession that was entered,

25    okay?

Proceedings

1          I have it here.  I can provide it to the Court if

2     you'd like a copy of it so you can go over it with me.  It's

3     Exhibit 1 to the petition.

4          THE COURT:  That's something we might have done

5     years ago, but not now.

6          MR. KOSACHUK:  But, Your Honor, if I may -- if you

7     would indulge me for a moment, please.

8          THE COURT:  I have something else at 10:00, but go

9     ahead.

10          MR. KOSACHUK:  Well, we have ten minutes.

11          Your Honor, this judgment is void on its face.

12          THE COURT:  Okay.  I think this is in the record.

13          MR. KOSACHUK:  It is in the record, but I want to

14     make it clear we have a judgment that's void on its face.

15     It was entered without personal jurisdiction --

16          THE COURT:  The problem is you already litigated

17     this multiple times.

18          MR. KOSACHUK:  In where?  What court?  He filed

19     4,600 pages.

20          THE COURT:  In federal court and before Justice

21     Hagler, which brings me back to the sanctions.

22          MR. KOSACHUK:  Justice Hagler was overseeing

23     motions that were never heard because they filed bankruptcy,

24     and they were marked off the calendar.

25          THE COURT:  There is such a thing as an appeal,

Proceedings

1    Mr. Kosachuk, and you could have appealed any of Justice

2    Hagler's orders.

3              MR. KOSACHUK:  Your Honor, Justice Hagler never

4    provided a full and fair opportunity --

5              THE COURT:  Excuse me.  One of the mechanisms of I

6    might use is if Mr. Kosachuk were to file any other

7    action -- I don't even want to put the idea in his head --

8    but that it should be assigned to me.  The only problem is

9    that -- you know --

10             MR. GOLDEN:  You are going to live to another

11   hundred years.

12             THE COURT:  I am not going to live another hundred

13   years.  Justice Hagler is younger than I am, but -- although

14   I don't necessarily want to force this on him, but do you

15   have any suggestions in that regard?

16             MR. GOLDEN:  Well, I would -- I don't have any

17   brilliant suggestions, except, yes, it would have to be

18   signed by you or Judge Hagler.  That can be one way of

19   handling it.

20             But in any respect, if -- like you said, I don't

21   want to put any ideas in Mr. Kosachuk's mind, but something

22   along the lines of that my client would have to be

23   forewarned that he is even going to be requesting the right

24   to file further litigation so that I can get to court

25   immediately and to the best I can explain why that shouldn't

Proceedings

1      go forward.

2              THE COURT:  Okay.

3              MR. KOSACHUK:  Your Honor, I want to make clear for

4      the record, do you understand what they did with this

5      judgment by confession?

6              THE COURT:  Yes.

7              MR. KOSACHUK:  Do you understand, they walked

8      in -- the Plaintiff, Quebec, Mr. Houle, walked into the

9      Court -- the New York County Clerk here -- with an affidavit

10     pretending to be Defendant NLG.  He signed an affidavit -- a

11     perjurious affidavit -- saying that NLG owes $5 million.

12             THE COURT:  I'm not saying there wasn't at one

13     point merit to your --

14             MR. KOSACHUK:  Your Honor, we have his deposition

15     testimony that's filed in part of the record, and it says

16     clearly, it says:  Before you filed this confession of

17     judgment --

18             THE COURT:  I do not at this juncture --

19             MR. KOSACHUK:  -- did NLG owe the Quebec

20     Corporation any money, and the answer was no.

21             So what happened here is they walked into the New

22     York County Clerk and got a $5 million judgment against NLG

23     in a collusive manner because the president, Mr. Houle, of

24     Quebec was pretending to be Defendant NLG.  Okay?

25             There was no service of process.

Proceedings

1           THE COURT:  The problem is I can't consider these

2     arguments now in 2023.

3           MR. KOSACHUK:  Sure you can.  Your Honor, there is

4     no statute of limitations on challenging a void judgment.

5           THE COURT:  Yes, there is a reasonable time.

6     That's CPLR 5015, and the courts have already held that you

7     have surpassed the reasonable time.

8           MR. KOSACHUK:  No, Your Honor.  That is not what

9     the courts have held.

10          THE COURT:  No, I'm sorry.  That's my

11    interpretation.

12          MR. KOSACHUK:  Okay.  But let me explain it so I

13    can help Your Honor understand.

14          THE COURT:  That's all right.  I am well-versed in

15    CPLR 5015.

16          MR. KOSACHUK:  I understand that.  Are you equally

17    well-versed in CPLR 3218?

18          THE COURT:  Yes.

19          MR. KOSACHUK:  Which is the judgment by confession

20    statute?

21          THE COURT:  Yes.

22          MR. KOSACHUK:  It says that a judgment by

23    confession has to be entered on a debt.

