# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | **Related D.I. 71** |
| | Fully administered |
| | (Involuntary) |

## LIZA HAZAN'S RESPONSE TO MOTION TO CONVERT

Interested party Liza Hazan a/k/a Elizabeth Hazan ("Hazan"), *pro se*, files their Response to

Chris Kosachuk ("Kosachuk")'s Motion to Convert filed on August16, 2022, D.I. 71, and, in

support, Ms. Hazan respectfully states as follows:

### KOSACHUK FAILED TO DISCLOSE THAT HE FILED THIS CASE TO STAY A MIAMI-DADE SHERIFF'S LEVY IN FAVOUR OF AAM THIS COURT SHOULD CONCLUDE THAT THIS IS A TWO-PARTY DISPUTE AND A BAD FAITH FILING

1. In this case, the debtor and Chris Kosachuk, have not only filed the petition in bad faith but

   have actually committed perjury.

2. Every bankruptcy petition warns the debtor and the attorney right above the spaces for

   their respective signatures on the petition that "Bankruptcy fraud" is a serious crime.

   Making a false statement in connection with a bankruptcy case can result in fines up to

   $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and

   3571."

3. Kosachuk, NLG's alleged former manager, filed a fraudulent petition where he alledges

   that he is owed more than $5 million dollar. He never loaned any money to NLG or to

1

Hazan, as it was a "gift of equity" by NLG to Ms. Hazan in order to complete the real estate

transaction for Ms. Hazan's Fisher Island house.

4.    Moreover, Kosachuk stole Ms. Hazan's Fisher Island homestead house located at 6913

Valencia Drive Miami Florida 33109 from an innocent victim called Oxana Agapov

("Agapov"). Agapov filed an involuntary bankruptcy against Kosachuk and NLG. Agapov

complained that Kosachuk "never put a dime towards the purchase of the Fisher Island

property, Ms. Hazan's Fisher Island homestead house. See detailed explanation in

Involuntary Bankruptcy case filed by Oxana Agapov against NLG and Kosachuk D.I. 114.

5.    On February 17, 2021, the Miami Dade County Court the Honorable Judge Alan Fine

entered a Final Order Granting Judgment Creditor's Post Judgment Motion to Execute and

to Order the Levy and Sale of Choses of Action Owned by Judgment Debtor NLG, LLC

and Memorandum of Law after a hearing held before the Court on January 7, 2020 on

Plaintiff Judgment Creditor America Asset Management, LLC ("Plaintiff" or "Judgment

creditor")'s Post Judgment Verified Motion to Execute and to Order the Levy and Sale of

Choses of Action Owned by Judgment Debtor, NLG, LLC ("Defendant" or "Judgment

Debtor"), and Memorandum of Law (the "Post Judgment Motion to Execute and to Order

the Levy and Sale"), to be applied towards the satisfaction of the final judgment in this

matter, ruling as follows:.

"Said Plaintiff's Verified Post Judgment Motion to Execute and to Order the Levy and Sale
of Choses of Action Owned by Judgment Debtor, NLG, LLC is hereby **GRANTED**.
Plaintiff holds an unsatisfied final and non-appealable judgment in this matter against the
Defendant NLG, LLC (the "Judgment Debtor") with an amount due and owing of
$44,452.11 as of January 8, 2021 and accruing $5.15 per diem thereafter.

The Sheriff of Miami-Dade County, Florida is hereby **ORDERED AND DIRECTED TO
LEVY UPON AND OFFER FOR SALE**, in the same manner as authorized by law, all
of the right title and interest of the Defendant Judgment Debtor, NLG, LLC, holds in any

lawsuits, choses of action, appeals or judgments as set forth below, except that there shall be one sale at a time – no subsequent sale shall take place once the amount necessary to satisfy the judgment is obtained. The order of the sales may be selected by the Plaintiff:

against Selective Advisors Group, LLC and Selective Advisor Group, LLC and Liza Hazan also known as Elizabeth Hazan, or any other party, consisting of any and all claims, rights, counter-claims, cross claims or third party claims, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial sale to be applied towards the unsatisfied judgment and writ of execution rendered herein.

