## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

NLG, LLC,

                Debtor.

Chapter 7

Case No. 21-11269 (JKS)
(Involuntary)
Fully administered

## NOTICE OF FILING AND REQUEST FOR JUDICIAL NOTICE OF MIAMI-DADE COURT ORDER SUBSTITUTING PARTY PLAINTIFF NLG FOR SELECTIVE, NLG'S AMENDED MANDAMUS PETITION IN FLORIDA COURT OF APPEALS, ORDER DENYING NLG'S AMENDED MANDAMUS PETITION, ORDER DENYING NLG'S MOTION FOR REAHEARING

Please take notice that Interested Party Liza Hazan a/k/a Elizabeth Hazan, pro se, hereby files and hereby respectfully requests that the Court take judicial notice of the following:

1.  A true and correct copy of the Miami-Dade Judge Jacqueline Scola's Final Order Granting Selective Advisors Group, LLC's Motion to Intervene and Substitute as Party Plaintiff, stands in the shoes of prior Plaintiff in this action and Selective has all rights of prior Plaintiff NLG in this action (the Gordo case) case 2011-42770-CA (02), Ordering the Clerk to Change the caption of the case to reflect the new plaintiff Selective Advisors Group, LLC in lieu of NLG, LLC. Final Order dated July 1, 2019, is attached as **Exhibit A**.

2.  A true and correct copy of Plaintiff Selective Advisors Group, LLC's Notice of Voluntary Dismissal with Prejudice of the Gordo case was filed on July 22, 2019. Notice of Filing is attached as **Exhibit B**.

3.  A true and correct copy of NLG's Amended Petition for Writ of Mandamus in the Florida Third District Court of Appeals challenging the Judge Scola Order of Substitution in the Gordo case 3D19-1311. Order dated November 6, 2019, is attached as **Exhibit C**.

4.  A true and correct copy of The Florida Third District Court of Appeals' Order Denying NLG,

LLC's Motion to Strike the Respondents' Reply to NLG's Response to the Order entered on October 21, 2019, and Order Denying NLG's Amended Petition for Writ of Mandamus case 3D19-1311. Order dated November 6, 2019, is attached as **Exhibit D**.

5.    A true and correct copy of NLG, LLC's Motion for Rehearing En Banc and Motion for a Written Opinion in case 3D19-1311. NLG, LLC's Motion dated November 19, 2019, is attached as **Exhibit E.**

6.    A true and correct copy of The Florida Third District Court of Appeals Order Denying NLG's Motion for Rehearing and Motion for a Written Opinion case 3D19-1311. Order dated January 29, 2020 is attached as **Exhibit F**.

7.    A true and correct copy of The United States District Court for the Southern District of Florida Miami Division Judge Martinez's *sua sponte* Order Dismissing Chris Kosachuk's Bankruptcy Appeal against Liza Hazan a/k/a Elizabeth Hazan of Judge Cristol's decision **entered on January 31, 2023**, in Case 22-22781-CIV-MARTINEZ. **finding Kosachuk lack of standing, Kosachuk is not a "person aggrieved", he "has no standing to appeal", calling Kosachuk a frequent filer among other things, stating as follows: "Appellant is a frequent filer who has repeatedly, and over the course of several years, attempted to insert himself in the bankruptcy proceedings involving Ms. Hazan. Those attempts have been repeatedly denied. Ultimately, sanctions were entered against Mr. Kosachuk for his violation of numerous orders entered by Judge Cristol. (ECF No. BK-1341 at 2;** *see also* **ECF No. BK-1349). "Clearly, Mr. Kosachuk is unhappy with the how the bankruptcy proceedings have progressed."** Standing to appeal a bankruptcy court order is limited "to those individuals who have a financial stake in the order being appealed." *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002). Under this principle— "the person-aggrieved doctrine"—a

person is considered to have a financial stake in a bankruptcy- court order "when that order 'diminishes their property, increases their burdens or impairs their rights.'" *Id.* (citation omitted). **"Mr. Kosachuk is not a creditor in the bankruptcy case, and he does not identify any tangible stake he has in the outcome or administration of the bankruptcy case. His dissatisfaction with the process does not, by itself, confer standing."** "**Mr. Kosachuk attempts to manufacture standing ...**" . Mr. Kosachuk himself is not a creditor, had any direct or adverse impact on him pecuniarily. "Allowing appeals from parties who have suffered only an indirect harm or who hold interests outside the scope of the Bankruptcy Code," like Kosachuk, "would defeat the very purpose underlying [the Eleventh Circuit's] person aggrieved standard." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1326 (11th Cir. 2014). Indeed, the Honorable Robert N. Scola has just recently dismissed an appeal from the bankruptcy proceedings due to Kosachuk's lack of standing. *See Kosachuk v. Hazan*, Case No. 22-cv-21485-RNA (ECF No. 21) (S.D. Fla. Oct. 10, 2022)."

"For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that this appeal is **DISMISSED** *sua sponte* for lack of standing. *See In re Vick*, 233 F. App'x 897, 899 (11th Cir. 2007) (affirming *sua sponte* dismissal of bankruptcy appeal for lack of standing). All pending motions are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **CLOSE** this case."

The Order dated January 31, 2023, is attached as **Exhibit G.**

8.    A true and correct copy of The United States Court of Appeals for the Eleventh Circuit's Order Dismissing Chris Kosachuk's Appeal of Judge Scola's Order dismissing Chris Kosachuk's appeal against Liza Hazan of Judge Cristol's Decision in Case 22-13667-HH dated January 30, 2023, is attached as **Exhibit H.**

9.    A true and correct copy of The United States Court of Appeals for the Eleventh Circuit's Order Dismissing Chris Kosachuk's Appeal of Judge Scola's Order dismissing Chris Kosachuk's appeal against Liza Hazan of Judge Cristol's Decision in Case 22-13600-HH dated January 30, 2023, is attached as **Exhibit I.**

10.    A true and correct copy of The United States Court of Appeals for the Eleventh Circuit's Order Dismissing Chris Kosachuk's Appeal of Judge Scola's Order dismissing Chris Kosachuk's appeal against Liza Hazan of Judge Cristol's Decision in Case 22-13665-J dated December 22, 2022, is attached as **Exhibit J.**

Respectfully submitted,

Liza Hazan
6913 Valencia Drive, Miami Fl 33109
Tel: (212) 920-6605
Lizahazan77@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 1, 2023, a true and correct copy of the foregoing Notice of Filing and attached Exhibits as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, were mailed to the Clerk of Court for electronic filing, which will electronically serve a copy of the foregoing document on all parties of record and was emailed directly to counsel of record.

Respectfully submitted,

Liza Hazan
6913 Valencia Drive, Miami Fl 33109
Tel: (212) 920-6605
Lizahazan77@gmail.com

**SERVICE LIST**

*Serves via CM/ECF*
**All parties of record**

6/6/21, 5:50 PM

## EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SELECTIVE ADVISORS GROUP, LLC,        CASE NO.: 2011-042770 CA(01)

        Plaintiff,

v.

ELIZABETH HAZAN, et al,

        Defendant.

_____/

### ORDER ON SELECTIVE ADVISORS GROUP, LLC'S
### EMERGENCY MOTION TO INTERVENE

THIS CAUSE having come before this Court on July 1, 2019 at 11:00 a.m. on
non-party Selective Advisors Group, LLC's (Selective) Emergency Motion to Intervene,
and the Court having reviewed the motion, having heard argument of counsel and being
otherwise, fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

Selective Advisors Group, LLC's Motion to Intervene and Substitute
as party Plaintiff is Granted. Pursuant to Judge Cristol's Final
Judgment entered on 1/01/17, Selective Advisors, LLC ("Selective")
as Plaintiff stands in the shoes of prior Plaintiff, NLG, LLC, in this
action & has all rights of NLG in this action, including but not limited
to the 57,105 fee award of $7,475.00. Juan Ramirez, Jr. is
only entitled to collect the attorney's fee at issue herein of $7,475.00
only from his client NLG, LLC and not from Robert Lithman or
anyone else. The clerk is directed to change the caption to reflect
the new plaintiff, Selective Advisors Group, LLC, in lieu of NLG, LLC.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this
1st day of July, 2019.

JACQUELINE HOGAN SCOLA
Circuit Court Judge

Copies furnished to: David W. Langley, attorney for Selective Advisors Group
Juan Ramirez, attorney for NLG. LLC

Signed and Dated

JUL 0 1 2019                    ORIGINAL

6/6/21, 5:50 PM

Judge Jacqueline Hogan Scola

JUDGE JACQUELINE HOGAN SCOLA

PDF.js viewer                                                                              6/6/21, 5:44 PM

# EXHIBIT B

Filing # 92929153 E-Filed 07/22/2019 02:05:12 PM

CFN: 20190463635 BOOK 31540 PAGE 423
DATE:07/25/2019 08:50:12 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

Case No. 11-42770 CA (02)

SELECTIVE ADVISORS GROUP, LLC,

     Plaintiff,

vs.

