IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NLG, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 21-11269 (JKS)<br><br>Related D.I. 124 |

## ORDER DENYING ABANDONMENT

Upon consideration of Chris Kosachuk's *Expedited Motion to Abandon Pursuant to Section 554(b)* (the "Abandonment Motion") (D.I. 124) seeking entry of an order directing the estate's abandonment of the "Hazan Claims;"[1] and the Court having considered the response of Liza Hazan to the Abandonment Motion (D.I. 132); and the Court having jurisdiction to consider the Abandonment Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Abandonment Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Abandonment Motion having been provided; and it appearing that no other or further notice need be provided; and a hearing having been held on January 31, 2023 to consider the relief requested in the Abandonment Motion; and upon consideration of the record and proceeding before the Court and after due deliberation, and sufficient cause appearing therefor; it is hereby

---

[1] The Hazan Claims include "the Final Judgment of Foreclosure and all pending litigation in all jurisdictions involving Elizabeth Hazan a/k/a/ Liza Hazan, Seal Neil Meehan, Selective Advisor Group, LLC f/k/a Selective Advisors Group LLC ("Selective") and 9197-5094 Quebec, Inc. ("Quebec"). The Hazan Claims also include unfiled claims and causes of action against Elizabeth Hazan a/k/a Liza Hazan, Sean Neil Meehan, Selective and Quebec and any related parties or attorneys or law firms who have represented formally or informally any of the aforementioned parties both pre-petition and post-petition." D.I. 124 at ¶ 21.

**FOUND AND DETERMINED:**

A.  The Trustee is an independent fiduciary to the estate.[2] The Trustee's powers and duties include pursuing the estate's causes of action.[3]

B.  The Trustee investigated NLG, LLC's ("NLG") claims against third parties and determined that NLG does not have any claims and there are no assets of this estate.[4]

C.  On December 19, 2022, after due inquiry, having discovered no assets, the Trustee marked NLG's case a "no asset" case. D.I. 120 (Notice of Change from Asset to No Asset Case). On the same date, the Trustee also filed the Chapter 7 Trustee's Report of No Distribution (the "Trustee's Final Report") stating that he "made a diligent inquiry into the financial affairs of the [debtor] and the location of the property belonging to the estate; and that there is no property available for distribution." D.I. 122.

D.  No objections were filed to the Trustee's Final Report in accordance with Fed. R. Bankr. P. 5009(a). Accordingly, there is a presumption that the estate is fully administered, and NLG has no assets (or claims) to "abandon."

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  The Abandonment Motion is **DENIED as moot.**

---

[2] On January 7, 2022, the Court entered an Order for Relief in an Involuntary Case, therein granting an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor. D.I. 7. On the same day, the United States Trustee appointed the Alfred T. Giuliano as the interim Chapter 7 trustee (the "Trustee"), which appointment remains in effect. D.I. 8.

[3] *Kind Operations, Inc. v. Cadence Bank, N.A. (In re PA Co-Man, Inc.)*, 644 B.R. 553, 570 (Bankr. W.D. Pa. 2022).

[4] D.I. 141 (Tr. of Hr'g Jan. 31, 2023, 53:20-55:5).

2.  The Bankruptcy Court retains jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Order Denying Abandonment.

Dated: February 16, 2023

J. Kate Stickles
United States Bankruptcy Judge