## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NLG, LLC, | Case No. 21-11269 (JKS) |
| Debtor. | |
| ALFRED T. GIULIANO, the Chapter 7 Trustee for the estate of NLG, LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 22-50086 (JKS) |
| SELECTIVE ADVISORS GROUP, LLC, | Related Adv. D.I. 60, 61, and 62 |
| Defendant. | |

## ORDER DISMISSING ADVERSARY PROCEEDING

Upon consideration of the *Certification of Counsel Regarding Competing Forms of Order Dismissing Adversary Proceeding* (Adv. D.I. 60) (the "Certification of Counsel"), filed by counsel for Plaintiff Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the estate of NLG, LLC (the "Debtor" or "NLG") and Defendant Selective Advisors Group, LLC ("Selective"); and Chris Kosachuk's Objection to Certification of Counsel and Proposed Order of Dismissal and Motion for Leave to Intervene and Substitute as Plaintiff for NLG, LLC (Adv. D.I. 61) ("Kosachuk Response"); and Juan Ramirez's Objection to Certification of Counsel and Proposed Orders of Dismissal (Adv. D.I. 62); and the Court having jurisdiction over this matter; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having heard argument from the parties regarding the dismissal of the adversary proceeding; and upon

consideration of the record and proceedings before the Court and after due deliberation, and

sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED THAT:**

A.      On January 7, 2022, the Court entered an Order for Relief in an Involuntary Case,

therein granting an order for relief under chapter 7 of the Bankruptcy Code against the Debtor.

D.I. 7.

B.      On the same day, the United States Trustee appointed the Trustee, which

appointment remains in effect.  D.I. 8.  The Trustee is an independent fiduciary to the estate.

The Trustee's powers and duties include pursuing the estate's causes of action, including the

Adversary Proceeding, as defined below.[1]

C.      The instant action was commenced on April 10, 2018, by NLG against Selective

in the United States District Court for the Southern District of Florida.  *See* Adv. D.I. 2.  On

January 18, 2022, the Florida District Court entered an Order transferring the action to the

United States District Court for the District of Delaware, which then transferred the action to the

Bankruptcy Court (the "Adversary Proceeding").  Adv. D.I. 1.

D.      On September 30, 2022, the Trustee filed the Motion for an Order Approving

Agreement by and Among the Chapter 7 Trustee and Liza Hazan (the "Settlement Motion").

Adv. D.I. 32.

---

[1] *Kind Operations, Inc. v. Cadence Bank, N.A. (In re PA Co-Man, Inc.)*, 644 B.R. 553, 570 (Bankr. W.D. Pa. 2022).

E.      The Settlement Motion sought approval of an agreement between the Trustee and

Hazan that settled the Adversary Proceeding and included releases of Hazan, Sean Neil Meehan,

Selective, Raymond Houle, and 9197-5904 Quebec, Inc.[2]

F.      A hearing was held on the Settlement Motion on October 25, 2022, and the Court

took the Settlement Motion under advisement.

G.      While the Settlement Motion was under advisement, Sean Neil Meehan, AAM,

and Selective objected to the Settlement Motion; and Liza Hazan filed a rescission of settlement

and objected to the Settlement Motion.  Adv. D.I. 41 and 42, respectively.

H.      On November 18, 2022, the Court issued an Order to Show Cause why, among

other things, the Settlement Motion should not be dismissed as moot, and why the chapter 7

bankruptcy case should not be dismissed.  Adv. D.I. 44.

I.      On December 14, 2022, the Trustee filed a notice of withdrawal of the Settlement

Motion.  Adv. D.I. 51.

J.      On December 16, 2022, the Court held a status conference to consider the parties'

arguments submitted in response to the Order to Show Cause.  Adv. D.I. 57.  At the status

conference, both the Trustee and Selective agreed that the Adversary Proceeding should be

dismissed.

K.      Both Kosachuk and Ramirez appeared at the status conference and opposed

dismissal of the Adversary Proceeding.  Adv. D.I. 58.

---

[2] At the January 31, 2023 hearing on the competing forms of dismissal order in the Certification of Counsel,
counsel for Selective, 9197-5904 Quebec, Inc. ("Quebec"), and America Asset Management, LLC ("AAM")
explained that Hazan was married to Mr. Meehan, who is a principal of Selective, Quebec, and AAM.  Adv. D.I.
141 (Tr. of Hr'g Jan. 31, 2023, 16:9-10 and 16:16-21).  Neither Kosachuk nor Ramirez were among the proposed
released parties in the settlement agreement.

L.      Neither Kosachuk nor Ramirez are parties to the Adversary Proceeding.

M.      On December 19, 2022, the Court entered an Order directing the parties to confer on a stipulation of dismissal and to submit either consensual or competing proposed orders dismissing the Adversary Proceeding.  Adv. D.I. 59.

N.      Although the parties in the Adversary Proceeding agree that this Adversary Proceeding should be dismissed, the parties disagreed whether the Adversary Proceeding should be dismissed with or without prejudice.  *See* Adv. D.I. 60.

O.      On January 31, 2023, the Court held a hearing on dismissal of the Adversary Proceeding and the competing proposed dismissal orders, at which time Selective reconsidered and consented to dismissal of the adversary, *without* prejudice.

**ORDERED, ADJUDGED AND DECREED:**

1.      The Adversary Proceeding shall be **DISMISSED, without prejudice**.

2.      Without limiting the foregoing, and for the purpose of clarity, neither the Trustee, on behalf of the Debtor, nor Selective, are waiving and will not be deemed to have waived any available rights, claims, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Adversary Proceeding, all of which are expressly preserved.

3.      Kosachuk's Motion to Intervene and Substitute as Plaintiff, in the Kosachuk Response, is **DENIED as moot**.

4.      The Bankruptcy Court retains jurisdiction with respect to any disputes arising

from or other actions to interpret, administer, or enforce the terms and provisions of this Order

Dismissing Adversary Proceeding.


Dated: February 16, 2023

J. Kate Stickles
United States Bankruptcy Judge