UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

FILED
2023 MAR -2 PM 4:11

In re:                                                Case No. 21-11269-JKS

NLG, LLC,
a Delaware LLC                                        Chapter 7
Debtor

_____/

**MOTION FOR REHEARING, RECONSIDERATION AND RELIEF FROM**
**OPINION AND ORDER DENYING MOTION TO CONVERT [D.I. 143 & 144]**

Chris Kosachuk ("Kosachuk" or "Movant"), *pro se,* files this Motion for Rehearing, Reconsideration and Relief From Opinion [D.I. 143] and Order Denying Motion to Convert [D.I. 144] (the "Denial Order") pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rules 59 and 60 of the Federal Rules of Civil Procedure ("FRCP"). Movant respectfully states:

Movant adopts and incorporates by reference the Motions for Rehearing filed on March 2, 2023 in the related adversary proceedings, case numbers 22-ap-50086-JKS and 22-ap-50421-JKS, as if fully rewritten herein.

The Court denied the Motion to Convert by determining that NLG has no assets and is thus ineligible for Chapter 11. The Court correctly identified the Debtor's schedule but somehow missed the $5,000,225.00 scheduled on page 4 of D.I. 24. Thus, on February 24, 2022, when the Trustee filed this schedule, he believed that the debtor had at least $5,000,225.00 in assets. While Movant believes that amount is closer to $10 million, the lower amount is sufficient to pay all creditors in full as well as the administrative claim if the court were to award the full amount of the administrative claim. As such it is clear that the debtor is eligible for Chapter 11.

Additionally, Movant already offered to pay the proof of claim creditors the amount that they would have received from the $225,000 settlement if they want to be paid immediately as

Motion for Relief from Opinion & Order Dismissing Adversary Proceeding
Case No. 21-bk-11269-JKS
Page 2 of 3

opposed to in full through the plan. Movant still stands by this offer. In the event that NLG needs a cash injection in order to proceed, Movant has procured a cash injection as well.

While the Court concluded that the debtor has no operating business, unfortunately the debtor's business has become litigation which is secured by the Fisher Island Property which Ms. Hazan last had on the market for $21,800,000. While this Court summarily concluded that Movant and NLG have been unsuccessful in the litigation surrounding the sham Judgment by Confession, the Court ignored the New York State Court Order which struck the sham New York Judgment by Confession *nunc pro tunc* to date of entry of February 22, 2012. Attached hereto as Exhibit 1 is that Order. Unfortunately, this Order is tied up in the appellate process in New York State Court. Thankfully, the plaintiff in the New York action is a creditor of NLG, Juan Ramirez, who has already agreed to prosecute the matter all the way to the Supreme Court of the United States if necessary because the Judgment by Confession is void on its face as a matter of law for the reasons stated in the Order.

**WHEREFORE**, for the reasons set forth above, Movant respectfully requests that the Court grant the Motion for Relief Opinion and Order Denying Motion to Convert, convert this case to a voluntary chapter 11 and grant such other and further relief as is equitable and just.

Respectfully submitted,

Chris Kosachuk
*Pro Se Movant/Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March 2023, a true and correct copy of the foregoing was hand delivered to the Court, which record on the docket and will electronically serve a copy of the foregoing document on all parties of record.

Chris Kosachuk
*Pro Se Movant/Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Served via CM/ECF**
All parties of record

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. ANDREW BORROK | PART | IAS MOTION 53EFM |
|---|---|---|---|
| | Justice | | |

-----------------------------------------------------------------X

RAMIREZ, JR., JUAN

                Petitioner,

- v -

SELECTIVE ADVISORS GROUP, LLC

                Respondent.

-----------------------------------------------------------------X

| INDEX NO. | 654670/2020 |
|---|---|
| MOTION DATE | 11/09/2020 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 22 were read on this motion to/for       JUDGMENT - DEFAULT      .

Juan Ramirez, Jr. (the **Petitioner**) filed this petition on September 23, 2020 pursuant to CPLR §§ 3001, 3218, and 5015 to declare void, vacate, set aside and/or strike a certain judgment by confession *nunc pro tunc* to date of entry recorded on February 22, 2012 in the action captioned, *9197-5904 Quebec, Inc. v. NLG, LLC*, Index No. 2012- 101875 (NYSCEF Doc. No. 1). Selective Advisors Group, LLC (the **Respondent**) was served with the petition on September 25, 2020 (NYSCEF Doc. No. 17). The Respondent did not respond.

The Petitioner subsequently filed the instant motion for default judgment on November 5, 2020 and served the Respondent on November 9, 2020 (NYSCEF Doc. No. 22). The Respondent did not respond. Accordingly, the Petitioner's motion for a default judgment is granted as unopposed.

654670/2020   RAMIREZ, JR., JUAN vs. SELECTIVE ADVISORS GROUP, LLC
Motion No. 002

Page 1 of 2

1 of 2

Accordingly, it is

ORDERED that the Petitioner's motion for default judgment is granted as unopposed; and it is further

ADJUDGED and DECLARED that the Judgment by Confession for $5,000,225.00 in the case captioned as 9197-5904 Quebec, Inc. v. NLG, LLC entered under Index No. 101875-2012 in the Supreme Court of New York, New York County on February 22, 2012, and assigned to Selective Advisors Group, LLC on June 17, 2014 is *void ab initio* and hereby vacated, set aside and stricken from the public records, *nunc pro tunc* to date of entry as it was entered without jurisdiction, without service of process, without any due process, and collusive as the affidavit confessing the judgment was signed by the President of the Plaintiff corporation; and it is further

ORDERED that Clerk of the Supreme Court of New York for New York County is hereby ordered to vacate, strike and set aside from the public records the Judgment by Confession in the case captioned as 9197-5904 Quebec, Inc. v. NLG, LLC, and assigned to Selective Advisors Group, LLC on June 17, 2014, *nunc pro tunc* to date of entry to February 22, 2012 entered under Index No. 101875-2012 in the Supreme Court of New York, New York County.

| 2/11/2021 | | ANDREW BORROK, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

654670/2020   RAMIREZ, JR., JUAN vs. SELECTIVE ADVISORS GROUP, LLC    Page 2 of 2
Motion No. 002

2 of 2