# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NLG, LLC,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 21-11269 (JKS)<br>(Involuntary) |
| NLG, LLC,<br><br>                      Plaintiff,<br>v.<br><br>Selective Advisors Group LLC,<br><br>                      Defendant. | Adv. No. 22-50086 (JKS)<br><br>**Re: Adv. D.I. 69, 70 &71** |

## FORMER DEFENDANT'S OPPOSITION TO JOINT MOTION
## FOR REHEARING, RECONSIDERATION AND RELIEF
## FROM ORDER DISMISSING ADVERSARY PROCEEDING

Selective Advisors Group LLC ("Selective"), the former defendant in the captioned adversary proceeding, by and through its undersigned counsel, files its opposition to the Motion (the "Motion" or "Mot.") by non-parties Juan Ramirez, Jr. ("Ramirez') and Chris Kosachuk ("Kosachuk" and, together with Ramirez, the "Movants") Joint Motion for Rehearing, Reconsideration and Relief From Order Dismissing Adversary Proceeding (the "Order to Dismiss") pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure and Rules 59 and 60 of the Federal Rules of Civil Procedure. In support hereof, Selective respectfully states:[1]

---

[1] Unless otherwise defined herein, the defined terms herein have the meanings ascribed to them in the Motion for the convenience of the Court, but nothing herein is intended to or should be ascribed to Selective in any way agreeing to or admitting that the defined terms have any evidentiary value or that Movants have met their burden.

**RELEVANT FACTUAL BACKGROUND**

1. The factual background leading up to the dismissal of the captioned adversary proceeding is well-documented and was considered by the Court in connection with numerous pleadings and at hearings the Court held in connection therewith. Because of the Court's familiarity with the record, the facts will not be recited herein, but, for the purpose to preserve Selective's rights for appeal, Selective hereby incorporates by reference all pleadings filed in in this adversary proceeding and related litigation at Case No. 21-11269, Adv. Proc. Nos. 21-51264 and 22-50421, both JKS, filed in this Court, as well as all discovery taken in connection with the foregoing.

2. On December 19, 2022, the Court entered an Order ordering the parties the Trustee and Selective to confer on a stipulation to dismiss the adversary action and submit such stipulation and proposed order under Certification of Counsel as soon as practicable. If the parties cannot agree as to a form of stipulation, the parties shall submit competing forms of order to dismiss the adversary action under Certification of Counsel. *See* D.I. 59.

3. Neither Ramirez nor Kosachuk are parties to the captioned adversary proceeding.

4. Nevertheless, on January 13, 2023, both filed so-called objections to the certification of counsel submitting competing forms of order dismissing the proceeding. See Adv. D.I. 61 and 62. Both essentially argued that, if the Trustee chose to not further prosecute the proceeding, they would. Ramirez "s[ought] an order in the NLG v. Selective adversary sustaining his objection because it may adversely affect him and his pending challenge to void the Judgment by Confession." D.I. 62 at ¶ 11. Kosachuk simply sought to intervene to take over for the Trustee to further press challenges to the Judgment by Confession." Significantly, neither Ramirez nor Kosachuk took issue with, or even addressed, the proposed forms of order dismissing the adversary

proceeding.

5.  On January 31, 2023, the Court held a status conference in this matter, which Ramirez and Kosachuk both attended.

6.  The Court entered the Order to Dismiss on February 16, 2023.

7.  The Motion was filed on March 2, 2023. In the Motion, Ramirez and Kosachuk, raise arguments for the first time that they could have argued to the Court both in their objections and at the status conference, but failed to do so.

## APPLICABLE LEGAL STANDARD

8.  The Motion states it was brought pursuant to Bankruptcy Rules 9023 and 9024 and Fed. R. Civ. P. 59 and 60 for "rehearing, reconsideration and relief" from the Denial Order. The purpose of a motion to reconsider pursuant to Rule 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Under Rule 59, Kosachuk must show (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court denied the Motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013).

9.  Bankruptcy Rule 9024, which incorporates Fed. R. Civ. P. 60(b), provides six enumerated bases for relief from any order of the Court:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b);[2] *see also Dominion Dev. Grp., LLC v. Beyerlein*, 2019 U.S. App. LEXIS 15610, at *2 n.13 (3d Cir. May 24, 2019).

> ***A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court*** *guided by accepted legal principles applied in light of all relevant circumstances. When considering a Rule 60(b)(6) motion, a court must use a flexible, multifactor approach that takes into account all the particulars of a movant's case.* ***Granting such a motion, however, is warranted only in the extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur. A Rule 60(b) motion is not an opportunity to reargue issues that the court has already considered and decided.***

*Pavulak v. U.S.*, No. 14-290-LPS, 2021 U.S. Dist. LEXIS 41267, at *5 (D. Del. Mar. 4, 2021) (internal citations and quotations omitted) (*emphasis* added) (denying motion for reconsideration of mandatory life sentence); *see U.S. v. Sawyers*, 2019 U.S. Dist. LEXIS 205473, at *6 (M.D. Pa. Nov. 25, 2019) ("[R]econsideration is an extraordinary remedy, and should be granted sparingly.") (internal quotation omitted).