24          This judgment by confession was entered on the tort

25    claims of --

Proceedings

1              THE COURT:  That was your argument a decade ago,

2        but not now.

3              So we are going to go off the record now.  All

4        right?

5              Thank you.

6              MR. GOLDEN:  Thank you.

7              *************************

CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF THE ORIGINAL
8        MINUTES TAKEN OF THIS PROCEEDING.

9

                        *Nancy McEnroe*
10                       NANCY McENROE, RPR, NYACR, CSR
                        Senior Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EXHIBIT E**



**ORDERED in the Southern District of Florida on November 1, 2022.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,            Chapter 11

        Debtor.

_____/

## ORDER GRANTING IN PART FURTHER RELIEF TO THE DEBTOR PURSUANT TO THE EMERGENCY MOTION FOR ORDER DIRECTING US MARSHALS TO TAKE CHRIS KOSACHUK INTO CUSTODY

**THIS MATTER** came before the Court for hearing on October 20, 2022 at 10:30 AM

upon *Reorganized and Discharged Debtor, Liza Hazan, a/k/a Elizabeth Hazan's* ("Discharged

Debtor" or "Hazan") *Emergency Motion For an Order directing the United States Marshals to*

*take Christopher Kosachuk also known as Chris Kosachuk ("Kosachuk"), into custody and to*

*detain him until such time as Ms. Hazan is able to complete a closing on her homestead property*

*as ordered on June 28, 2022 at ECF No. 1194* filed by Liza Hazan on August 15, 2022 (ECF No.

1255). In its prior Order Granting In Part Debtor's Emergency Motion For An Order Directing

The United States Marshals To Take Chris Kosachuk Into Custody, entered October 7, 2022, the

Court determined that Christopher Kosachuk was in civil contempt and subject to sanctions. The

Court previously sanctioned Chris Kosachuk one hundred dollars ($100) per day for every day he

remains in contempt, in favor of Liza Hazan also known as Elizabeth Hazan ("The Sanction").

The Sanction is effective beginning September 12, 2022, and continuing at the rate of one hundred

dollars ($100) per day [in favor of Liza Hazan also known as Elizabeth Hazan] until the Court

determines Kosachuk is no longer in contempt. The Sanction may be increased if the Court finds

the continuing contempt warrants the adjustment.

Furthermore, as a result of Chris Kosachuk's continuing contempt, the Court invokes

Federal Rule of Bankruptcy Procedure 7070 in this contested matter involving Chris Kosachuk.

Fed. R. Bankr. P. 9014(c) (adversary rules may be applied to contested matters upon notice and

order of the Court). Rule 7070 specifically provides:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires
> a party to convey land, to deliver a deed or other document, or to perform
> any other specific act and the party fails to comply within the time specified,
> the court may order the act to be done—at the disobedient party's expense—
> by another person appointed by the court. When done, the act has the same
> effect as if done by the party.
>
> (b) Vesting Title. If the real or personal property is within the district, the
> court—instead of ordering a conveyance—may enter a judgment divesting
> any party's title and vesting it in others. That judgment has the effect of a
> legally executed conveyance.
>
> (c) Obtaining a Writ of Attachment or Sequestration. On application by a
> party entitled to performance of an act, the clerk must issue a writ of

attachment or sequestration against the disobedient party's property to compel obedience.

(d) Obtaining a Writ of Execution or Assistance. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

(e) Holding in Contempt. The court may also hold the disobedient party in contempt.

In accordance with FRBP 9014(c), the Court orders FRBP 7070 applies in this contested matter so the Court may order certain acts to be done by a person appointed by the Court -- at Christopher Kosachuk 's expense, as he is the disobedient party. Once done, the act(s) will have the same effect as if done by the disobedient party, Christopher Kosachuk. Thus, for the reasons stated on the record at the hearing, it is

**ORDERED AND ADJUDGED** as follows:

1.  The Court again DEFERS ordering the United States Marshals to take Chris Kosachuk into custody at this time and instead sanctions him for his civil contempt.

2.  Chris Kosachuk is SANCTIONED in the amount of one hundred dollars ($100) per day in favor of Liza Hazan also known as Elizabeth Hazan, effective starting September 12, 2022, and continuing at the rate of one hundred dollars ($100) per day in favor of Liza Hazan also known as Elizabeth Hazan, subject to further adjustment upward if warranted.