all of the right title and interest of the Defendant Judgment Debtor, NLG, LLC in the pending appeal in The United States Court of Appeals for the Eleventh Circuit Case No. 19-14049 titled NLG, LLC v. SELECTIVE ADVISORS GROUP, LLC and LIZA HAZAN a/k/a ELIZABETH HAZAN, consisting of any and all claims, rights, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial  sale to be applied towards the unsatisfied judgment and writ of execution rendered herein.

All of the right title and interest of the Defendant Judgment Debtor, NLG, LLC in the matter of Miami-Dade Circuit Court Case No. 2011-42770 CA 01, consisting of the alleged Original Note, Mortgage recorded in the Official Records Book 25559 at Pages 4266-4272, CFN2007R0410013 and the Disputed Foreclosure Judgment rendered therein by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County rendered and recorded at Book 29902 Pages 3737-3742 CFN20150812181 on the following property in Miami-Dade County, Florida: Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County, Physical Address: 6913 Valencia Drive, Fisher Island, FL 33109 consisting of any and all claims, rights, counter-claims, cross claims or third party claims, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial sale to be applied towards the unsatisfied judgment and writ of execution rendered herein; The note, mortgage and foreclosure judgment have all been deemed satisfied and paid by the Bankruptcy Court Southern District of Florida Case No. 16-10389-AJC, Chapter 11, Adversary Proceeding Case No. 16-01439AJC [ECF No. 238].

all of the right title and interest of the Defendant Judgment Debtor, NLG, LLC, all claims, Lawsuits and choses of action the Judgment Debtor NLG, LLC may have against Selective Advisors Group, LLC, Selective Advisor Group, LLC and Liza Hazan also known as Elizabeth Hazan in the United States Bankruptcy Court, Southern District of Florida, Case No. 16-10389-AJC, Chapter 11, Adversary Proceeding, Case No. 16-01439AJC, titled SELECTIVE ADVISORS GROUP, LLC v. NLG, LLC consisting of any and all claims, rights, counter-claims, cross claims or third party claims, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial sale to be applied towards the unsatisfied judgment and writ of execution rendered herein. all of the right title and interest of the Defendant Judgment Debtor, NLG, LLC in the pending appeal in the United States District Court Southern District of Florida Miami Division and before the Honorable Judge Robert N. Scola Case No. 19-cv-20186-RNS, titled NLG, LLC v. ELIZABETH HAZAN, consisting of any and all claims, rights, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial sale to be applied towards the unsatisfied judgment and writ of execution rendered herein.

all of the right title and interest of the Defendant Judgment Debtor, NLG, LLC in the pending appeal in The United States District Court Southern District of Florida Miami Division and before the Honorable Judge Darin P. Gayles Case No. 18-cv- 22564-DPG titled NLG, LLC v. ELIZABETH HAZAN, consisting of any and all claims, rights, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial sale to be applied towards the unsatisfied judgment and writ of execution rendered herein.

**all of the right title and interest of the Defendant Judgment Debtor, NLG, LLC in The United States District Court Southern District of Florida Miami Division before Judge Jose E. Martinez Case No. 18-cv-21398-JEM titled NLG, LLC v. SELECTIVE ADVISORS GROUP, LLC, consisting of any and all claims, rights, asserted by the judgment Debtor NLG, LLC with the proceeds from the judicial sale to be applied towards the unsatisfied judgment and writ of execution rendered herein." ("the current adversary case 22-50086-JKS)**

……. Miami-Dade County, Florida is hereby **AUTHORIZED** to conduct sheriff's sale in accordance with its procedures.