ELIZABETH HAZAN, *et al.*,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE

Plaintiff, Selective Advisors Group, LLC, by and through its undersigned Counsel,
pursuant to Florida Rule of Civil Procedure 1.420, hereby dismisses all claims in this action, with
prejudice, against all Defendants, with each side bearing its own costs and fees.

Plaintiff voluntarily dismisses this action with prejudice and dismisses discharges
releases cancels all lis pendens and amended lis pendens with prejudice on the following
property:

> LOT 7, BLOCK 2, of LINDISFARNE ON FISHER ISLAND
> SECTION 10, ACCORDING TO THE PLAT OR PLAT
> THEREOF, AS RECORDED IN PLAT BOOK 157, AT PAGE(S)
> 64, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY,
> FLORIDA

which has the address of 6913 Valencia Drive, Fisher Island, Florida 33109.

PDF.js viewer                                                                    6/6/21, 5:44 PM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via e-mail to: Bruce Jacobs Esq., efile@jakelegal.com; paralegals@jakelegal.com; zaim@jakelegal.com; David Brian Haber, Esq., dhaber@haber.law; jcarbajal@haber.law; service@haber.law, Jonathan S. Goldstein, Esq., jgoldstein@dhaberlaw.com; ecantin@dhaberlaw.com; dbhpaservice@dhaberlaw.com, David W Langley, Esq., dave@flalawyer.com; emily@flalawyer.com; Elizabeth Hazan, elizabethhazan07@gmail.com,, Geoffrey S Aaronson, Esq.; gaaronson@aspalaw.com; lbenavides@aspalaw.com; Joel M Aresty, Esq.; aresty@icloud.com; Aresty@mac.com; John Paul Arcia, Esq.; service@arcialaw.com; Jonathan S. Goldstein Esq.; jgoldstein@haber.law; mpomares@haber.law; service@haber.law; Ray Garcia, Esq.; rgarcia@raygarcialaw.com; service@raygarcia.com; Juan Ramirez Jr, Esq.; jr@adrmiami.com; juanramirezlaw@gmail.com; Nicole R. Moskowitz, Esq.; nlglaw@yahoo.com; Daniel S Nathan, Esq.; dnathan74@gmail.com; Chris Kosachuk, Esq.; chriskosachuk@gmail.com; Danielle N Schneider, Esq.; eservice@guttermangroup.com; dschneider@guttermangroup.com; Daniel Nathan, Esq.; dnathan74@gmail.com; Stuart J Zoberg, Esq.; szoberg@shirlawgroup.com; office@shirlawgroup.com; Michael Mayer, Esq.; michael@peytonbolin.com; foreclosure@peytonbolin.com; Michael@peytonbolin.com; Litigation@peytonbolin.com; Roger A Slade, Esq.; Rslade@dhaberlaw.com; J goldstein@dhaberlaw.com; Rebecca Newman Casamayor, Esq.; rcasamayor@haber.law; cpla@haber.law; service@haber.law; Robert Paul Lithman, Esq.; rpl@lithmanlaw.com; sharon@lithmanlaw.com; Roger A Slade, Esq.; rslade@haber.law; cpla@haber.law; service@haber.law; Michael W. Simon, Esq.; msimon@simonsigalos.com; Julie A. Herzlich, Esq.; SFGBocaService@logs.com; Gian Ratnapala, Esq.; Gian@peytonbolin.com; Litigation@peytonbolin.com; Matthew David Glachman, Esq.; service@glachmanbrill.com; Melissa A. O'Connor, Esq.; Melissa@oconnorelderlaw.com; Mark Cohen, Esq.; mark@markdcohenpa.com, on this 22nd day of July, 2019.

Respectfully submitted,

**MARSHALL GRANT, PLLC**
*Counsel for Plaintiff*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@marshallgrant.com

By: ___/s/ Joe M. Grant___
    JOE M. GRANT
    Florida Bar No. 137758

Filing # 92495171 E-Filed 07/12/2019 04:00:04 PM

**EXHIBIT C**

IN THE DISTRICT COURT OF APPEAL OF FLORIDA

THIRD DISTRICT

**CASE NO. 19-1311**

Lower Case No. 2011-42770

NLG, LLC,

Petitioner

vs.

ELIZABETH HAZAN and

SELECTIVE ADVISORS GROUP, LLC.

Respondents.

_____

**AMENDED PETITION FOR WRIT OF MANDAMUS**

_____

Juan Ramirez, Jr.
ADR Miami LLC
1172 South Dixie Hwy. #341
Coral Gables, FL 33146

*Attorney for Petitioner*

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 2

Petitioner, NLG, LLC ("NLG"), hereby files this Amended Petition for Writ of Mandamus, or in the alternative, for Writ of Certiorari pursuant to Rule 9.100 and 9.030(b) of the Florida Rules of Appellate Procedure, challenging the judicial decision of the Circuit Court refusing to enforce this Court's orders entered on April 26, 2016, and May 23, 2016, awarding NLG entitlement to attorney's fees and remanding the case "to fix the amount" under Case No. 3D16-0315.[1]

## I.      NATURE OF THE RELIEF SOUGHT

The nature of the relief sought by this Petition is a writ of mandamus compelling the circuit court to comply with this Court's two prior orders determining NLG's entitlement to appellate attorney's fees.

## II.     BASIS FOR INVOKING THE COURT'S JURISDICTION

This Court has jurisdiction to issue writs of mandamus to the Circuit Court pursuant to Rule 9.030(b)(3) as a writ is necessary to the complete exercise of the court's jurisdiction. In the alternative, petitioner prays for a writ of certiorari pursuant to Rule 9.030(b)(2).

---

[1] See Appendix, p. 4 for the Order Granting Motion to Intervene.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 3

## III.    STATEMENT OF THE FACTS

On July 1, 2019, instead of abiding by this Court's orders, the circuit court revisited the issue of entitlement and granted a motion to intervene by a third party that made the same arguments that had been rejected by this Court and two circuit judges on at least six occasions during the past for five years. This ruling eviscerates the doctrines of finality of judgments and law of the case while encouraging vexatious litigation.

After this Court awarded NLG entitlement to attorney's fees and remanding the case "to fix the amount," the trial court determined that Selective Advisors Group LLC ("Selective"), instead of NLG, was entitled to the fees. In addition, the court allowed Selective to "stand in the shoes" of NLG and ordered that Selective be substituted for NLG as the plaintiff in the litigation below. It then determined that Selective was entitled to the amount of $7,475 it had previously fixed. Although this amount is small, the order also affects the right to collect on a foreclosure judgment that currently exceeds $6 million. In the meantime, Hazan, whose husband is the managing member of Selective, continues to live in her Fisher Island mansion, with her husband, paying nothing to JP Morgan Chase who claims to hold a first mortgage and is pursuing its own foreclosure; paying nothing to NLG since the foreclosure was filed in 2011 and before; paying nothing to the Miami-Dade Tax Collector (Chase has been paying her taxes); paying nothing to

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 4

the Fisher Island Community Association; and paying nothing to insure the property.

## A. **Background**

On February 3, 2016, Hazan filed a Notice of Appeal under Case No. 3D16-0315. NLG promptly filed a Motion to Dismiss pointing out that Hazan was seeking review of a foreclosure that had been the subject of three prior appeals. *See Hazan v. NLG, LLC*, 995 So. 2d 504 (Fla 3d DCA 2008); *Hazan v. NLG, LLC*, 19 So. 3d 319 (Fla. 3d DCA 2009); and *NLG, LLC v. Hazan*, 151 So. 3d 455 (Fla. 3d DCA 2014). In the previous 2014 appeal, this Court published a detailed five-page opinion which recounted the long history of NLG's efforts to collect on its 2007 purchase money mortgage.[2] At the end of the opinion, this Court ordered "the enforcement of NLG's mortgage."

On October 1, 2014, Hazan filed a 25-page motion for rehearing and rehearing en banc.[3] Significantly for the purpose of this motion, Hazan's fifth argument was that on August 20, 2014, Judge Peter Lopez had assigned to Selective, NLG's rights under a prior default judgment dated April 2008, referred to in this Court's opinion, and consequently, Selective "shall stand in the shoes of

---

[2] Appendix, p. 5.

[3] Appendix, p. 7.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 5

NLG..."[4] The Judge Lopez case was a domestication of a sham New York Judgment by Confession. The motion further alleged that, pursuant to Judge Lopez's order, Selective and Hazan had settled the matter under appeal.

Also on October 1, 2014, Hazan filed a separate Motion to Dismiss Appeal as Moot repeating the same argument that the appeal was moot because Hazan and Selective had settled the case and satisfied the underlying mortgage, relying on Judge Lopez's August 20, 2014 order.

On November 3, 2014, this Court denied the Motion for Rehearing and Rehearing En Banc. The Mandate issued on November 25, 2014. This was the first time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

Upon remand, the enforcement of the mortgage became mired by the Judgment by Confession entered in New York allowing Hazan to succeed in delaying "the enforcement of NLG's mortgage" for over a year. The Judgment by Confession is at the root of the quagmire of the litigation after this Court's remand.[5] NLG has been trying to have its Motion to Vacate the Judgment by

---

[4] Appendix, p. 26.