10. Both under Rule 59 and Rule 60, it is the Movant's burden to establish the need for relief from the Denial Order. *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006); *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996).

11. Finally, a "rehearing is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, this Court should not entertain arguments raised for the first time in a petition for rehearing." *Genrette v. Bank of N.Y. MellonTrust Co., N.A.* (*In re Genrette*), No. 18-

---

[2] Fed. R. Civ. P. 60(a) provides a mechanism for relief from clerical mistakes. The Motion does not assert that any clerical mistakes were made; subjection (a) of Rule 60 thus is inapplicable here.

920 (MN), 2019 U.S. Dist. LEXIS 166154, at *23-24 (D. Del. Sep. 27, 2019). "[R]econsideration motions may not be used to raise new arguments or present new evidence that could have been raised prior to entry of [the order]." *U.S. v. Sawyers*, 2019 U.S. Dist. LEXIS 205473, at *6 (M.D. Pa. Nov. 25, 2019) (internal citation and quotation omitted).

## ARGUMENT

12.  As an initial matter, neither Ramirez nor Kosachuk are parties to this action; thus they lack standing to contest the dismissal to which the Trustee and Selective, the only parties to this action, agreed. Further, all the foregoing arguments, to the extent they were not raised in connection with the Order to Dismiss, have been waived.

13.  As to reconsideration of the Order to Dismiss, Movants neither have articulated a valid basis nor met their burden. "Not all motions bearing the label reconsideration can be treated the same. It is incumbent upon litigants and courts to identify the proper basis for a motion that seeks 'reconsideration.' The appropriate basis will depend on upon a number of factors such as the relief sought, the nature of the order being reconsidered, the court in which the motion was filed." *S.P. Richards Co. v. Arora*, 2019 Bankr. LEXIS 2769, at *5 (Bankr. D.N.J. Aug. 29, 2019). Here, the Motion fails to identify a proper basis for reconsidering the Order to Dismiss and should be denied for this reason alone.

14.  Movants appear to challenge the Order to Dismiss on five grounds: (1) the dismissal without prejudice did not preserve all rights and claims as the Order to Dismiss States because it runs afoul NY CPLR 205(a), Mot. at 2; (2) Kosachuk's motion to intervene was not moot because Ramirez offered to prosecute the adversary for free, *id*. at 5-6; (3) the Court incorrectly concluded

that Kosachuk is in privity with NLG, such that *Rooker-Feldman* prohibits challenges to a New York State Court Judgment by Confession, *id*. at 6; (4) the Court misread the Second Circuit opinion, *id*.; and (5) the Court cited to a non-existent "Ex. A", *id*. at 7.

15. It is far from clear, because the Motion does not say, how any of the foregoing qualifies as grounds for reconsideration or a rehearing. What is clear, because numerous state and federal courts, including this Court, have held as much, is that the Judgment by Confession is final and unappealable. Additionally, contrary to what Movants want this Court to believe, NLG never appealed the Cote decision.[3] This should dispose of items (3)-(5). Regarding item (2): It is hard to see how not permitting Ramirez to prosecute an action for free that the Trustee said would amount to a Rule 11 violation is worthy of reconsideration. Regarding item (1): While the undersigned admittedly has not entirely understood Movants' argument, NY CPLR 205(a) existed at the time Movants lodged their objections and attended the status conference. Hence, Movants could have raised it, and no intervening change in law has occurred. Reconsideration based on count one thus equally is not warranted.

---

[3] Therefore, the Cote decision is final and non-appealable as to NLG. Kosachuk appealed the Cote decision and lost. The Court also correctly stated that "On January 7, 2020, the New York Supreme Court, Judge Shlomo Hagler entered an order denying NLG's vacatur of the Quebec Judgment, adopting in full the Cote September 30, 2019, Opinion." Kosachuk appealed and lost. The New York Supreme Court, Appellate Division, First Department dismissed Kosachuk's appeal of Judge Hagler's decision dated January 7, 2020, adopting Judge Cote's decision in full.

## **CONCLUSION**

**WHEREFORE**, Selective respectfully requests that the Court deny the Motion and grant it such other and further relief as is equitable and proper.

Dated:   March 17, 2023    **KLEIN LLC**
           Wilmington, Delaware

*/s/ Julia Klein*
Julia B. Klein (#5198)
225 West 14th Street, Suite 100
Wilmington, DE 19801
Tel.: (302) 438-0456
klein@kleinllc.com

*Counsel for Selective*