3.  The Court will reduce to a Final Judgment The Sanction for the first thirty eight days, and Debtor's counsel is directed to submit for entry a proposed Final Judgment in the amount of Thirty Eight Hundred dollars $3,800.00, which may be recorded in favor of LIZA HAZAN a/k/a ELIZABETH HAZAN, whose address is 6913 Valencia Drive Miami (Fisher Island), FL 33109, against CHRIS KOSACHUK also

known as CHRISTOPHER KOSACHUK, whose address is 854 Pheasant Run Road, West Chester, Pennsylvania 19382. The Final Judgment will accrue post judgment interest from the entry thereof at the rate prescribed by 28 U.S.C. § 1961, for which execution shall issue forthwith.

4.    The Court invokes Federal Rule of Bankruptcy Procedure 7070 and applies the rule to this contested matter, and directs the United States Trustee to nominate a disinterested person or persons to perform certain acts that Chris Kosachuk refuses to perform to clear or quiet title to the Debtor's homestead Property so that she may refinance the property to pay creditors pursuant to her confirmed Chapter 11 Plan. All acts performed by or at the direction of the person(s) appointed shall have the same effect as if done by the disobedient party, Chris Kosachuk,

5.    Chris Kosachuk a/k/a Christopher Kosachuk, his agents, attorneys, representatives, have no claim against Liza Hazan a/k/a Elizabeth Hazan, or her homestead Property located at 6913 Valencia Drive, Miami Florida 33109, with the following legal description:

LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida.

6.    Any claim to any right, title, or interest in or to the homestead Property at 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida,

asserted by Chris Kosachuk, his agents, attorneys, representatives or any party asserting an interest by, through or under Chris Kosachuk, his agents, attorneys or

representatives, is deemed a nullity and each lis pendens filed or to be filed in the future against Debtor's homestead Property by Chris Kosachuk, his agents, attorneys, representatives or any party asserting an interest by, through or under Chris Kosachuk, his agents, attorneys or representatives, is or shall be immediately **DISMISSSED, DISCHARGED AND RELEASED,** and Liza Hazan a/k/a Elizabeth Hazan shall have good and clear title to said homestead Property as against any such purported claim(s) by, through, or under Chris Kosachuk a/k/a Christopher Kosachuk, his agents, attorneys, and/or representatives.

7.       A further hearing on the Motion is scheduled on <u>November 8, at 03:00 PM</u> at which time the Court will determine the status of Kosachuk's compliance with the Court's orders and whether The Sanction has encouraged the resolution of this matter, or whether the Court will need to increase The Sanction or consider incarceration. The Court will also consider the U.S. Trustee's nomination of a disinterested person to act in accordance with FRBP 7070.

###

**Submitted by:**
Joel M. Aresty, Esq. Fla. Bar No. 197483 Attorney for Reorganized and Discharged Liza Hazan
**Aresty@Mac.com** .

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

**Copies to:** Clerk, U.S. Bankruptcy Court, Office of the U.S. Trustee, all parties of interest.

**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––x

9197-5904 QUEBEC, INC.,

      Plaintiff,

    -against-

NLG LLC,

      Defendant.

––––––––––––––––––––––––––––––––––––x

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:                          │
│ DATE FILED: 7/20/16             │
└─────────────────────────────────┘
```

16 Civ. 695 (CM)(JCF)

ORDER "REMANDING" CASE

McMahon, CJ:

    Herewith the history of this action:

    On February 2012, the defendant confessed judgment in this action, brought by the plaintiff in the New York State Supreme Court, New York County.

    On May 14, 2014, over two years later, defendant sought to vacate the confession of judgment.

    On June 6, 2014, the Supreme Court denied the application for vacatur and marked the order "final disposition."

    On June 17, 2014, plaintiff assigned its judgment to an entity known as Selective Advisors Group.

    On September 4, 2015, Selective filed a satisfaction of judgment with the New York County Clerk.

    On or about November 16, 2015, defendant – having paid the judgment – sought once again to have it vacated.

    On December 21, 2015, the Supreme Court entered an order denying this application. No appeal was taken from this order.

On January 29, 2016, defendant filed a notice of removal to have the action transferred to this court.

Exhibits documenting the foregoing statements of fact will be found at Docket #1 and Docket #11 of the official docket of this action.

The Notice of Removal is a nullity. There was no live action to remove. The New York State Supreme Court entered judgment in this matter some years ago. That judgment has been satisfied. The case is over. A closed case cannot be removed.

According to defendant's counsel, who appeared at a conference before this court, defendant believes that the judgment was procured by fraud, and so made application to re-open the satisfied judgment. Its motion was denied. Instead of filing an appeal, defendant sent the case here. But this court does not sit as a Court of Appeals over the New York State Supreme Court.

The clerk of court is directed to return the file in this matter to the County Clerk, New York County and to close out the case on the court's docket.

Defendant's counsel has 14 days to show cause why he should not be personally sanctioned for wasting the court's time with this utterly frivolous matter.

Dated: July 20, 2016

_____
Chief Judge

BY ECF TO ALL COUNSEL