### Liza Hazan a/k/a Elizabeth Hazan's Miami Bankruptcy case and the Cristol Final Judgment against NLG.

6. Selective and Hazan prevailed against NLG and Kosachuk in all their appeals. This bankruptcy case was filed for the sole purpose to avoid and stay the Sheriff's levy that was scheduled by judgment creditor AAM against NLG pursuant to the Notice of Sheriff's Levy dated July 29, 2022. Kosachuk filed this involuntary chapter 7 case against NLG, days before the scheduled auction, in Miami Dade County, Florida, Court case America Asset management, LLC vs. NLG, LLC. [*See America Asset management, LLC v. NLG, LLC,* case number 2017-005232-CA-01].

7. NLG lost all its alleged claims against Ms. Hazan pursuant to Judge Cristol's Final Judgment in favor of Selective and Ms. Hazan an against NLG that held that in the Adversary Case, this Court held a trial on July 13, 2017, and on November 1, 2017, entered a Final Judgment on Counts I, II and III in favor of Ms. Hazan. *Id.* It declared that "NLG's claim against the debtor had been satisfied and that NLG had no further claim against the Debtor Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order. *Id.*

And this Court forever quieted the Debtor's title to her property as against all claims by

NLG." ("the Cristol, Final Judgment"). [*See* Case No. 16-01439 ECF No. 238].

8. On June 12, 2018, this Court entered its Order Confirming Plan of Reorganization

(Confirmation Order). [ECF No. 691].

9. Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose

claims were extinguished from pursuing such claims against the debtor:

> All creditors whose judgments are declared null and void (if any)
> are enjoined from commencing, continuing, or employing any
> action, process, or act to collect, recover, or offset any such debts as
> personal liability of the Debtor, or from property of the Debtor,
> whether or not discharge of such Debtor is waived.

10. Paragraph 9 of the Confirmation Order contains an injunction prohibiting all creditors from

taking any action to collect any prepetition debt or to enforce any lien against the debtor's

property based on a prepetition claim:

> All creditors are also enjoined from commencing, continuing, or
> employing any action, process, or act to collect, recover, or offset
> any debts, or enforce any liens against the Debtor on account of
> Debtor on account of any any debt that existed as of the Petition
> Date.

11. NLG filed a late proof of claim, which was later completely disallowed by Judge Cristol

in a November 1, 2017, order in Adversary Case No. 16-01439. [*See* Case No. 16-01439

ECF No. 238].

12. In addition, NLG has continued to prosecute other lawsuits related to the Hazan's property,

including a suit styled as a declaratory judgment action against Selective Advisors Group,

LLC, which was transferred from the United States District Court for the Southern District

of Florida as *NLG, LLC v. Selective Advisors Group, LLC*, Case No. 1:18-cv-21398-JEM.

To this Court. In that case, NLG prayed for the court to vacate the New York judgment

5

against NLG entered in February 2012 in favor of Quebec that was subsequently assigned to Selective Advisors.

13. That Selective judgment against NLG was integral to the Cristol Final Judgment case and Ms. Hazan's Plan of Reorganization. In its Final Judgment as to Counts I, II and III, the Miami Bankruptcy Court found that in proceedings supplemental brought to enforce the New York judgment, Florida Circuit Court Judge Peter Lopez judicially assigned NLG's claims against the debtor to Selective Advisors. *See* ECF No. 238 in Adversary Case No. 16-01439, pp. 3-4. It was based on the judicial assignment of the New York judgment that this Court concluded that NLG's claim was satisfied and the property had been redeemed. *Id.* at 12-13.

14. Despite the Court's entry of the Confirmation Order, NLG, through its counsel Mr. Ramirez, has continued to prosecute its claim in Case No. 1:18-cv-21398-JEM, including filing a motion for summary Judgment.

15. Similarly, despite the Confirmation Order, NLG has moved the New York Supreme Court to vacate the New York Judgment.

16. Mr. Kosachuk is the purported principal of NLG and has submitted an affidavit to advance NLG's efforts to vacate the New York judgment, in which he claims to be a creditor of NLG and states that the New York judgment "is preventing NLG from foreclosing on its collateral, which is a mansion on Fisher Island worth approximately $10 million." .