[5] All six pages surrounding the entry of the Judgment by Confession were attached to the Order Granting Foreclosure signed by Judge Monica Gordo. The Order can be found at page 160 and the Judgment by Confession at pages 185 to 190. Judge Gordo refused to enforce the judgment by confession not only because it was satisfied, but also because it was obtained in violation of due process rendering it a void judgment. Appendix p. 13-14.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 6

Confession in the New York Court that rendered it since 2014.[6] A resolution of

that motion to vacate would have prevented an Adversary Proceeding in

Bankruptcy Court, five appeals, and at least three cases in the Southern District of

Florida and New York.

In the Judgment by Confession case, it is undisputed that the president of the

**plaintiff** corporation, **Quebec**, executed the affidavit confessing judgment on

behalf of the **defendant, NLG** the epitome of a collusive judgment. Unlike

Florida, New York statute allows such judgments by confession for "debts."[7] The

Judgment by Confession was entered by the Clerk of the Court, without any judge

reviewing the affidavit for compliance. Here, the Clerk overlooked the fact that the

plaintiff was using the statute for the torts of abuse of process and fraud on the

court, for the arbitrary amount of $5,000,000, conveniently tailored to offset the

amount owed under NLG's mortgage and Final Judgment of Foreclosure. Prior to

the entry of the Judgment by Confession, NLG was never served with process, nor

provided with notice or opportunity to be heard. The Judgment by Confession was

subsequently assigned to Selective Advisors Group LLC ("Selective") whose sole

existence is to litigate this New York Judgment by Confession. It should be noted

that Sean Meehan, the sole owner and member of Selective, is Hazan's husband

---

[6] Appendix, p. 170.

[7] *See* NY CPLR § 3218(a).

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 7

and lives in the Fisher Island property subjection to NLG's Final Judgment of Foreclosure.

Of significance for this petition, on January 15, 2015, Hazan filed a verified motion to dismiss again raising the "stand in the shoes" argument based on Judge Lopez's August 20, 2014 order. The motion was denied on March 3, 2015. This was the second time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

On March 23, 2015, Hazan filed a Motion for Summary Judgment asserting that on August 20, 2014, Judge Lopez entered an order granting Selective the right to "stand in the shoes" of NLG.[8] As such, Selective settled the case with Hazan and recorded a Satisfaction of Mortgage. On April 8, 2015, Hazan filed a second Motion for Leave to File Amended Answer.[9] On May 1, 2015, the Court denied the Motion to Amend.[10] This was the third time either Hazan or Selective unsuccessfully raised this "stand in the shoes" argument.

In the meantime, Selective kept delaying a ruling from the New York Court on NLG's motion to vacate as void the Judgment by Confession that had been pending since 2014. When the Court set a firm hearing date, Selective filed a

---

[8] Appendix p. 80.

[9] Appendix, p. 93.

[10] Appendix, p. 108.

bankruptcy petition on the day of the hearing, which was dismissed with prejudice.[11] Later, on September 3, 2015, the day before another firm hearing date, Selective executed a Satisfaction of Judgment for the Judgment by Confession and filed it with the Clerk of the Court in New York.[12] This satisfaction has never been rescinded, qualified, withdrawn or sought relief from. According to Selective's own filing in New York, the Judgment by Confession was extinguished and ceased to exist on September 4, 2015.[13] The New York Court took NLG's motion to vacate off the calendar.

Armed with the satisfaction of the Judgment by Confession, NLG returned to Judge Lopez, who, on October 1, 2015, dismissed the domestication action of the New York Judgment by Confession.[14] Even though various attorneys representing Selective had appeared before Judge Gordo a number of times, they never filed a motion to intervene, until October 7, 2015. The motion was styled Motion to Intervene and Substitute Party Plaintiff,[15] and it alleged that NLG lost all

---

[11] Appendix, p. 176.

[12] Appendix, p. 109.

[13] *See* Appendix, p. 116 for Selective's Memorandum filed in New York, particularly pages 131-32 to that the judgment ceased to have existence and was extinguished the obligation thereunder.

[14] Appendix, p. 150. The order also stated that "no further proceeding [i.e. collection efforts] will be taken."

[15] Appendix, p. 151.

its rights under the mortgage to Selective pursuant to Judge Lopez's August 20,

2914 order. As such, Selective had the right to "stand in the shoes" of NLG.[16] On

December 1, 2015, Judge Monica Gordo entered a 15-page Order Granting

Foreclosure which, in addition to granting NLG's foreclosure, also included a long

discussion of why she was denying Selective's motion to intervene.[17] This was the

fourth time either Hazan or Selective unsuccessfully raised this "stand in the

shoes" argument. Selective never took an appeal of this order, although it had a

right to do so. See *City of Coral Gables v. Garcia*, 43 Fla. L. Weekly D2303 (Fla.

3d DCA October 10, 2018) ("It is well-established that a non-party to a case may

appeal an order denying its motion to intervene.").

Judge Gordo thereafter entered a Final Judgment of Foreclosure on

December 4, 2015, setting a foreclosure sale for January 12, 2016.[18] Hazan then

filed three motions for rehearing, one by Attorney Robert P. Lithman on December

14, 2015, on behalf of Hazan.[19] Predictably, among the numerous arguments

asserted, Hazan referred to the August 20, 2014, order by Judge Lopez granting

Selective to "stand in the shoes" of NLG. Attorney Bruce Jacobs also filed a

---

[16] Appendix, p. 155.

[17] Appendix, p. 160. For the discussion on Intervention and Substitution, *see* p. 163 to 169.

[18] Appendix, p. 206.

[19] Appendix, p. 212.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 10

Motion for Reconsideration on behalf of Hazan,[20] which also argue that Judge

Lopez had judicially assigned the enforceability of the judgment. Attorney

Lithman filed another Motion for Rehearing on December 17, 2015 repeating the

"stand in the shoes" argument. These motions were all denied.[21] This was the fifth

time either Hazan or Selective unsuccessfully raised this "stand in the shoes"

argument.

Unhappy with Judge Gordo's rulings, on December 21, 2015, Selective filed

with Judge Lopez a Motion to Re-Open Case, For Clarification, and/or Declaratory

Relief.[22] It again argued to Judge Lopez that his own order of August 20, 2014,

underlying the "stand in the shoes" language. On January 11, 2016, at a hearing on

the day before the foreclosure sale, Judge Lopez denied the motion.[23] This was the

sixth time either Hazan or Selective unsuccessfully raised this "stand in the shoes"

argument.

Later that day, Hazan filed a Chapter 11 Bankruptcy Petition, resulting in an

automatic stay of the foreclosure sale.

## B.  The Sanctioned Appeal

---

[20] Appendix, p. 243.

[21] Appendix, p. 252.

[22] Appendix, p. 253.

[23] Appendix, p. 270.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 11

Despite the automatic stay of the bankruptcy, Hazan filed a Notice of Appeal under Case No. 3D16-0315, without leave of the bankruptcy court or the approval of the Trustee. On February 10, 2016, the undersigned Attorney Juan Ramirez Jr., filed a Motion to Dismiss the appeal. After numerous extensions, Hazan filed a Response on March 28, 2016, and NLG replied on April 4, 2016. Two hours later, Hazan filed a Notice of Voluntary Dismissal, which this Court recognized the next day.

This led to NLG filing its one-page Motion for Attorney's Fees on April 6, 2016.[24] The motion clearly set out that NLG was the movant seeking appellate fees. It was signed by Attorney Ramirez. Attorney Lithman filed a 29-page Response with multiple attachments.[25] Although he does not make the "stand in the shoes" argument, he mentions the assignment to Selective of the Judgment by Confession, but not to argue that Selective should be the one entitled to the fees occasioned by the frivolous appeal. Selective never moved to intervene in this appeal, even though it obviously knew about it as it involved the wife of Selective's sole member. On April 26, 2016, this Court granted entitlement to fees pursuant to NLG's motion based on both §57.105, F.S. and Rule 9.410 Fla. R.

---

[24] Appendix, p. 271.

[25] Appendix, p. 278.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 12

App. P.[26] It specifically stated that it was based on the motion for attorney's fees filed by appellee, NLG, and remanded it "to the trial court to fix the amount." On May 23, 2016, this Court confirmed its finding of entitlement and again "remanded to the trial court to fix amount."[27]

## C. Post-Appeal Proceedings

Because of the bankruptcy proceedings, NLG waited to set the matter before the trial court "to fix amount." Hazan obtained a Confirmation Order and a Discharge Orders, which are under appeal, but on January 4, 2019, NLG decided to proceed with its fee hearing, at first arguing that the attorney's fees were not discharged.[28] When Hazan argued that any debt for fees was discharged, NLG filed on April 16, 2019, an Amended Motion to Determine Fees only against appellate counsel, Robert Lithman.[29] On April 16, 2019, re-noticed the motion for hearing for June 4, 2019.[30] Still, Selective did nothing. Even though NLG had dropped Hazan, on May 3, 2019, she filed an Emergency Motion for Contempt with the bankruptcy court, asking the judge to direct NLG and Attorney Ramirez to dismiss

---

[26] Appendix, p. 307.