17. Mr. Ramirez has likewise filed an affidavit in support of vacating the New York judgment, claiming to be a creditor of NLG and that the New York judgment was preventing him from collecting payment from NLG. *See* Exhibit 7 hereto.

**In his Final report, The Trustee certified that he has made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate;**

6

**and that there is no property available for distribution from the estate over and above that exempted by law. D.I. 122. NLG has no asset therefore Kosachuk's motion should be denied.**

18. The Trustee has concluded after careful consideration that this was a no asset case and filed the final Report in this case, and no distribution to creditors and the case is now fully administered and **that there is no property available for distribution from the estate**. D.I. 122. Kosachuk lacks standing to file this motion to convert case to chapter 11.

19. Therefore, Kosachuk's Motion to convert to Chapter 11 should be denied.

20. The Trustee stated in his motion to Approve Settlement with Liza Hazan:

"Over the course of more than 12 years, Kosachuk and his litigation tactics have created a procedural knot that simply cannot be untangled…Kosachuk seeks to compel the Trustee to
act as his personal attorney, bear the full brunt of the costs, and embark on yet another legal saga, all to the detriment of the Debtor's other creditors..
Kosachuk complains that no court has addressed the "merits" of the claim. But even if that is true,     Kosachuk is largely responsible. In fact, that is precisely what Judge Cote of the Southern District of New York found after Kosachuk made the strategic decision to abandon his claims in New York state court in favor of New York federal court:

"Kosachuk makes much of the fact that, despite more than seven years of litigation, not one court has ruled on the merits of his or NLG's motion to vacate the [Confession of Judgment]. But,assuming that is true, Kosachuk and NLG be ar much responsibility for making it so. Three times now Kosachuk and NLG have abandoned their motion in the New York Supreme Court for relief from the [Confession of Judgment]. Kosachuk's most recent state-court motions to vacate were fully submitted and had been the subject of a recent hearing at the time he voluntarily withdrew them in favor of this declaratory judgment action. As noted above, § 5015 of the New York Civil Practice Law and Rulespermits the New Yor k Supreme Court to relieve a party from a New York judgment on the ground of 'fraud, misrepresentation, or other misconduct of an adverse party.' Kosachuk a nd
NLG's failure tofollow through with this remedy does not authorize such relief i n          federal          court." Chris Kosachuk and NLG, LLC v. Selective Advisors Group, LLC, Case No. 1:19 -cv-04844-DLC,

P.13 (S.D.N.Y. 2019) (the "Cote Decision"). A true and correct copy of the Cote Decision is attached hereto as **Exhibit "B"** and incorporated by reference herein. D.I. 84.

Indeed, comments made by Judge Hagler of the Supreme Court of New York during a hearing on Kosahuck's motion to, once again, restore his challenge of the Confession of Judgment—after the Cote Decision and after Kosachuk withdrew the action from state court several times—provides additional context into Kosachuk's poor strategic decisions:

> My recollection was that I permitted the—Mr. Kosachuk to discontinue this action and proceed in Federal Court as he wished . . . I said this is the final time.
>
> **Judge Cote hit it on the mark**… The last time this occurred we had a discussion on the record in July 2019 wherein I set the tone and made it perfectly clear that if you decide to withdraw, for the umpteenth time, the motions to vacate the confession by judgment, it will be the last.

Transcript, Hearing on Motion to Restore, Jan. 7, 2020 (N.Y. Sup. Ct.) (the "Hagler Transcript").

A true and correct copy of the Hagler Transcript is attached hereto as **Exhibit "C"** and incorporated by reference herein. D.I. 84.

21. **Of course, these decisions are on top of the decision by Judge Cristol in Hazan's personal bankruptcy case in the Bankruptcy Court for the District of Florida, where Kosachuk, through NLG, made virtually the same claims he makes here. In that case, the bankruptcy court had before it all final orders and judgments that dealt with NLG's alleged interest in the Property— including the one order in favor of NLG entered by Judge Gordo in Florida state court—and ultimately reconciled those orders and judgments to find against NLG and in favor of Hazan** (the "Cristol Decision"). A true and correct copy of the Cristol Decision is attached hereto as **Exhibit "D"** and incorporated by reference herein.