[27] Appendix, p. 308.

[28] Appendix, p. 309.

[29] Appendix, p. 312.

[30] Appendix, p. 314

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 13

with prejudice the case below, Case No. 11-4227-CA-02.[31] This relief, of course, was never granted.

On May 31, 2019, one business-day before the hearing, Selective filed its Emergency Motion to Intervene.[32] It argued for the seventh time that it be allowed to intervene and substitute Selective as the party plaintiff. It misleadingly claimed that the assignment of rights from NLG to Selective "was confirmed by Bankruptcy Judge Cristol in an Adversary Proceeding" pursuant to a Final Judgment entered on November 1, 2017.[33] This judgment is under appeal and has been fully briefed, but there has been no decision and no stay entered. Nevertheless, accepting the validity of the judgment, the language quoted by Selective from the judgment is clear that Judge Cristol only ruled "with respect to the Note and Mortgage." Furthermore, Judge Cristol never ruled that Selective could intervene in the foreclosure case below, nor that Selective could "stand in the shoes" of NLG.

The motion also misleading claimed that NLG was seeking to enforce rights under the Scola Judgment.[34] Actually, the first issue decided by this Court in its

---

[31] Appendix, p. 316.

[32] Appendix, p. 333.

[33] Appendix, p. 334, ¶ 3. For the Cristol Judgment, see Appendix p. 339.

[34] Appendix, p. 335 ¶ 4.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 14

2015 opinion was that NLG had not elected its remedy when it sued Hazan and obtained the Scola Judgment.[35] That judgment was determined to be subsumed by Judge Gordo into a judgment in favor of Hazan at a bench trial in 2013, which bench trial this Court subsequently reversed in 2015.[36]

The motion also misleadingly claimed that NLG was seeking to enforce its rights under the mortgage,[37] when in fact, NLG was proceeding under this Court's orders determining entitlement to fees and remanding to the trial court to fix the amount.

The motion next went into the August 20, 2014 order, without disclosing that this order was entered in a domestication action of the New York Judgment by Confession which was later declared satisfied in full by Selective in September, 2015, and which in turn resulted in the dismissal of the domestication action. The motion never explained how Selective can claim, for the seventh time, that it should be allowed to "stand in the shoes" of NLG pursuant to an order to assist Selective in its collection efforts, after the judgment has been satisfied in full and the domestication case dismissed.

---

[35] Appendix, p. 6.

[36] Appendix, p. 167.

[37] Appendix, p. 335 ¶ 4.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 15

Other than the Cristol Judgment, Selective does not allege that any facts had changed that should lead to a different result on a motion to intervene that had been previously denied six times. In fact, nothing had changed except the entry of the Cristol Judgment. But the Cristol Judgment could not and did not un-satisfy the Judgment by Confession. Actually, his judgment specifically recognized that he was not "an appellate court for any of the other courts; thus, the full faith and credit must be given to all of the final judgments and orders entered in the other courts a those judgments have become final and not subject to appeal."[38]

Nevertheless, Judge Cristol proceeded to ignore the chronology of those judgments and orders by accepting that Judge Gordo's Order Granting Foreclosure was entered on December 1, 2015, while Judge Lopez's order was dated August 20, 2014. Before entering her own order, Judge Gordo took into account the orders entered by Judge Lopez in the domestication action and did not enter her own order until after the judgment had been satisfied and the domestication case had been dismissed.

The Order entered by Judge Jacqueline Hogan Scola on July 1, 2019, relied exclusively on Judge Cristol's Final Judgment entered on November 1, 2017. It specifically stated that: "Pursuant to Judge Cristol's Final Judgment entered on 11/01/17, Selective Advisors Group, LLC ("Selective") as Plaintiff stands in the

---

[38] Appendix, p. 340.

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 16

shoes of prior Plaintiff, NLG, LLC, in this action & has all rights of NLG, LLC in this action, including but not limited to the 57.105 fee award of $7,475.00." The trial court relied exclusively on the Cristol Judgment to reach a different result on the seventh try, but nowhere in its 15 pages does Judge Cristol go beyond ruling on "claims against Debtor with respect to the Note and Mortgage."

## IV.    ARGUMENT

As this Court recently stated in *Curry v. State*, 16 So. 3d 933, 935 (Fla. 3d DCA 2009): "It is well settled that a 'trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.'" (*quoting Vega v. McDonough*, 956 So. 2d 1205, 1206 (Fla. 1st DCA 2007). The same should be applicable to the two orders determining entitlement to fees.

## A.  Mandamus is Proper.

A petition for writ of mandamus must allege a violation of a clear legal duty. *Hadi v. Cordero*, 955 So. 2d 17, 21 (Fla. 3d DCA 2006), *citing Jackson v. Fla. Dep't of Corr.*, 790 So. 2d 381 (Fla. 2000). The official duty required by a writ of mandamus must be ministerial and not discretionary. *Id.*, *citing PCA Life Ins. Co. v. Metro. Dade Co.*, 682 So. 2d 1102 (Fla. 3d DCA 1995). Here, this Court clearly determined NLG's entitlement to fees back in 2016. Selective has been litigating against NLG since its creating to prosecute the New York Judgment by Confession. With its only principal married to Hazan, Selective knew of the appeal

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 17

that resulted in the fee award. Yet it did nothing to intervene in the proceeding.

Hazan's 29-page Response to Motion for Fees does not even mention Selective.

During the last three plus years, Selective has never moved to intervene in the appeal under Case No. 3D16-0315. When NLG filed its motion to fix the amount of fees on January 4, 2019, Selective did nothing. When it finally did something, it filed a Motion to Intervene with the Circuit Court seeking to take over as Plaintiff pursuant to a satisfied judgment. The proper remedy should have been to file a motion for rehearing on the two orders of this Court determining entitlement, but of course, the time has long passed for such a motion to be considered.

## B. Law of the Case

In awarding to Selective the fees that this Court previously awarded to NLG, not only did the trial court ignore the clear direction from this Court, but it also ignored the law of the case and the satisfaction of the Judgment by Confession. When Judge Gordo denied Selective motion to intervene and Hazan appealed the decision, that became the law of the case. The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. *Fla. DOT v. Juliano*, 801 So. 2d 101, 105-06 (Fla. 2001), citing *Greene v. Massey*, 384 So.2d 24, 28 (Fla. 1980) ("All points of law which

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 18

have been adjudicated become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case."); *Strazzulla v. Hendrick*, 177 So.2d 1, 3 (Fla. 1965). Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case. *Juliano*, 801 So. 2d at 106; *McGregor*, 162 So. at 327. See also *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1266 (Fla. 2006) ("The law of the case applies in subsequent proceedings as long as there has been no change in the facts on which the mandate was based."). In this case, the facts have not changed since Judge Gordo entered her Order Granting Foreclosure.

## C. The Satisfaction of Judgment

As to the satisfaction, Selective should have ceased all collection efforts after September 4, 2015. As Judge Hurley wrote in *Morris N. Am., Inc. v. King*, 430 So. 2d 592, 592-93 (Fla. 4th DCA 1983): "We begin our analysis by noting the fundamental principle that 'a satisfaction of judgment is the last act and end of the proceeding.' 47 Am.Jur.2d, *Judgments* § 979 at 80. *See Hendry v. Benlisa,* 37 Fla. 609, 20 So. 800 (1896); *Weaver v. Stone,* 212 So.2d 80 (Fla. 4th DCA 1968); *Walker v. U-Haul Co.,* 300 So.2d 289 (Fla. 4th DCA 1974). *See also Neustein v. Insurance Placement Facility,* 271 Pa.Super. 126, 412 A.2d 608

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 19

(1979). A satisfaction signifies that the litigation is over, the dispute is settled, the

account is paid.

The New York Courts are even stricter. In *DaimlerChrysler Servs. N. Am. v. Granger*, 2004 NY Slip Op 24417, ¶ 1, 5 Misc. 3d 865, 866, 784 N.Y.S.2d 357, 358 (City Ct.), the plaintiff sought to vacate a satisfaction based on a error in filing by a paralegal in the attorney's office when no consideration was given by the defendant. The court denied relief relying on precedent that had held that vacating a satisfaction "would wreak havoc on a system that third parties rely on when extending credit and therefore public policy requires the court to uphold the integrity and reliability of public records." (citation omitted). Here, Selective has made no attempt in New York to vacate the 2015 satisfaction, knowing full well that such an effort would be futile. On the contrary, it has relied on it to argue that no judgment exists for the New York to vacate.

## D. Judge Cristol's Final Judgment

The complaint that was tried by Judge Cristol never mentioned this Court's 2016 entitlement order; it never requested that Selective be allowed to intervene in the foreclosure action, nor be allowed to substitute NLG. Entitlement to the appellate fees had already been awarded by this Court in 2016, so both Hazan and her husband were aware of it. After NLG amended its motion to fix the amount of

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 20

fees, the motion was no longer directed against the Debtor. Nor was the motion based on the Note and Mortgage.