22. Putting the many other procedural issues aside, Kosachuk continues to make the argument that no statute of limitations applies to NLG's claims. What he fails to recognize, however, is that there is a time limitation under which claims must be brought, regardless of whether a specific statute of limitations exists. Under § 5015 ofthe New York Civil Practice Law and Rules—the predicate for the Adversary Proceeding's requested relief— claims still must be brought "within a reasonable time." See Sieger v. Sieger, 859 N.Y.S.2d 240, 243 (2d Dep't 2008). And here, the Second Circuit, reviewing Judge Cote's decision, specifically found that "Kosachuk's more than six year delay was plainly unreasonable." Chris Kosachuk and NLG, LLC v. Selective Advisors Grp., LLC, Case No. 1:19-cv-04169, P.8 (2d. Cir. 2020) (the "Second Circuit

Decision"). A true and correct copy of the Second Circuit Decision is attached hereto a
s **Exhibit "E"** and incorporated by reference herein. D.I 84.

23.    **The District Court for the Southern District of Florida, as well as the
Eleventh Circuit, have largely addressed this issue by finding equitable mootness
because,                         among other reasons, Hazan's Chapter 11 plan
has been substantially consummated.** See NLG,   LLC v. Hazan, Case No. 1:18-cv-
22564-DPG, DN. 75 (D. Fla. 2022) and NLG, LLC v. Horizon
Hospitality Grp., LLC, et al., Case No. 19-14049 (11th Cir. 2021).D.I. 84.  Despite
Kosachuk's persistent characterization of these issues as simple, nothing could be further
from the truth. Maybe the issues were simple 12 years ago. But at this point, the
Adversary Proceeding involves a cluster of decisions from various courts that, in and of
themselves, prove the litigation would not be simple. Issues including, but not limited
to, *res judicata*, collateral estoppel, Rooker-Feldman Doctrine, timeliness, personal
jurisdiction, subject matter jurisdiction, and equitable mootness would first need to be
resolved… . As a *pro-se* litigant, Kosachuk cannot be faulted for failing  to  understand
these issues, but they exist whether he recognizes them or not.

The Trustee once again emphasizes that he is sympathetic to Kosachuk's frustrations,
despite his inflammatory statements made to the Bankruptcy Court. But the Trustee is an
independent fiduciary who must evaluate causes of action objectively and free of
personal beliefs or the personal feelings of individual creditors. He has an obligation to
maximize                                                                         the
recovery for the estate and performs this duty very seriously within the confines of the Ba
nkruptcy
Code, which he has done so for decades. No party involved here is blameless, but **once
Kosachuk began these proceedings, the Trustee became the individual with
exclusive control to dispose of assets as he—in his reasonable business judgment—
sees fit.** And that is precisely the case for the Agreement.

**On February 22, 2022, The Supreme Court of New York, First Judicial Department ruled
against Juan Ramirez, Jr.**

On February 22, 2022, the First Department affirmed Judge brook's decision and concluded
"Hence, the portion of the order that dismissed the petition was sua sponte, and not appealable as
of right (*see e.g.Mazzocchi v Gilbert*, 185 AD3d 438 [1st Dept 2020], *lv denied* 37 NY3d 908
[2021]; *Hladun-Goldmann v Rentsch Assoc.*, 8 AD3d 73 [1st Dept 2004]). The proper procedure
should have been for petitioner to move to vacate the dismissal order and appeal as of right if that
motion was denied (CPLR 5701 [a][3] ). We decline to grant leave to appeal (CPLR 5701[c])
since petitioner did not move to vacate the February 2012 judgment by confession within a
reasonable time (*see Mark v Lenfest*, 80 AD3d 426 [1st Dept 2011]; *see also Mazzocchi*, 185
AD3d at 438 [dismissing appeal where claims appeared to be time-barred]).