To allow Selective to intervene and be substituted as plaintiff while Judge Cristol's judgment is under appeal can only result in further delay and confusion should that Cristol Judgment be reversed on appeal, or should the New York courts finally rule on the motion to vacate. It is granting relief that Cristol's final judgment never contemplated or ruled upon, and is contrary to the law of the case. To allow Selective to substitute NLG on a mortgage foreclosure that Judge Cristol has already invalidated cannot possible serve any purpose other than to put further obstacles on NLG's path when the Cristol Judgment is reversed.

The trial court also erred because it allowed execution on the satisfied Judgment by Confession. Nowhere in Judge Cristol's judgment does he vacate the satisfaction. On the contrary, he professed that he was simply giving full faith and credit to prior state proceedings. He certainly did not rule that Selective could go back to state court and "step into the shoes" of NLG by intervening and substituting itself for NLG in the 2011 foreclosure litigation. All he did was temporarily enjoin NLG from enforcing its Note, Mortgage and Foreclosure, an injunction that is under appeal. The fee litigation, however, was not based on any of those three instruments. It was based on this Court's two orders, which did not

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 21

order fees based on the fee provisions in either the note or mortgage, but on a rule

and a statute sanctioning frivolous litigation.

## CONCLUSION

Based on the foregoing, NLG requests that this Court issue a writ of

mandamus directing the trial court to abide by this Court's prior orders and fix the

amount of fees that NLG should recover.

**WHEREFORE**, petitioner prays for a writ of mandamus directing the trial

court to abide by this Court's prior orders and fix the amount of fees that NLG

should recover. It also prays for an order quashing the trial court's order dated July

1, 2019 in its entirety. Finally, it should award further appellate attorney's fees.

Respectfully submitted this 12th day of July, 2019.

> JUAN RAMIREZ, JR.
> ADR Miami LLC
> 1172 S. Dixie Hwy. #341
> Coral Gables, Florida 33146
> Tel: (305) 667-6609
> Fax: (800) 380-415
>
> ___/s/ *Juan Ramirez, Jr.* ___
> Juan Ramirez, Jr. (Fla. Bar # 201952)
> jr@adrmiami.com
> *Counsel Petitioner*

NLG, LLC v. Hazan, Amended Petition
Case No. 3D19-1311
Page 22

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

sent via eFiling this 12th day of July, 2019, to Robert P. Lithman, Robert P.

Lithman, P.A. at rpl@lithmanlaw.com and David Langley at dave@flalawyer.com

and Stuart J. Zoberg, Esq. at szoberg@shirlawgroup.com


*/s/ Juan Ramirez, Jr.*

Juan Ramirez, Jr.

Made in USA

# EXHIBIT D

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

THIRD DISTRICT

NOVEMBER 06, 2019

NLG, LLC,                              CASE NO.: 3D**19-1311**
Appellant(s)/Petitioner(s),
vs.                                    L.T. NO.:   11-42770
ELIZABETH HAZAN, et al.,
Appellee(s)/Respondent(s),

Upon consideration, Petitioner NLG, LLC's Motion to Strike the Respondents' Reply to NLG's Response to the Order Entered on October 21, 2019, is hereby denied.

Following review of the Amended Petition for Writ of Mandamus, and the Response and Reply thereto, it is ordered that said Petition is hereby denied.

Petitioner's Motion for Attorney's Fees is hereby denied.

SALTER, LOGUE and LINDSEY, JJ., concur.

A True Copy
ATTEST
*Mercedes M. Prieto*
CLERK
DISTRICT COURT OF APPEAL
THIRD DISTRICT

cc:   David W. Langley          Ray Garcia          Robert P. Lithman
      Daniel A. Bushell         Stuart J. Zoberg    Juan Ramirez, Jr.
      Hon. Jacqueline Hogan Scola   Miami-Dade Clerk
ns

E

Made in USA

Filing # 99145847 E-Filed 11/19/2019 06:55:25 PM

# EXHIBIT E

RECEIVED, 11/19/2019 06:56:30 PM, Clerk, Third District Court of Appeal

## IN THE DISTRICT COURT OF APPEAL OF FLORIDA

### THIRD DISTRICT

### CASE NO.

Lower Case No. 2011-42770 CA 01 (02)

NLG, LLC,

Petitioner

vs.

ELIZABETH HAZAN and
SELECTIVE ADVISORS GROUP, LLC.

Respondents.

---

## MOTION FOR REHEARING AND REHEARING EN BANC

---

Juan Ramirez, Jr.
ADR Miami LLC
1172 South Dixie Hwy. #341
Coral Gables, FL 33146

*Attorney for Petitioner*

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 1

## **MOTION FOR REHEARING AND REHEARING EN BANC**

Pursuant to Rule 9.330(a)(2)(A) of the Florida Rules of Appellate Procedure, Petitioner NLG, LLC moves for rehearing as, in the opinion of the movant, the court has overlooked or misapprehended the facts in its decision. In particular, Respondents misrepresented a Bankruptcy Judgment entered on November 1, 2017, a year and a half after this Court, in early 2016, determined Petitioner NLG was entitled to appellate attorneys' fees for filing a frivolous appeal. This Court evidently misapprehended the Bankruptcy Judgment as a result of Respondents' unmitigated misrepresentation of what the Bankruptcy Judgment stated.

Respondents falsely stated that the Bankruptcy Judgment "determined that 'all of NLG, LLC's rights, claims and benefits against Elizabeth Hazan' were assigned to Selective such that Selective would 'stand in the shoes of NLG, LLC...'" This appears on page 23 of their Response, with a cite to "PA 342."[1] That quote, however, **does not come from the Bankruptcy Court.** It comes from the Bankruptcy Court quoting Judge Lopez's Order dated August 20, 2014, an order which predated this Court's award of appellate attorney's fees and predated the two rulings in 2015 by then Circuit Judge Monica Gordo, and predated this Court's

---

[1] NLG will preserve Respondents' citations to Petitioner's Appendix as PA followed by the page number.

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 2

award of fees. This deception apparently convinced this Court that the Bankruptcy

Judgment somehow superseded this Court's award of fees. It did not. The

Bankruptcy Court never granted Selective the right to intervene in the foreclosure

action, to substitute NLG as plaintiff in the foreclosure, or to "stand in the shoes of

NLG" in the foreclosure action, or any other action.

This is crucial because the July 1, 2019 order under appeal clearly stated the

reason that the order was granted: "Pursuant to Judge Cristol's Final Judgment

entered on 11/01/17, Selective Advisors Group, LLC ("Selective") as Plaintiff

stands in the shoes of prior Plaintiff, NLG, LLC, in this action & has all rights of

NLG, LLC in this action, including but not limited to the 57.105 fee award of

$7,475.00." [PA 4]. This demonstrates that the trial court was also misled into

thinking that the Bankruptcy Judgment granted Selective the right to "stand in the

shoes of NLG." In fact. it was **the only basis** for the order. Thus, it appears that the

denial of relief by this Court was also based of that erroneous finding.

Instead of penalizing Respondents with sanctions for their dishonesty with

this Court and the trial court, Respondents have been rewarded for their mendacity

by the denial of NLG's Amended Petition for a Writ of Mandamus.

It should be clear that this Petition for Writ of Mandamus **is not seeking to
challenge any aspect of the Bankruptcy Judgment.** Although the Bankruptcy

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 3

Judgment is currently under appeal to the Eleventh Circuit Court, that appeal has

no bearing on this proceeding as the award of fees by this Court was never litigated

before the Bankruptcy Court, and is not based on the mortgage or the Final

Judgment of Foreclosure. This proceeding is based on stare decisis, the law of the

case and the finality of judgments.

## THE FACTS

The relevant facts of this petition are simple and are based strictly on prior

rulings, making appellate review of the July 1, 2019 order *de novo*. *See Barrett v.*

*Kapoor*, 278 So. 3d 876 (Fla. 3d DCA 2019) ("A trial court's interpretation of

trust documents is also reviewed de novo.") (quoting *Horgan v. Cosden*, 249 So.

3d 683, 686 (Fla. 2d DCA 2018).

After this Court reversed a judgment in favor of Respondent Hazan under

*NLG, LLC v. Hazan*, 151 So. 3d 455 (Fla. 3d DCA 2014), the trial court, then

Circuit Judge Monica Gordo, entered a 15-page Order Granting Foreclosure [PA

160-174]. This Order Granting Foreclosure dated December 1, 2015, specifically

denied Respondent Selective's Motion to Intervene and Substitute Party Plaintiff in

the Hazan foreclosure [PA 151]. Selective is wholly owned by Hazan's husband.

Selective never appealed the denial of its motion to intervene.

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 4

Judge Gordo subsequently entered a Final Judgment of Foreclosure [PA 206] with a foreclosure auction date of January 12, 2016. The day before that sale, on January 11, 2016, Hazan filed her bankruptcy petition, which eventually resulted in the November 1, 2017 Bankruptcy Judgment. Despite the automatic stay, Hazan filed a Notice of Appeal under Case No. 16-0315, which resulted, on April 26, 2016, in this Court granting NLG's motion for appellate attorney's fees pursuant to section 57.105, F.S. and Rule 9.410 Fla. R. App. P. and remanded to the trial court to "fix amount." [PA 307]. The order was subsequently confirmed on May 23, 2016 [PA 308].