See D.I. 91

**On December 20, 2022, the Court of Appeals of the State of New York, First Judicial**

9

**Department affirmed Judge Borrok's Order denying Ramirez's motion for rehearing of his previous order dismissing Ramirez's petition to vacate the 2012 Judgment against NLG.**

"Appeal from order, Supreme Court, New York County (Andrew Borrok, J.),entered on or about October 15, 2021, which denied petitioner's motion to rehear and/or to modify the court's prior order, entered on or about March 9, 2021, to the extent it sua sponte dismissed the petition, and granted respondent's cross motion for sanctions against petitioner in the form of attorneys' fees, unanimously dismissed, without costs.This Court has already determined that the proceeding is time-barred. We recently declined to grant petitioner leave to appeal from the March order because he did not bring this proceeding "within a reasonable time" (*Matter of Ramirez v Selective Advisors Group, LLC*, 202 AD3d 608, 609 [1st Dept 2022], *appeal dismissed* 39 NY3d 931 [2022]). Even accepting petitioner's argument that there is no time limitation to challenging the void judgment by confession, it is uncontested that a motion to vacate a judgment by confession must be made "within a reasonable time" (*see e.g. Matter of 4042 E. Tremont Café Corp. v Sodono*, 177 AD3d 456, 457 [1st Dept 2019]). This Court's prior ruling that petitioner did not bring the proceeding within a reasonable time is now law of the case (*see Glynwill Invs. v Shearson Lehman Hutton*, 216 AD3d 78 [1st Dept1995]). Further, the court properly characterized petitioner's motion for a "rehearing" or "modification" of the March order as one for reargument, which is a nonappealable order (*see* CPLR 2221[d]; *Grosso Moving & Packing Co. v Damens*, 233 AD3d 128, 128[1st Dept1996])."

Index No. 654670/20

Case No. 2021-04052

See D.I. 127

**On January 11, 2023, Supreme Court of New York Honorable Judge Lucy Billings ruled against Kosachuk and in favor of Quebec and Selective**

On January 11, 2023, Supreme Court of New York Honorable Judge Lucy Billings ruled against Kosachuk and in favor of Quebec and Selective. Judge Billings granted Selective and Quebec's motion to dismiss with prejudice Kosachuk's most recent action against Selective and Quebec, seeking to vacate the Judgment entered in 2012 against NLG in favor of Quebec and assigned to Selective ruling as follows:

Transcript Page 2 lines 14-19

14. THE COURT: **All right.  So, I am going to decide**

15. **the motion to dismiss first, and I'm going to grant the**

16.motion to dismiss.

17.And really, the only question in my mind is the

18.extent to which I should order sanctions against

19.Mr. Kosachuk.

See D.I. 132.

**Just as there was no legitimate purpose for a chapter 7 filing, there is also no legitimate basis for converting this bankruptcy into a chapter 11.**

24. Just as there was no legitimate purpose for a chapter 7 filing, there is also no legitimate basis for converting this bankruptcy into a chapter 11. As an LLC, NLG receives no discharge for completing a chapter 7 bankruptcy. And it has no assets to liquidate for the benefit of creditors. This petition was obviously filed in bad faith and with no legitimate bankruptcy purpose.

25. This Court has both the inherent and statutory authority to sanction both attorneys and litigants. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Walker*, 532 F.3d 1304 (11th Cir. 2008); *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001); 11 U.S.C. § 105(a). Sanctions under the court's inherent powers can be assessed when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, has delayed or disrupted litigation, or has taken actions in the litigation for an improper purpose. *Chambers*, 501 U.S. at 45-46. "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting litigation or hampering of a court order." *Walker*, 532 F.3d at 1309. Section 105 of the Bankruptcy

11

Code expressly grants this Court the independent statutory authority to "carry out the provisions of" the Code through "any order, process, or judgment that is necessary or appropriate." 11 U.S.C. § 105(a).