The entire Bankruptcy Judgment was included in the Appendix. [PA 339-53]. A careful reading reveals that the Bankruptcy Court never granted Selective the right to intervene in the Hazan foreclosure, nor to substitute itself for NLG, nor to "stand in the shoes of NLG." The only court that "determined that 'all of NLG, LLC's rights, claims and benefits against Elizabeth Hazan' were assigned to Selective such that Selective would 'stand in the shoes of NLG, LLC…" was Judge Peter Lopez in an order dated August 20, 2014. That order was entered in the domestication of a New York Judgment by Confession. It predated by more than a year Judge Gordo's Order Granting Foreclosure on December 1, 2015. Judge Gordo relied on the fact that subsequently, on September 3, 2015, Selective

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 5

had declared the New York Judgment by Confession satisfied in full [PA 109-115]
and that Judge Lopez had dismissed the domestication action on October 1, 2015
[PA 150].

Respondents falsely argued on page 23 of their Response that the July 1
order under appeal "was consistent with the Bankruptcy Court's judgment, which
determined that 'all of NLG, LLC's rights, claims and benefits against Elizabeth
Hazan' were assigned to Selective such that Selective would 'stand in the shoes of
NLG, LLC...'" It then cited to PA 342. That language comes **from Judge Lopez's**
August 20, 2014 order, not the Bankruptcy Court. The Bankruptcy Court's "Legal
Analysis" does not begin until PA 344, and **it says nothing about Selective
having the right to "stand in the shoes of NLG."**

This Court summarily denied the Amended Petition for Writ of Mandamus
on November 6, 2019. The fact that this Court "overlooked or misapprehended the
facts in its decision" is evident from its order on October 21, 2019, directing
petitioner to file a response indicating the significance, if any, of the respondents'
filing of an order from the U.S. District Court denying the appeal of the
Bankruptcy Judgment from November 1, 2017.[2] Because the Amended Petition

---

[2] Respondents' Reply to this simple directive was seen as an opportunity to re-argue the merits of
this appeal and misrepresent again what the Bankruptcy Judgment did. See Reply, page 2,
stating: "The substitution was appropriate because in the Final Judgment, the Bankruptcy Court

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 6

was not seeking to challenge the Bankruptcy Judgment, the dismissal order was
irrelevant to the entitlement to fees this Court had determined in 2016. That fee
was not based on the mortgage, which was invalidated by the Bankruptcy Court, or
on the Final Judgment of Foreclosure, but on this Court's two orders from 2016
awarding NLG appellate attorney's fees. The disputed fees are also not against
Hazan, as NLG recognized that her obligation to pay fees under this Court's two
orders in 2016, was discharged in the bankruptcy proceeding. NLG was only
seeking, and the trial court only determined fees against Hazan's appellate lawyer,
as Respondents admitted in footnote 1 of their Response.

On June 4, 2019, the trial court fixed the amount of fees at $7,475. That
order complied with this Court's two orders in 2016 and is not being challenged. It
should be noted, however, that although the amount is small, the July 1, 2019 order
under appeal may impact on NLG's rights to recover millions of dollars if and
when the Bankruptcy Judgment is reversed by the Eleventh Circuit.

Previously, on September 3, 2015, Selective filed with the New York
County Clerk, a Satisfaction of Judgment by Confession stating that it had received
partial payment and was declaring the entire New York Judgment by Confession

concluded that Selective stands in NLG's shoes with the [sic] respect to the rights that NLG is
seeking to enforce in this case." That is simply false. In addition, the dismissal of the appeal to
the district court has no effect, particularly when NLG has a right to appeal to the Eleventh
Circuit, a right which NLG has exercised and that appeal is pending.

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 7

satisfied in full. Respondents again misrepresent the facts as contained in the documents submitted in New York by claiming that "the New York judgment was satisfied by virtue of the judicial assignment to Selective." [See Response, p. 23]. The entire satisfaction, along with the letter from Selective's counsel, was included in Petitioner's Appendix [PA. 109-115]. It **does not state** that satisfaction was based on any judicial assignment. The facts are to the contrary as the only judicial assignment ostensibly occurred on August 20, 2014, more than a year prior to the Satisfaction. As Selective's counsel makes clear in his letter to the New York Court, the satisfaction was filed to avoid a hearing on NLG's motion to vacate as the satisfaction rendered the judgment moot [PA 109].

Clearly, the Bankruptcy Judgment did not invalidate or vacate Selective's recording with the New York Court its Satisfaction declaring the Judgment by Confession satisfied in full. The Satisfaction is relevant to this proceeding because the order under appeal in effect granted to Selective a garnishment of the fees based on a satisfied judgment, without ever having filed for such relief.

## LEGAL ARGUMENT

### The Mandamus Relief Sought

In their Response, Respondents first argue that mandamus relief is unavailable. If this Court denied the Amended Petition for Writ of Mandamus

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 8

because Petitioner requested an improper remedy, this Court is required to treat it as if the proper remedy had been sought. See Fla. R. App. P. 9.040(c). See also *Villa Lyan, Inc. v. Perez*, 159 So. 3d 940, 942 (Fla. 3d DCA 2015) ("A case should not be dismissed because an improper remedy has been sought."). Because this Court denied the petition, rather than dismissed it, presumably this Court denied the petition on the merits.

### Entitlement to a Writ of Certiorari or Appeal

If a writ of mandamus is improper, either certiorari or a direct appeal would be a proper remedy. The effect of the order was to grant to Selective the $7,475 fees that had been determined on June 4, 2019. Barring a rehearing by this Court, NLG has lost those fees. An order that determines the right to immediate possession of property is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). *Tribeca Aesthetic Med. Sols., LLC v. Edge Pilates Corp.*, 82 So. 3d 899, 901 n.1 (Fla. 4th DCA 2011). Thus, either on a writ of mandamus, certiorari, or direct appeal, under Fla. R. App. P. 9.040(c), this Court is required to treat it as if the proper remedy had been sought. Respondents have not claimed that the order under appeal was a nonfinal order.

The requirements for certiorari, however, were clearly met. In the order under appeal, NLG was substituted by Selective as the party plaintiff in its

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 9

foreclosure against Hazan. Even the style of the case was changed to name Selective as plaintiff. It is difficult to envision a more apt case for finding irreparable harm. After the July 1, 2019 order was entered, NLG had thirty days to seek relief.

As to constituting a departure from the essential requirements of law, this Court determined entitlement to appellate attorney's fees in 2016. More than three years later, the trial court determined that NLG was no longer entitled to those fees, but that they now belonged to Selective pursuant to the Bankruptcy Judgment. If the trial court were truly implementing an order from the Bankruptcy Court, a power that it is dubious to possess, supremacy clause and all, this would be a very different appellate proceeding. But in the absence of such a directive, the trial court clearly could not reverse this Court's three-year-old fee award.

### The Law of the Case

Respondents' argument on the law of the case rely entirely on the fact that the appeal was filed by Hazan, not Selective, as if that avoided the import of the doctrine. They cannot deny that Selective filed a Motion to Intervene and to Substitute Party Plaintiff on October 7, 2015 [PA 151]. They don't deny that Judge Gordo properly denied intervention and substitution in her Order Granting Foreclosure [PA 163 et seq]. It is precisely because Selective failed to appeal

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 10

Judge Gordo's order that precludes Selective from re-litigating that ruling.

Selective is bound by the decision, whether it is called law of the case, res judicata

or issue preclusion. As this Court recently stated in *City of Coral Gables v. Garcia,*

2018 Fla. App. LEXIS 14347, 43 Fla. L. Weekly D2303 (Fla. 3d DCA October 10,

2018):

> It is well-established that a non-party to a case may appeal an order
> denying its motion to intervene. *See, e.g., Bymel v. Bank of Am., N.A.*,
> 159 So. 3d 345, 345 (Fla. 3d DCA 2015); *Superior Fence & Rail of N.
> Fla. v. Lucas*, 35 So. 3d 104, 105 (Fla. 5th DCA 2010) (en banc) (per
> curiam) ("[A]n order denying a motion to intervene is appealable as a
> matter of right, by plenary appeal, because **the order constitutes a
> final determination of the proceeding as to the parties seeking to
> intervene**."); *see also Quinones v. Se. Inv. Grp. Corp.*, 138 So. 3d
> 549, 549-50 (Fla. 3d DCA 2014) ("With regard to the order denying
> Appellants' motion to intervene, **because the order constituted a
> final determination of the proceedings as to Appellants, they were
> required to seek direct review of the order** by filing a notice of
> appeal within thirty days of its rendition." (footnote omitted; emphasis
> added)).

*Id.* at *6-7.

The law of the case prevents re-litigation of all issues "necessarily ruled

upon by the court, as well as of all issues upon which appeal could have been

taken, but which were not appealed." *Generazio v. State*, 727 So. 2d 333, 334 (Fla.