26. Moreover, sanctions are appropriate when "the Court finds that the filing itself was for the improper purpose of delaying an imminent adverse ruling". *See, e.g., In re Piazza*, 719 F.3d 1253(11th Cir. 2013); *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1501-02 (11th Cir. 1997); *In re Phoenix Picadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988). In this case, NLG, and Kosachuk have filed a Chapter 7 bankruptcy petition in bad faith for no legitimate purpose other than to try to consolidate cases that have been pending for months and years in front of other judges. This is blatant forum shopping and not a legitimate bankruptcy purpose. There is no reorganization contemplated as there is nothing to reorganize. NLG has no assets and no liabilities and is not a going business. NLG unsuccessfully tried to remove the New York state court action to the district in New York and it was promptly remand back as a bad faith removal. See Judge MacMahon's decision. "sanctions are mandatory when an attorney fails to make reasonable efforts to ensure that the signed pleading is well grounded in fact." *Hillsborough Cnty. v. A & E Rd. Oiling Serv., Inc.*, 160 F.R.D. 655, 659 (M.D. Fla. 1995) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988)); *see also Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1296 (S.D. Fla. 2007) (sanctioning counsel for failing to independently investigate fact claims). "Typically, sanctions are levied against a client when he misrepresents facts in the pleadings." *Byrne*, 261 F.3d at 1118.

27. When a court is confronted with a motion for sanctions, it must first determine whether the party's claim is objectively frivolous, in view of the law or facts, and then, if it is, whether

12

the person signing the document should have been aware that it was frivolous. *Jones*, 49 F.3d at 695 (*citing McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1563 (11th Cir.1992)). In other words, we must inquire whether she would have been aware that it was frivolous if she had conducted a reasonable inquiry. *Id.* If an attorney has failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound. *Id.* The reasonableness of the prefiling inquiry may depend on the following factors: the time available to the signer for investigation, whether he had to rely on a client for information as to the underlying facts, and whether the paper was based on a plausible view of the law. *Id.* (*citing Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (en banc)).   The reasonableness of the inquiry may depend on the extent to which factual development necessitates discovery.  Id

Sanctions are clearly warranted in this case. As explained in Hazan's instant response/motion, under no set of facts could Kosachuk on behalf of Debtor NLG, LLC have filed this petition in good faith and for a legitimate bankruptcy purpose. Kosachuk committed perjury. There could not be a greater showing of bad faith than this perjury.

## CONCLUSION

This is a textbook case for the imposition of sanctions. The Trustee has concluded after careful consideration that this was a no asset case and filed the final Report in this case, and no distribution to creditors and declared the case now fully administered and certified **that there is no property available for distribution from the estate**. D.I. 122. Kosachuk lacks standing to file this motion to convert case to chapter 11.

**WHEREFORE**, For all of the foregoing reasons and the reasons set forth herein, the Court should enter an order (i) deny Kosachuk's motion to convert case to a Chapter 11 (ii)

conclude and close case or dismiss with prejudice the petition (iii) dismiss the adversary actions associated with the main case, with prejudice because of the opinions, orders, and decisions listed in Order To Show Cause D.I. 44 and in all adversary cases (iv) enter monetary sanctions against Chris Kosachuk, and Juan Ramirez, Jr., jointly and severally, for this bad faith bankruptcy petition (v) grant any other further relief that this Court deems proper grant such other relief as the Court may deem just and appropriate.

On this 24th day of January 2023.

Respectfully submitted,

Liza Hazan
6913 Valencia Drive
Miami, Florida 33109
(212) 920-6605

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January 2023 a true and correct copy of foregoing was hand delivered to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to parties of record by the undersigned.

Respectfully submitted,

Liza Hazan
6913 Valencia Drive

14

Miami, Florida 33109
(212) 920-6605


**SERVICE LIST**

**Via CM/ECF/EMAIL**
All parties of record

15