4th DCA 1999). *See also Quast v. Quast*, 498 So. 2d 1307, 1308 (Fla. 4th DCA

1986) (same).

**The Satisfaction of the New York Judgment by Confession**

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 11

Respondents also misrepresented the satisfaction of the New York Judgment by Confession, stating that it was based on "the judicial assignment of all of NLG's rights against Hazan." [Response, p. 23]. This was another misleading representation to this Court. Neither the satisfaction nor the accompanying letter submitted by Selective's counsel mention any "judicial assignment." [PA 109-115]. The satisfaction merely stated that Selective had "accepted a partial payment that is hereby deemed as payment in full satisfaction of the judgment." [PA 112]. This satisfaction occurred on September 3, 2015, and resulted in the dismissal of the domestication action by Judge Lopez on October 1, 2015 [PA 150]. It was then relied upon by Judge Gordo to enter her Order Granting Foreclosure on December 1, 2015. To avoid this result, Respondents repeated their misrepresentation of the Bankruptcy Court's judgment, referring to language in PA 342, which is a quote from Judge Lopez, not the Bankruptcy judge [Response, p. 23].

Upon satisfaction, the right to continue collection efforts based on the New York Judgment by Confession was extinguished, as Judge Gordo properly concluded in her December 1, 2015 Order Granting Foreclosure. Respondents never explain how Selective can collect additional amounts (the $7475 awarded to NLG by this Court) on a satisfied judgment. Instead, they quote from the Bankruptcy Judgment that stated: "The Lopez Assignment Order also left open the

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 12

possibility of an increase in that amount, should same be proven at a further hearing." (Citing PA 348). The only proof submitted at the hearing on July 1, 2019, was the Bankruptcy Judgment. At that hearing, Selective never proved that it was entitled to collect on the satisfied judgment. And the Bankruptcy Judgment never discussed the inchoate claim for attorney's fees, entitlement to which this Court had determined more than a year earlier. This provides an additional basis for rendering the order under appeal a departure from the essential requirements of law.

Respondents also argued that the trial court was required to give the Bankruptcy Court's ruling collateral estoppel effect. This misrepresents NLG's argument, which is not challenging the Bankruptcy Judgment.[3] It is a typical "straw-man's argument."

Under both New York and Florida law, and probably every state in the country, a satisfied judgment is extinguished and ceases to exist. *See Sec. Ins. Co. v. Commercial Credit Equip. Corp.*, 471 So. 2d 1302 (Fla. 3d DCA 1985) ("the satisfaction of the judgment extinguished any remaining rights in the judgment."). *Morris N. Am., Inc. v. King*, 430 So. 2d 592, 592-93 (Fla. 4th DCA 1983) ("A

---

[3] In footnote 7, Respondents cite two cases to support the argument that Selective was not bound by any prior decision, but in neither case had the party moved to intervene and been denied. Selective has not cited a single case where a litigant has been allowed to relitigate its motion to intervene after that order became final and nonappealable.

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 13

satisfaction signifies that the litigation is over, the dispute is settled, the account is

paid."); *DaimlerChrysler Servs. N. Am. v. Granger*, 2004 NY Slip Op 24417, ¶ 1, 5

Misc. 3d 865, 866, 784 N.Y.S.2d 357, 358 (City Ct.) (held that vacating a

satisfaction "would wreak havoc on a system that third parties rely on when

extending credit and therefore public policy requires the court to uphold the

integrity and reliability of public records."). Selective has made no attempt to

vacate the 2015 satisfaction or explain why it is entitled to collect additional sums

under it.

### The Trial Court Departed from the Essential Requirements of Law in Permitting Selective to Intervene

In arguing the contrary, Respondents again repeated their misrepresentation

that the Bankruptcy Judgment determined that Selective could "stand in the shoes

of NLG" by quoting from Judge Lopez's August 20, 2014 order.

### MOTION FOR REHEARING EN BANC

NLG moves for rehearing en banc pursuant to Rule 9.331(d)(1), on the

grounds that the case and the issues are of exceptional importance and that such

consideration is necessary to maintain uniformity in this court's decisions.

By allowing the trial court to revisit the fees awarded by this Court in 2016,

the Court's decision is contrary to:

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 14

☐ *City of Coral Gables v. Garcia,* 2018 Fla. App. LEXIS 14347, 43 Fla. L. Weekly D2303 (Fla. 3d DCA October 10, 2018);

☐ *Superior Fence & Rail of N. Fla. v. Lucas,* 35 So. 3d 104, 105 (Fla. 5th DCA 2010) (en banc) (per curiam) ("[A]n order denying a motion to intervene is appealable as a matter of right, by plenary appeal, because the order constitutes a final determination of the proceeding as to the parties seeking to intervene.");

☐ *Quinones v. Se. Inv. Grp. Corp.,* 138 So. 3d 549, 549-50 (Fla. 3d DCA 2014)

If the Court denied the petition because the improper remedy was sought, the

decision is contrary to:

☐ *Villa Lyan, Inc. v. Perez,* 159 So. 3d 940, 942 (Fla. 3d DCA 2015) ("A case should not be dismissed because an improper remedy has been sought.").

By allowing Selective to enforce a satisfied judgment, the decision is contrary to

numerous cases, including:

☐ *Sec. Ins. Co. v. Commercial Credit Equip. Corp.,* 471 So. 2d 1302 (Fla. 3d DCA 1985) ("the satisfaction of the judgment extinguished any remaining rights in the judgment.").

By allowing the trial court to revisit an appellate decision, this Court's ruling is

contrary to numerous cases, including:

☐ *Curry v. State,* 16 So. 3d 933, 935 (Fla. 3d DCA 2009) ("It is well settled that a 'trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.'");

☐ *Diversified Films, Inc. v. Simon Roofing & Sheet Metal Corp.,* 118 So. 3d 240, 242 (Fla. 3d DCA 2013), holding that the law of the case doctrine only allows an appellate court the power "to reconsider and correct an

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 15

> erroneous ruling that has become the law of the case where a prior ruling
> would result in a 'manifest injustice.'" (quoting from *Fla. DOT v.
> Juliano*, 801 So. 2d 101, 105-06 (Fla. 2001) holding that the doctrine of
> the law of the case requires that questions of law actually decided on
> appeal must govern the case in the same court and the trial court, through
> all subsequent stages of the proceedings).

☐ *Challenger Inv. Grp., LC v. Jones*, 20 So. 3d 941, 943-44 (Fla. 3d DCA
2009) ("It has been said that the effect of a satisfaction [of judgment] is
to bar further enforcement of the judgment by the judgment creditor…
Having issued the satisfaction, the plaintiff-judgment creditor will not be
allowed to take steps to enforce the judgment or proceed on the
underlying debt, unless the satisfaction is set aside by a motion under rule
1.540(b) or other appropriate proceeding.").

## Statement of Counsel

As required by Rule 9.331(d)(2), undersigned counsel expresses a belief,
based on his reasoned and studied professional judgment, that the case and the
issues presented are of exceptional importance. The result in this case undermines
the finality of judicial decisions by allowing Respondents to relitigate a motion that
was denied by Judge Gordo almost four years ago. In addition, undersigned
counsel expresses a belief, based on his reasoned and studied professional
judgment, that the panel decision is contrary to the decisions of this court listed
above, and that a consideration by the full court is necessary to maintain
uniformity of decisions in this Court.

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 16

## CONCLUSION

Based on the foregoing, NLG requests that this Court grant rehearing or

rehearing en banc and issue a writ of mandamus quashing the order dated July 1,

2019, directing the trial court to abide by this Court's prior orders and quash

Selective's intervention and substitution as plaintiff in this case, as well as also

award further appellate attorney's fees requested in NLG's separately-filed motion.

Alternatively, Petitioner prays for a writ of certiorari, or a reversal on the merits of

a final, appealable order.

Respectfully submitted this 19th day of November, 2019.

JUAN RAMIREZ, JR.
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, Florida 33146
Tel: (305) 667-6609
Fax: (800) 380-4155

___*/s/ Juan Ramirez, Jr.*___
Juan Ramirez, Jr. (Fla. Bar # 201952)
jr@adrmiami.com
*Counsel Petitioner*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

sent via eFiling this 19th day of November, 2019, to Robert P. Lithman, Robert P.

Lithman, P.A. at rpl@lithmanlaw.com and David Langley at dave@flalawyer.com

Motion for Rehearing
NLG, LLC v. Hazan et al
Page 17

_____*/s/ Juan Ramirez, Jr.*_____
Juan Ramirez, Jr.

Made in USA

## EXHIBIT F

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

THIRD DISTRICT

JANUARY 29, 2020

NLG, LLC,
Appellant(s)/Petitioner(s),
vs.
ELIZABETH HAZAN, et al.,
Appellee(s)/Respondent(s),

CASE NO.:   3D19-1311

L.T. NO.:   11-42770

Upon consideration, Petitioner's Motion for Rehearing and Motion for

a Written Opinion are hereby denied.

SALTER, LOGUE and LINDSEY, JJ., concur.

Petitioner's Motion for Rehearing En Banc is denied.  EMAS, C.J.,

and SALTER, FERNANDEZ, LOGUE, SCALES, LINDSEY, HENDON,

MILLER and LOBREE, JJ., concur.

GORDO, J., recused.

A True Copy
ATTEST
CLERK
DISTRICT COURT OF APPEAL
THIRD DISTRICT

cc:      Daniel A. Bushell           David W. Langley        Juan Ramirez, Jr.
         Ray Garcia                  Robert P. Lithman       Stuart J. Zoberg
         Hon. Jacqueline Hogan Scola

## EXHIBIT G

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### Case Number: 22-22781-CIV-MARTINEZ

CHRIS KOSACHUK,

     Appellant,

vs.

LIZA HAZAN, a/k/a ELIZABETH HAZAN,

     Appellee.

_____/

### ORDER DISMISSING BANKRUPTCY APPEAL

     **THIS CAUSE** came before the Court *sua sponte*. Appellant Chris Kosachuk appeals the

bankruptcy court's order denying his motion to recuse Bankruptcy Judge A. Jay Cristol from the

Chapter 11 voluntary proceedings in Case Number 16-10389 in the Southern District of Florida.

(*See* ECF No. BK-ECF No. 1276).[1] As explained below, the Court dismisses this appeal based on

Appellant's lack of standing.

     The Court will not belabor over the facts here. Appellant is a frequent filer who has

repeatedly, and over the course of several years, attempted to insert himself in the bankruptcy

proceedings involving Ms. Hazan. Those attempts have been repeatedly denied. Ultimately,

sanctions were entered against Mr. Kosachuk for his violation of numerous orders entered by Judge

Cristol. (ECF No. BK-1341 at 2; *see also* ECF No. BK-1349). Before that sanctions order,

however, Judge Cristol denied Mr. Kosachuk's motion to recuse, finding it "frivolous." (ECF No.

BK-1276 at 3). Judge Cristol's order denying recusal stated that prior to the filing of the

---

[1]    The Court will cite to docket entries filed in the bankruptcy proceedings with the notation
"BK-ECF No." and will cite to docket entries in this case with the notation "ECF No."

1

bankruptcy proceedings, he had "never been aware of or heard of the existence of Chris Kosachuk, or the Debtor for that matter." (*Id.* at 2). Further, Judge Cristol noted that he "had no knowledge of Mr. Kosachuk's animus toward the Debtor and only learned of his apparent vendetta in this case in connection with the Debtor's stripping of a lien in this bankruptcy, a well as other legal activity in other judicial forums." (*Id.*).

Clearly, Mr. Kosachuk is unhappy with the how the bankruptcy proceedings have progressed. But that is neither here nor there—the Court will not reach the merits of Mr. Kosachuk's appeal in this case because he lacks standing. Standing to appeal a bankruptcy court order is limited "to those individuals who have a financial stake in the order being appealed." *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332, 1335 (11th Cir. 2002). Under this principle— "the person-aggrieved doctrine"—a person is considered to have a financial stake in a bankruptcy-court order "when that order 'diminishes their property, increases their burdens or impairs their rights.'" *Id.* (citation omitted).

Mr. Kosachuk is not a creditor in the bankruptcy case, and he does not identify any tangible stake he has in the outcome or administration of the bankruptcy case. His dissatisfaction with the process does not, by itself, confer standing. More specifically, the bankruptcy court's denial of a meritless motion to recuse has no direct impact on Mr. Kosachuk—even though he was the movant. Mr. Kosachuk attempts to manufacture standing by claiming that the denial of the motion to recuse is "fairly traceable" to the sanction order. The Court does not agree. The "person aggrieved doctrine restricts standing more than Article III standing, as it allows a person to appeal only when they are *directly and adversely affected pecuniarily* by the order." *Id.* (emphasis added). Mr. Kosachuk fails to show how Judge Cristol's failure to recuse in Ms. Hazan's bankruptcy case, in which Mr. Kosachuk himself is not a creditor, had any direct or adverse impact on him

pecuniarily. "Allowing appeals from parties who have suffered only an indirect harm or who hold interests outside the scope of the Bankruptcy Code," like Kosachuk, "would defeat the very purpose underlying [the Eleventh Circuit's] person aggrieved standard." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1326 (11th Cir. 2014). Indeed, the Honorable Robert N. Scola has just recently dismissed an appeal from the bankruptcy proceedings due to Kosachuk's lack of standing. *See Kosachuk v. Hazan*, Case No. 22-cv-21485-RNA (ECF No. 21) (S.D. Fla. Oct. 10, 2022).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that this appeal is **DISMISSED** *sua sponte* for lack of standing. *See In re Vick*, 233 F. App'x 897, 899 (11th Cir. 2007) (affirming *sua sponte* dismissal of bankruptcy appeal for lack of standing). All pending motions are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 31st day of January, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

3

Made in USA

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 30, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-13667-HH
Case Style: Chris Kosachuk v. Liza Hazan
District Court Docket No: 1:22-cv-22071-RNS
Secondary Case Number: 16-bk-10389-AJC

The enclosed copy of the Clerk's Order of Dismissal for failure to prosecute in the above-referenced appeal is issued as the mandate of this court. *See* 11th Cir. R. 41-4. Pursuant to 11th Cir. R. 42-2(c) and 42-3(c), when an appellant fails to timely file or correct a brief or appendix, the appeal shall be treated as dismissed on the first business day following the due date. This appeal was treated as dismissed on 01/11/2023.

Eleventh Circuit Rules 42-2(e) and 42-3(e) govern motions to set aside dismissal and remedy the default. Such motions must be filed within 14 days of the date the clerk issues the Order of Dismissal. Except as otherwise provided by FRAP 25(a) for inmate filings, a motion to set aside dismissal and remedy the default is not timely unless the clerk receives the motion within the time fixed for filing. *See* FRAP 25(a)(2)(A)(i).

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 22-13667-HH

_____

In Re: LIZA HAZAN,
a.k.a. Elizabeth Hazan,

Debtor.

_____

CHRIS KOSACHUK,

Plaintiff - Appellant,

versus

LIZA HAZAN,
a.k.a. Elizabeth Hazan,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ORDER: Pursuant to the 11th Cir. R. 42-2(c), this appeal is hereby DISMISSED for want of
prosecution because the appellant Chris Kosachuk has failed to file an appellant's brief within
the time fixed by the rules, effective January 30, 2023.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION

Made in USA

## EXHIBIT I

### UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 30, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 22-13600-HH
Case Style: Chris Kosachuk v. Liza Hazan
District Court Docket No: 1:22-cv-22351-RNS

The enclosed copy of the Clerk's Order of Dismissal for failure to prosecute in the above-referenced appeal is issued as the mandate of this court. *See* 11th Cir. R. 41-4. Pursuant to 11th Cir. R. 42-2(c) and 42-3(c), when an appellant fails to timely file or correct a brief or appendix, the appeal shall be treated as dismissed on the first business day following the due date. This appeal was treated as dismissed on 01/19/2023.

Eleventh Circuit Rules 42-2(e) and 42-3(e) govern motions to set aside dismissal and remedy the default. Such motions must be filed within 14 days of the date the clerk issues the Order of Dismissal. Except as otherwise provided by FRAP 25(a) for inmate filings, a motion to set aside dismissal and remedy the default is not timely unless the clerk receives the motion within the time fixed for filing. *See* FRAP 25(a)(2)(A)(i).

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 22-13600-HH

_____

In Re: LIZA HAZAN,

Debtor.

_____

CHRIS KOSACHUK,

Plaintiff - Appellant,

versus

LIZA HAZAN,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ORDER: Pursuant to the 11th Cir. R. 42-2(c), this appeal is hereby DISMISSED for want of prosecution because the appellant Chris Kosachuk has failed to file an appellant's brief within the time fixed by the rules, effective January 30, 2023.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION

Made in USA

**EXHIBIT J**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 22, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-13665-J
Case Style:  Chris Kosachuk v. Liza Hazan
District Court Docket No:  1:22-cv-21485-RNS
Secondary Case Number:  16-bk-10389-AJC

The enclosed copy of the Clerk's Order of Dismissal for failure to prosecute in the above referenced appeal is issued as the mandate of this court. See 11th Cir. R. 41-4.

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C Burney-Smith, J
Phone #: (404) 335-6135

Enclosure(s)

DIS-2 Letter and Entry of Dismissal

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 22-13665-J
_____

In Re: LIZA HAZAN,
a.k.a. Elizabeth Hazan,

                              Debtor.

_____

CHRIS KOSACHUK,

                              Plaintiff - Appellant,

versus

LIZA HAZAN,
a.k.a. Elizabeth Hazan,

                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the appellant Chris Kosachuk failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in district court within the time fixed by the rules.

Effective December 22, 2022.

                    DAVID J. SMITH
              Clerk of Court of the United States Court
                of Appeals for the Eleventh Circuit

                              FOR THE COURT - BY DIRECTION